# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br>　　*Plaintiff*,<br><br>v.<br><br>NEIL M. BROZEN, ROBERT PETERSON, JR., VASILIA PETERSON, PAUL GENERALE, MIKE PAXTON, NICK BOURAS, and STERLING INVESTMENT PARTNERS III, L.P.,<br>　　*Defendants*. | Civil Action No. 4:19-cv-705<br>Judge Mazzant |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion to Transfer Venue to the Northern District of Texas Pursuant to a Valid Forum Selection Clause (Dkt. #27). After consideration, the Court is of the opinion that the motion should be **GRANTED**.

## BACKGROUND

### I.   Factual Summary

This is a putative class action brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Specifically, this action was filed by two participants of the RVNB Holdings, Inc. Employee Stock Ownership Plan ("the Plan"), on behalf of the Plan and its vested participants as of June 29, 2017, "against various alleged Plan fiduciaries and one non-fiduciary for alleged violations of ERISA arising from the redemption of RVNB Holdings. Inc. [("RVNB")] stock held by the Plan" (Dkt. #27, p. 2).

For purposes of the present motion, the specific facts of the Plan and how it operates are not important. To make a long story short, Plaintiffs allege essentially that Defendants terminated the Plan in 2017 and caused the Plan to sell its shares of RVNB for less than fair market value, thereby causing Plaintiffs, who were vested in shares of RVNB, to suffer losses. Plaintiffs bring this action to recover those losses.

There are, however, two important provisions of the Plan that are relevant to this dispute. First, the Plan gives RVNB the right to "amend the Plan at any time" and "terminate the Plan at any time" (Dkt. #27-2, Sections 14-1, 14-2). Moreover, the Plan was amended on May 18, 2018 to provide the following, effective January 1, 2018:

> If a Claimant wishes to pursue any Covered Claim, that Claimant shall comply with the Arbitration Procedure, set forth in Section A-2 of the Plan, and shall not file any such claim in a state or federal court. To the extent, however, any Claimant fails or refuses to comply with the Arbitration Procedure, wishes to challenge the legal enforceability of the Arbitration Procedure, or to the extent the Arbitration Procedure is invalidated, such action or challenge shall be filed exclusively in the United States District Court for the Northern District of Texas.

(Dkt. #27-1, Section A-6).

## II. Procedural History

On March 18, 2020, Defendants filed a motion to transfer venue (Dkt. #27). Plaintiffs failed to respond to Defendants' motion. Accordingly, on April 9, 2020, the Court ordered Plaintiffs to respond to Defendants' motion by no later than April 16, 2020 or notify the Court that they did not oppose the motion (Dkt. #35). On April 16, 2020, Plaintiffs filed a response (Dkt. #37). On April 21, 2020, Defendants filed a reply (Dkt. #38). On April 28, 2020, Plaintiffs filed a sur-reply (Dkt. #42).

**LEGAL STANDARD**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 313 (5th Cir. 2008).

For the ordinary Section 1404(a) motion, the Court makes a threshold inquiry into "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction. *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the 'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974)).

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Volkswagen II*, 545 F.3d at 315 (citations omitted). These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Vivint La., LLC v. City of*

*Shreveport*, CIV.A. 14-00617-BAJ, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015) (quoting *Volkswagen I*, 371 F.3d at 203).

For motions to transfer venue pursuant to a forum selection clause, however, the analysis changes. In that case, the Court first determines whether the forum selection clause is mandatory or permissive. *Weber v. PACT XPP Tech., AG*, 811 F.3d 758, 770–71 (5th Cir. 2016). The Court then decides whether the forum selection clause applies to the dispute at hand, which involves two separate determinations: (1) whether the forum selection clause is valid and enforceable, and (2) whether the particular case falls within the scope of the forum selection clause. *Id.* at 770.

Forum selection clauses are presumptively valid and should be enforced "unless [the party opposing enforcement] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co. ("The Bremen")*, 407 U.S. 1, 15 (1972); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) (noting that forum selection clauses are presumptively valid even absent arm's-length bargaining); *Haynsworth v. The Corp.*, 121 F.3d 956, 962–63 (5th Cir. 1997). A forum selection clause may be unreasonable under the following circumstances:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) (quoting *Haynsworth*, 121 F.3d at 963). The party resisting enforcement of a forum selection clause bears a "heavy burden of proof." *Haynsworth*, 121 F.3d at 962–63.

If the forum selection clause is valid and enforceable, district courts are required "to adjust their usual § 1404(a) analysis in three ways." *Atl. Marine Const. Co. v. U.S. Dist. Court for W.*

4

*Dist. of Texas*, 571 U.S. 49, 63 (2013). First, the plaintiff's choice of forum carries no weight. *Id.* Second, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. Thus, the court may consider arguments only about public interest factors. *Id.* Because the public interest factors will rarely defeat a motion to transfer, "forum-selection clauses should control except in unusual cases." *Id.* Third, the transferee venue—that is, the preselected forum—will not carry with it the original venue's choice of law rules. *Id.*

## ANALYSIS

Defendants move the Court to transfer the present action to the United States District Court for the Northern District of Texas, Dallas Division pursuant to a forum selection clause (Dkt. #27, p. 2). The parties do not dispute whether the forum selection clause is mandatory, nor do they dispute whether the present case falls within the scope of the forum selection clause. Rather, the parties' dispute centers around whether the forum selection clause is valid and enforceable.

**I.    The Forum Selection Clause is Enforceable**

The Court's analysis begins with the presumption that the forum selection clause here is valid and enforceable. *See The Bremen*, 407 U.S. at 15. Thus, the burden is on Plaintiffs to show that enforcement of the forum selection clause "would be unreasonable and unjust, or that the clause [is] invalid for reasons such as fraud or overreaching." *Id.*

Plaintiffs argue that the forum selection clause is invalid and unenforceable because (1) it contravenes the public policy of ERISA and (2) its incorporation into the Plan was the product of overreaching in that Plaintiffs did not negotiate for, assent to, or receive consideration for the

5

amendment adding the clause to the Plan (Dkt. #37, pp. 6–13). The Court will address (2) here and will address (1) in Section II, *infra*.

Plaintiffs' argument that the amendment adding the forum selection clause to the Plan constituted overreaching fails as a matter of law. Plaintiffs' position is that they did not assent to the amendment, negotiate for its inclusion into the Plan, or receive consideration for it. They complain that the Plan "had no venue clause from its adoption in 2012 to its termination in 2017" and thus that the amendment was a "radical change" to the Plan that "stole their venue-selection rights" (Dkt. #37, pp. 10–11).

Not only do Plaintiffs fail to acknowledge that the Plan allows RVNB to amend or terminate it at any time, but as a general rule, ERISA plan administrators, including employers or other plan sponsors, have the right at any time to freely adopt, modify, or terminate pension benefit plans. *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996); *see also Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995). Moreover, "the Supreme Court has recognized the enforceability of forum selection clauses even when those clauses were not the product of an arms-length transaction." *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014) (citing *Carnival Cruise Lines*, 499 U.S. at 592–95). RVNB was therefore free to amend or modify the Plan at any time, and it was not obligated to seek Plaintiffs' assent, negotiate with Plaintiffs, or furnish Plaintiffs consideration for the same.

Plaintiffs have thus failed to carry their heavy burden to overcome the presumption that the forum selection clause is valid and enforceable. Accordingly, the Court concludes that the forum selection clause is enforceable and controlling unless ERISA invalidates it. The Court turns to that question next.

## II. ERISA Does Not Invalidate the Forum Selection Clause

The Fifth Circuit has not addressed the question whether ERISA invalidates forum selection clauses. In fact, this is an issue few circuits have weighed in on; only the Sixth Circuit and the Seventh Circuit have addressed the question squarely.[1] Thus, the Court will consider the text of ERISA's venue provision, and particularly the Sixth Circuit's and Seventh Circuit's interpretation of that provision, for guidance.

ERISA's venue provision provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). Plaintiffs argue that this is a *mandatory* venue provision. They reason that "Congress gave plaintiff-participants the right to choose from the three venues listed in ERISA," and thus venue is proper in, and only in, the three venues provided by the statute (Dkt. #37, p. 6). Plaintiffs claim that ERISA's venue provision grants plaintiff-participants a substantive right to access federal courts in the particular venues listed and that forum selection clauses narrowing those options or selecting a venue other than one of the three listed in the statute interfere with that substantive right. The Court disagrees.

In the first place, the plain text of the statute suggests otherwise. *See King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) ("If the statutory language is plain, we must enforce it according to its terms."). The statute provides the judicial districts in which "an action under this

---

[1] Defendants represent that the Eighth Circuit has also weighed in on this issue. In 2016, the Eastern District of Missouri decided a case involving this issue, adopting the Sixth Circuit's view and reasoning in *Smith*, discussed *supra*. The plaintiff then filed a petition for a writ of mandamus in the Eighth Circuit, which was summarily denied in a one-line opinion in 2016. The Eighth Circuit later denied plaintiff's petition for rehearing en banc. Thus, the Eighth Circuit has not issued a formal decision on the matter in the same way that the Sixth and Seventh Circuits have. Accordingly, the Court will discuss only the Sixth Circuit's and Seventh Circuit's opinions on this matter.

7

subchapter . . . *may* be brought." 29 U.S.C. § 1132(e)(2) (emphasis added). It does not *require* that the action be brought in one of the forums listed. Indeed, a plain reading of the statute's text suggests that ERISA's venue provision is permissive, not mandatory. And the Sixth and Seventh Circuits have interpreted the statute in like manner.

The first federal appellate court to address this issue was the Sixth Circuit in *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922 (6th Cir. 2014). There, the plaintiff-beneficiary brought an ERISA action against a pension plan, which contained a forum selection clause requiring that any suit be brought in federal court in Cedar Rapids, Iowa. *Id.* at 925. The plaintiff-beneficiary instead sued in Kentucky[2] and, when the court dismissed the case due to the presence of the forum selection clause, appealed. *Id.* at 926.

The Sixth Circuit examined the question whether ERISA precludes forum selection clauses and held that ERISA's venue provision does not invalidate forum selection clauses contracted for by the parties. *Id.* The Sixth Circuit began its analysis by stating that forum selection clauses selecting federal court venues do not compromise ERISA's policy of providing plan participants with "ready access to the Federal courts." *Id.* at 931 (citing 29 U.S.C. § 1001(b)). Then, the Sixth Circuit described other ERISA policy goals that forum selection clauses advance. For instance, the Sixth Circuit explained, forum selection clauses channel litigation arising out of an ERISA plan to one federal court, promoting uniformity in decisions interpreting those plans and helping provide low-cost administration of those plans to reduce costs to employees. *Id.* at 931–32.

Moreover, the Sixth Circuit considered the statutory text and interpreted ERISA's venue provision as permissive, not mandatory. It held that, in the case where a forum selection clause

---

[2] The plaintiff-beneficiary exhausted his administrative remedies under the plan at issue and, when his appeal was denied, sued in state court in Kentucky. *Smith*, 769 F.3d at 926. The defendant then removed the action to the U.S. District Court for the Western District of Kentucky and subsequently filed the motion to dismiss that became the subject of the appeal. *Id.*

8

selects one of the ERISA-designated venues, ERISA's venue provision and the forum selection clause "do[] not conflict." *Id.* at 932. But the Sixth Circuit did not stop there; it went on to say that "*even if* the venue selection clause laid venue *outside* of the three options provided by § 1132, the venue selection clause would still control." *Id.* (emphasis added). The Sixth Circuit reasoned as follows: mandatory arbitration clauses in ERISA plans, which are "in effect, a specialized kind of forum-selection clause," are considered valid. *Id.* at 932 (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974)). It would therefore be "illogical to say that, under ERISA, a plan may preclude venue in federal court entirely, but a plan may not channel venue to one particular federal court." *Id.* Thus, the Sixth Circuit concluded that ERISA does not invalidate forum selection clauses.

In 2017, the Seventh Circuit became only the second federal appellate court to examine the issue at length, and it reached the same conclusion as the Sixth Circuit. *In re Mathias*, 867 F.3d 727 (7th Cir. 2017). In *Mathias*, the Seventh Circuit examined the enforceability of a forum selection clause in an ERISA plan directing litigation to the Central District of Illinois. *Id.* at 729.

Following the Sixth Circuit's reasoning in *Smith*, the Seventh Circuit held that ERISA's venue provision does not invalidate forum selection clauses in ERISA plans. *Id.* at 733–34. Interpreting the text of ERISA's venue provision, 29 U.S.C. § 1132(e)(2), the Seventh Circuit agreed with the Sixth Circuit's textual analysis that the language of ERISA's venue provision is "entirely permissive" and does not "preclude[] the parties from contractually narrowing the options to one of the venues listed in the statute." *Id.* at 732. Unlike the Sixth Circuit, the Seventh Circuit did not weigh in on the enforceability of forum selection clauses in ERISA plans that direct litigation to a venue *outside* of the menu of options provided by Section 1132. *See id.* at 730–34. It did, however, agree with the Sixth Circuit that forum selection clauses in ERISA plans generally

9

are consistent with, and help advance, the policy goals underlying ERISA. *Id.* at 732. In particular, the Seventh Circuit concluded that agreements to direct litigation to a specific federal court (1) preserve the statutory goal of providing ready access to federal court and (2) "promote[] uniformity in decisions interpreting the plan, thus reducing the administrative costs for plan sponsors and beneficiaries alike." *Id.* (citing *Smith*, 769 F.3d at 931–32).

Beyond the Sixth and Seventh Circuits, numerous district courts across the country have weighed in on this issue. While some have held that ERISA invalidates forum selection clauses, the majority have held that forum selection clauses in ERISA plans are valid and enforceable.[3] Against this legal backdrop, the Court turns now to the present case.

Under ERISA's venue provision, this case "may" have been brought in the district (1) where the Plan was administered, (2) where the breach took place, or (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). There appears to be no dispute about where the Plan was administered: Plaintiffs claim it was administered in Carrolton, Texas—which is in the Eastern

---

[3] *Davidson v. Ascension Health Long Term Disability Plan*, No. 6:16-cv-00193-RP-JCM, 2017 WL 8640929, at *6 & nn.3–4 (W.D. Tex. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 8682108 (W.D. Tex. March 20, 2017) (citing *Feather v. SSM Health Care*, No. 16-CV-393-NJR-SCW, 2016 WL 6235772, at *4 (S.D. Ill. Oct. 25, 2016); *Mroch v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 14–CV–4087, 2014 WL 7005003, at *3 (N.D. Ill. Dec. 10, 2014); *Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1193 (M.D. Fla. 2014); *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guar. Plan*, 2 F. Supp. 3d 928 (W.D. La. 2014); *Grayden v. Texas Windstorm Ins. Ass'n*, No. A-13-CV-184-LY, 2013 WL 12077505, at *2–3 (W.D. Tex. June 24, 2013); *Price v. PBG Hourly Pension Plan*, No. 12–15028, 2013 WL 1563573, at *2 (E.D. Mich. Apr. 15, 2013); *Marin v. Xerox Corp.*, 935 F. Supp. 2d 943, 946–47 (N.D. Cal. 2013); *Scaglione v. Pepsi–Cola Metropolitan Botteling Co. Inc.*, 884 F. Supp. 2d 642 (N.D. Ohio 2012); *Drapeau v. Airpax Holdings, Inc. Severance Plan*, No. CIV. 11–64 DWF/JSM, 2011 WL 3477082, at *3 (D. Minn. Aug. 9, 2011); *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Employee Ben. Plan*, No. CV–09–2123–PHX–GMS, 2010 WL 481420, at *1 (D. Ariz. Feb. 8, 2010); *Testa v. Becker*, No. CV10638GHKFMOX, 2010 WL 1644883, at *5 (C.D. Cal. Apr. 22, 2010); *Williams v. CIGNA Corp.*, No. 5:10–CV–00155, 2010 WL 5147257, at *4 (W.D. Ky. Dec. 13, 2010); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 861 (N.D. Cal. 2010); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1023 (C.D. Cal. 2008); *Sneed v. Wellmark Blue Cross & Blue Shield of Iowa*, No. 1:07CV292, 2008 WL 1929985, at *2 (E.D. Tenn. Apr. 30, 2008); *Klotz v. Xerox Corp.*, 519 F. Supp 2d 430, 435–436 (S.D. N.Y. 2007); *Rogal v. Skilstaf, Inc.*, 446 F. Supp. 2d 334, 338 (E.D. Pa. 2006); *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1007 (D. Minn. 2006)). *But see Dumont v. PepsiCo, Inc.*, No. 1:15–CV–369–NT, 2016 WL 3620736, at *10 (D. Me. June 29, 2016); *see also Coleman v. Supervalu, Inc. Short Term Disability Program*, 920 F. Supp. 2d 901 (N.D. Ill. 2013); *Nicolas v. MCI Health and Welfare Plan*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006).

District—and Defendants do not suggest otherwise.[4] Thus, this action "may" have been brought in the Eastern District of Texas. With respect to the alleged breach, neither Plaintiffs nor Defendants provide sufficient information in their respective motions about where it may have occurred for the Court to determine where venue would be proper for purposes of this factor. Finally, Defendant Robert Peterson resides in the Northern District of Texas. The parties appear to agree on this. Accordingly, the Northern District of Texas is a proper venue under ERISA's venue provision.[5]

The forum selection clause at issue here directs litigation to the United States District Court for the Northern District of Texas—one of the ERISA-designated venues.[6] Following the rulings in *Smith* and *Mathias*, as well as the decisions in the majority of district courts across the country, the Court is of the opinion that ERISA does not invalidate this forum selection clause. Thus, the forum selection clause is valid and enforceable. This means that the private interest factors all favor the Northern District of Texas and the case should be transferred there unless this is the "unusual" case in which the public interest factors carry the day and weigh heavily against transfer.

---

[4] Defendants' motion indicates the Plan was "executed" in the Northern District of Texas, but they do not make any claim about where the Plan was "administered" or contest Plaintiffs' point that the Plan was administered in Carrolton, Texas.

[5] The Court will note that, in their sur-reply, Plaintiffs claim that venue is nevertheless improper in the Northern District of Texas on the ground that it is uncertain when Mr. Peterson moved to Dallas, Texas, and whether that occurred "before Plaintiffs' claims accrued with the Plan's forced sale of RVNB in mid-2017" (Dkt. #37). Plaintiffs' argument is an interesting one. First and foremost, Plaintiffs do not support their argument with any law suggesting that the time for deciding venue is the time when a plaintiff's claims accrue. But, to the extent that were the rule, then Defendant Paul Generale's residence in the Northern District of Texas at the time "Plaintiffs' claims accrued" would make venue proper in the Northern District. Conveniently, however, Plaintiffs dropped Mr. Generale from the case shortly after Defendants filed the present motion to transfer venue. The Court is not persuaded by this maneuver. Whether based on Mr. Peterson's or Mr. Generale's residence, there was at least one Defendant residing in the Northern District of Texas at a time relevant to determining venue. Thus, venue is proper in the Northern District of Texas.

[6] It is also worth noting that *even if* the Plan had a forum selection clause directing litigation to a venue outside of the menu of options provided by Section 1132, there is persuasive reasoning in the Sixth Circuit's decision in *Smith* suggesting that such a forum selection clause would still not be in conflict with ERISA's venue provision. Thus, the Court's holding in this case does not live and die entirely by the fact that the Northern District is an ERISA-designated venue here.

11

*Atlantic Marine*, 571 U.S. at 64.  As the Court will discuss next, this case does not present that unusual circumstance.

### III. The Public Interest Factors Do Not Weigh Against Transfer

The public interest factors are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Volkswagen II*, 545 F.3d at 315 (citations omitted).  As discussed previously, the public interest factors will "rarely defeat a transfer motion," meaning that forum selection clauses should control except in unusual cases.  *Atlantic Marine*, 571 U.S. at 64.

First, it does not appear to the Court that there are any administrative difficulties flowing from court congestion that favor one district over the other.  Different interpretations of the statistics can produce different conclusions about the relative workloads of each judicial district, but the bottom line is that neither district is so much more or less congested than the other so as to make either district a preferable venue for resolving this case.  There is much more that affects court congestion than simply the number of pending cases per judge, as Plaintiffs suggest.  Without more, the Court cannot conclude that either judicial district experiences more administrative difficulties flowing from court congestion than the other.  This factor is neutral.

Second, the local interests in this case are close.  While the Plan may have been administered in the Eastern District of Texas, giving it a local interest in this dispute, it was executed in the Northern District of Texas and at least one Defendant and many Plan participants reside in the Northern District of Texas.  Thus, while the Eastern District certainly has a local interest here, both judicial districts appear to have at least some localized interest in resolution of

this dispute. Because neither party has provided any further persuasive evidence on this point, the Court finds that this factor either weighs slightly against transfer or is neutral.

Third, there is no indication that the Eastern District of Texas is any more familiar with the law that will govern the case than the Northern District of Texas. Plaintiffs point out that a Magistrate Judge in the Eastern District has already handled some disputes that are related to, albeit separate from, the dispute in the present case. But a familiarity with certain facts related to the present dispute does not make the Eastern District of Texas more familiar with the *law* that will govern the case—ERISA. Indeed, there is no reason to believe that either judicial district is any more or less familiar with ERISA than the other. Accordingly, this factor is neutral.

Finally, there are no conflict of law issues or problems that may arise from the application of foreign law. There is no meaningful dispute as to this factor, and the Court considers it neutral.

Accordingly, because the Court finds that there is a valid and enforceable forum selection clause that is not invalidated by ERISA and that the public interest factors do not weigh against transfer, the Court is of the opinion that the forum selection clause should be enforced and the case transferred to the United States District Court for the Northern District of Texas.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue to the Northern District of Texas Pursuant to a Valid Forum Selection Clause (Dkt. #27) is **GRANTED**. This civil action is hereby transferred to the United States District Court for the Northern District of Texas, Dallas Division.

13

**IT IS SO ORDERED.**

**SIGNED this 6th day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE