IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>NEIL M. BROZEN, ROBERT PETERSON, JR., VASILIA PETERSON, MIKE PAXTON, NICK BOURAS, STERLING INVESTMENT PARTNERS III, L.P., NICOLE PETERSON 2012 IRREVOCABLE TRUST, and BROOKE PETERSON 2012 IRREVOCABLE TRUST,<br><br>               Defendants. | Case No. 3:20-cv-01358-E |

**PLAINTIFFS' SIXTH NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER SUPPORT OF THEIR OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION**

      Plaintiffs Jason Coleman and Jessica Casey ("Plaintiffs"), on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan (the "Plan"), file this sixth notice of supplemental authority related to *Defendants' Motion to Compel Individual Arbitration* (ECF No. 66).

      Plaintiffs briefed their opposition to the pending motion to compel arbitration on July 13, 2020, and filed subsequent notices of supplemental authority. (ECF Nos. 70, 74, 78, 83, 89, 93). On November 2, 2021, a decision issued that further supports the opposition, showing that this Court should deny the motion because the arbitration clause's remedy provision precluding relief for the Plan as a whole is void as a prospective waiver of ERISA statutory rights and remedies allowing Plan-wide relief, and the arbitration clause cannot be saved by severing the invalid

1

remedy provision due to a non-severability clause in the Plan. *See* Exhibit 1, *Cedeno v. Argent Trust Co.*, No. 20-cv-9987, 2021 WL 5087898 (S.D.N.Y. Nov. 2, 2021).

Citing Supreme Court decisions in *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 236 (2013), and *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985), the *Cedeno* court explained: "The Supreme Court has stated that prospective waivers of statutory rights are impermissible." 2021 WL 5087898, at *5. A provision in the employee stock ownership plan (ESOP) at issue that precluded an individual participant from seeking plan-wide relief was invalid because it sought to waive prospectively the statutory remedies in ERISA § 409(a) that a plan participant is entitled to seek under ERISA § 502(a)(2). 2021 WL 5087898, at *5; 29 U.S.C. §§ 1109(a), 1132(a)(2). The court held that "there is in fact a clear statutory right for a participant to seek Plan-wide relief under §§ 409(a) and 502(a)(2), and there is no conflict with the FAA [Federal Arbitration Act] because there is no provision of the FAA that prevents a participant from seeking such remedies." 2021 WL 5087898, at *6.

*Cedeno* notably rejects the misinterpretation of *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008), that Defendants here advance (ECF No. 94 at 4-5) in defiance of the plain meaning of *LaRue*, of Justice Thomas's concurrence, and of decisions of courts of appeals, including the Fifth Circuit, as Plaintiffs explained previously (ECF No. 93 at 4 n.2). Citing Justice Thomas's concurring opinion, the court held "ERISA provides for restitution of the entire loss (or disgorgement of the entire gain) to the plan." *Cedeno*, 2021 WL 5087898, at *3. It was "an incorrect reading of *LaRue*" to "argue that *LaRue* stands for the proposition that an individual participant in a defined contribution plan can seek relief only for that individual's personal losses, to that person's individual account." *Id.*

Thus, the opinion in *Cedeno v. Argent Trust Co.*, No. 20-cv-9987, 2021 WL 5087898 (S.D.N.Y. Nov. 2, 2021), further shows—along with the wave of other recent decisions cited in Plaintiffs' previous notices of supplemental authority—that this Court should deny *Defendants' Motion to Compel Individual Arbitration*.

Dated: November 8, 2021  Respectfully submitted,

By: */s/ Thomas R. Ajamie*
Thomas R. Ajamie
Texas Bar No. 00952400
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
**AJAMIE LLP**
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Tel: (713) 860-1600
Fax: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

J. Douglas Uloth
Texas Bar No. 20273700
Of Counsel
**AJAMIE LLP**
5080 Spectrum Drive, Suite 1000 East
Addison, TX 75001-4648
Tel: (469) 791-0411
Fax: (888) 780-5946
douguloth@ulothlaw.com

Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
James Kauffman (*pro hac vice*)
Alexandra Langley Serber (*pro hac vice*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson St., NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103

>gporter@baileyglasser.com
>rjenny@baileyglasser.com
>jkauffman@baileyglasser.com
>aserber@baileyglasser.com
>
>*Attorneys for Plaintiffs Jason Coleman & Jessica Casey*

## CERTIFICATE OF SERVICE

I certify that on November 8, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

>*/s/ Thomas R. Ajamie*
>  Thomas R. Ajamie

# Exhibit 1

2021 WL 5087898
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

RAMON DEJESUS CEDENO, individually and on behalf of a class of all other persons similarly situated, Plaintiffs,
v.
ARGENT TRUST COMPANY et al., Defendants.

20-cv-9987 (JGK)
|
Filed 11/02/2021

**MEMORANDUM OPINION AND ORDER**

John G. Koeltl United States District Judge

 *1  The plaintiff, Ramon Dejesus Cedeno, brought this putative class action alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA") by the defendants: Argent Trust Co., Ryan Sasson, Daniel Blumkin, Ian Behar, Duke Enterprises LLC, Twist Financial LC, Blaise Investments LLC, and Strategic Financial Solutions, LLC. Compl., ECF No. 17. The plaintiff sought to represent a class of the participants in his retirement plan. The defendants moved to compel individual arbitration and to stay the case. ECF No. 59. However, the arbitration agreement at issue precluded participants in the retirement plan at issue, which is governed by ERISA, from seeking relief for the plan as a whole, a form of relief that is otherwise provided for by ERISA. Because this provision is invalid and is not severable from the arbitration provision in the plan, the motion to compel arbitration is **denied.**

**I.**

"In deciding motions to compel, courts apply a standard similar to that applicable for a motion for summary judgment." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016). [1] Thus, a court should "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." Id. The Court must draw all reasonable inferences against the moving party.

Id. In this case, there has been no discovery, and there is no dispute as to the following facts.

[1] For clarity, unless otherwise specified, this Memorandum Opinion and Order refers directly to sections of ERISA and the FAA, rather than to provisions of the United States Code, and uses the section symbol (§) to do so. It uses the word "section" to refer to sections of the Plan Document. Unless otherwise noted, in quotations from cases, this Memorandum Opinion and Order omits all alterations, brackets, citations, emphases, and internal quotation marks.

The plaintiff is an employee of Strategic Financial Solutions, LLC. Compl. ¶ 18. He is a participant in its strategic employee stock ownership plan (the "Plan"), id., a type of retirement plan covered by ERISA, see § 407(d)(6). The Plan is a defined contribution plan which means that participants have individual accounts within the Plan from which their retirement benefits will be paid. Compl. ¶ 42.

In his complaint, the plaintiff alleges that the defendants breached their fiduciary duties under ERISA, thereby causing the Plan to suffer losses. Compl. ¶ 13. The complaint alleges that the defendant Argent Trust Co caused the Plan to buy shares of Strategic Family, Inc. for more than fair market value, thereby damaging the Plan and its participants, including the plaintiff. The complaint seeks to order each defendant to make good to the Plan the losses resulting from the breaches of ERISA and restore to the Plan any profits that the defendants made through use of the assets of the Plan. The complaint also seeks certain declaratory relief.

 *2  ERISA § 409(a) provides that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or

> remedial relief as the court may deem appropriate, including removal of such fiduciary.

ERISA § 502(a)(2) provides that "[a] civil action may be brought ... by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under [§ 409]."

The Plan, adopted in 2017, Compl. ¶ 18, is governed by an instrument called the Plan Document. Williams Decl. Ex. A, ECF No. 61-1. Section 17.10 of the Plan Document, entitled "Mandatory and Binding Arbitration," sets forth a procedure for resolving disputes, namely, the Arbitration Procedure, and includes three sections that are relevant to deciding this motion.

Section 17.10(b) provides that participants commit to "settl[ing] by binding arbitration" any claims arising out of the Plan, for breaches of the Plan, or for violations of ERISA. Section 17.10(g) provides that:

> If a ... Claim is brought under ERISA section 502(a) (2) to seek relief under ERISA section 409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's Accounts resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely for the benefit of the Claimant's Accounts, or (iii) such other remedial or equitable relief as the arbitrator deems proper, <u>so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Employee, Participant or Beneficiary other than the Claimant</u>.

(emphasis added). The effect of section 17.10(g) is to limit an arbitration to providing a remedy solely with respect to a participant's individual account and to prevent the arbitrator from awarding any relief for the benefit of the Plan that goes beyond a benefit for the individual participant's account.

Section 17.10(h) in turn provides that:

> [Section] 17.10(g) shall ... be a material and non-several term of the Arbitration Procedure. If an arbitrator(s) or a court of competent jurisdiction finds these requirements to be unenforceable or invalid, then the entire Arbitration Procedure shall be rendered null and void in all respects. Except as to the applicability and enforceability of the requirements of Section[ ] ... 17.10(g), the arbitrator(s) shall have exclusive authority to resolve any dispute or issue of arbitrability with respect to the Arbitration Procedure, including as to the jurisdiction of the arbitrator(s) or relating to the existence, scope, validity enforceability or performance of the Arbitration Procedure or any of its provisions. Any dispute or issue as to the applicability or validity of the requirements of Section[ ] ... 17.10(g) shall be determined solely by [a court.]

**\*3** The defendants now move to compel arbitration pursuant to section 17.10. In response, the plaintiff argues that section 17.10(g) is void, and that because it is not severable from section 17.10, the entire Arbitration Procedure must fail, and the motion to compel arbitration must be denied. The defendants do not dispute that section 17.10(h) renders section 17.10(g) inseverable from the arbitration requirement in the Plan, and indeed that is the best reading of that provision.

The parties also appear to agree that the Court, not the arbitrator, should decide the issue of the "applicability and enforceability" of section 17.10(g). The Plan Document expressly provides that the applicability and enforceability of section 17.10(g) is beyond the scope of the arbitration. Plan Document section 17.10(h). Thus, the Plan Document requires the Court to decide the enforceability of the clauses.

## II.

The defendants argue that a participant in a defined contribution plan does not have the statutory right to seek plan-wide relief and is limited to relief for that participant's individual account. That argument is contrary to the text of ERISA as well as to well-established precedent.

ERISA § 409(a) provides that a fiduciary who breaches fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." In other words, ERISA provides for restitution of the entire loss (or disgorgement of the entire gain) to the plan. See also LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 261 (2008) (Thomas, J., concurring in the judgment).

ERISA § 502(a)(2) in turn provides that "[a] civil action may be brought ... by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under [§ 409]." The "appropriate relief under [§ 409]" includes restitution of the entirety of the loss to the plan. Thus, under the plain text of ERISA, a participant has the right to bring a civil action to obtain restitution of the entire loss to the plan.

That interpretation is confirmed by the structure of § 502(a). ERISA § 502(a)(1) authorizes suits by a "participant or beneficiary" for individual relief including to recover benefits due to the participant or beneficiary under the terms of the plan. ERISA § 502(a)(2) by contrast authorizes suits by "the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief" under § 409. And reparation of losses to the plan was a core concern of the draftsmen of § 409. LaRue, 552 U.S. at 254; Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985).

The defendants rely on the Supreme Court's decisions in Russell and LaRue to argue that the plaintiff cannot obtain Plan-wide relief. In particular, they argue that LaRue stands for the proposition that an individual participant in a defined contribution plan can seek relief only for that individual's personal losses, to that person's individual account. That is an incorrect reading of LaRue.

Russell involved a defined benefit plan, meaning that it had no individual accounts, and paid a fixed benefit. See LaRue, 552 U.S. at 255. The plaintiff was temporarily denied benefits under her plan. Russell, 473 U.S. at 136. Suing under § 502(a)(2), the plaintiff sought consequential damages that had arisen from the delay in paying her benefits. LaRue, 552 U.S. at 250. The Court denied her claim. Russell, 473 U.S. at 148. The Court first emphasized that, under § 409(a), "the potential personal liability of the fiduciary is ... 'to the plan.' " Id. at 140. The Court noted that the "draftsmen [of ERISA] were primarily concerned with the possible misuse of plan assets, and with the remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." Id. at 142. And it concluded that "Congress did not intend that section to authorize any relief except for the plan itself." Id. at 144. Because the plaintiff's relief would accrue only to her, without any benefit to the plan, the Court found that she lacked a cause of action under § 502(a)(2). Id.

**\*4** In LaRue, the plaintiff, a participant in a defined contribution plan, alleged that certain acts by the plan fiduciary had specifically depleted the plaintiff's own account within the plan. LaRue, 552 U.S. at 250-51.

Unlike in Russell, the Court found that the plaintiff did have a cause of action under § 502(a)(2):

> [A]lthough § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account.

Id. at 256. LaRue reiterated the foundations of Russell: the language of § 409(a) emphasizes relief to the plan, and the legislative purpose was to prevent "misuse and mismanagement of plan assets by plan administrators." Id. at 254 (quoting Russell, 473 U.S. at 140, 142). And the Court stressed that it drew no distinction between breaches that "diminishe[d] plan assets payable to all participants and beneficiaries, or only to persons tied to particular individual accounts." Id. at 256. Far from constraining relief under § 409(a) in a defined contribution plan, LaRue makes clear that relief is available wherever it would advance the protection of the entire plan.[2]

| 2 | The defendants point to Justice Stevens's statement in LaRue that "the 'entire plan' language from Russell which appears nowhere in § 409 or § 502(a)(2) does not apply to defined contribution plans." LaRue, 552 U.S. at 256. However, that statement was made in the context of a paragraph that made it clear that fiduciaries had liability for losses in an individual account in a defined contribution plan. It did not imply that a participant who suffered losses in an account in a defined contribution plan could not seek plan-wide relief for the breach of fiduciary duties that brought about the loss to the individual account. |

Consistent with this interpretation, courts, including the Court of Appeals for the Second Circuit, have granted plan-wide relief in the context of defined contribution plans such as the one at issue in this case. See, e.g., Browe v. CTC Corp., No. 19-677-cv, 2021 WL 4449878, at *14 (2d Cir. Sept. 29, 2021); Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A., 919 F.3d 763, 781 (4th Cir. 2019), as amended (Mar. 22, 2019); Perez v. Bruister, 823 F.3d 250, 258 (5th Cir. 2016).

In short, the defendants' contention that ERISA does not confer a right to a plan-wide remedy for a participant in a defined contribution plan who claims that fiduciaries breached their duties to the plan is without merit. [3]

| 3 | The Court of Appeals for the Second Circuit has made it clear that a plan participant in a defined contribution plan who seeks to recover benefits for the plan must proceed in a representative capacity on behalf of the plan. See Coan v. Kaufmann, 457 F.3d 250, 261 (2d Cir. 2006). The plaintiff has done so here by bringing a purported class action. |

### III.

Despite the ERISA-conferred right to a plan-wide remedy, section 17.10(g) provides that the plaintiff cannot recover losses to the entire Plan. Section 17.10(g) purports to limit the available remedies that ERISA explicitly provides. This provision is invalid and unenforceable because it purports to limit the available remedies that ERISA explicitly provides.

 *5 The Supreme Court has stated that prospective waivers of statutory rights are impermissible. See, e.g., Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 236 (2013) (expressing a "willingness to invalidate ... prospective waiver[s] of a party's right to pursue statutory remedies"); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 n.19 (1985). The comments in Italian Colors and Mitsubishi were dicta because in neither case was the Court faced with a contractual provision that explicitly prevented the pursuit of a statutory remedy. The Supreme Court has, however, invalidated contractual provisions that purported to waive statutory rights. See, e.g., Alexander v. Gardner-Denver Co., 415 U.S. 36, 51 (1974) (holding that Title VII rights may not be prospectively waived). [4]

| 4 | The plaintiffs also rely on Cooper v. Ruane Cunniff & Goldfarb Inc., 990 F.3d 173 (2d Cir. 2021). In Cooper, the Court of Appeals for the Second Circuit pointed out that, under Coan v. Kaufman, 457 F.3d 250 (2d Cir. 2006), a claim for recovery for a plan under ERISA §§ 502(a)(2) and 409(a) must be brought in a representative capacity. Cooper, 990 F.3d at 184. Because the agreement in that case prevented such collective actions, the agreement made it impossible to pursue remedies provided for by the statute. Id. The Court of Appeals found that arbitration should not be required. Id. at 185. However, this was an alternative holding, because the Court had already found that the agreement to arbitrate did not cover the dispute at issue. Id. |

The Court of Appeals for the Seventh Circuit has explicitly held that a plaintiff's right to a plan-wide remedy under ERISA §§ 409(a) and 502(a)(2) cannot be prospectively waived. See Smith v. Bd. of Dirs. of Triad Manufs., Inc., 13 F.4th 613, 621 (7th Cir. 2021). That decision is persuasive. [5] Therefore, the provision in section 17.10(g) of the Plan that precludes an individual participant from seeking Plan-wide relief is invalid because it seeks to waive prospectively the statutory remedies in ERISA § 409(a) that a Plan participant is entitled to seek under ERISA § 502(a)(2).

| 5 | In Dorman v. Charles Schwab Corp., 780 F. App'x 510 (9th Cir. 2019), the Court of Appeals for the Ninth Circuit held that a waiver of class arbitration was valid because LaRue "recognized that [§ 502(a)(2)] claims are inherently individualized when brought in the context of a defined contribution plan." Id. at 514. The Court of Appeals for the Seventh Circuit in Smith did not find |

this language controlling. Smith, 13 F.4th at 623. Smith is more persuasive than Dorman. Simply because a participant in a defined contribution plan may only be able to recover the losses in that participant's individual account does not mean that the participant cannot seek recovery for the total losses to be reimbursed to the plan as a whole, and there is nothing in LaRue that would prevent such recovery.

### IV.

There is nothing in the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., ("FAA") that suggests a different result. In Epic Systems Corp. v. Lewis, 138 S. Ct. 1612 (2018), the Supreme Court explained that courts should attempt to reconcile provisions of the FAA with any apparently conflicting statutes. Id. at 1619. Epic involved arbitration clauses that included waivers of the right to proceed collectively in certain arbitrations, which the employees argued conflicted with the collective activities protected by the National Labor Relations Act ("NLRA"). Id. at 1619-20. The Supreme Court noted that Congress "specifically directed [courts] to respect and enforce the parties' chosen arbitration procedures." Id. at 1621 (citing FAA §§ 3-4). Indeed, FAA § 4 specifically protects the "manner" of arbitration described in an arbitration agreement. Because collective proceedings are a "manner" of arbitration, the waiver of class or collective actions in an arbitration is a provision pertaining to the manner of arbitration, and to fail to enforce that waiver provision would be to disregard the FAA. Id. A very compelling reason was needed to disregard a statute. Id. at 1624. An Irreconcilable conflict with another statute might have provided such a reason, but faced with a potential conflict, the Court had a "duty" to "strive 'to give effect to both' " statutes. Id. at 1619, 1624 (citing Morton v. Mancari, 417 U.S. 535, 551 (1974)). Because the NLRA was susceptible to an interpretation that it did not protect the right to proceed collectively in an arbitration, and because that interpretation would remove any conflict with the FAA, the Court was obligated to adopt that interpretation. Id. at 1619.

**\*6** In this case, there is in fact a clear statutory right for a participant to seek Plan-wide relief under §§ 409(a) and 502(a)(2), and there is no conflict with the FAA because there is no provision of the FAA that prevents a participant from seeking such remedies.

The FAA does not protect the remedies sought in arbitration. Unlike the clause at issue in Epic, section 17.10(g) is not a clause about the "manner" of arbitration, but a clause about the remedies available to a participant in an ERISA plan. There is nothing in the FAA that directs a Court to defer to the remedies provided in an arbitration agreement. See Smith, 13 F.4th at 622-23 ("[T]he conflict in need of harmonization is not between the FAA and ERISA; it is between ERISA and the plan's arbitration provision ...."). The defect in the parties' arbitration agreement in this case is not that it does not provide for a collective or class action – an issue of the manner of arbitration protected by the FAA – but that it precludes a statutory remedy provided for by ERISA.

FAA § 2 expressly provides that an arbitration agreement is not enforceable "upon such grounds as exist at law or in equity for the revocation of any contract." A general principle of contract law is that a clause is invalid if it is contrary to law. Van Bergh v. Simons, 286 F.2d 325, 326 (2d Cir. 1961). In this case, section 17.10(g) cannot be severed from the rest of the arbitration procedure, because the parties so agreed in section 17.10(h). And section 17.10(g) is clearly contrary to law, because it attempts to limit remedies that ERISA expressly provides. As such, a general principle of contract law invalidates the arbitration provision, and the FAA authorizes the Court to refuse to enforce it.

### V.

While specific clauses of an arbitration agreement are sometimes excised to allow an arbitration to proceed, the parties in this case specifically provided that if the Court found that the elimination of a Plan-wide remedy was unlawful, then the entire arbitration provision should be stricken. Plan Document section 17.10(h). Neither party contends that the provision is severable. Such an agreement must be honored. See, e.g., Smith, 13 F.4th at 623. Therefore, the arbitration provision must be stricken and the request to compel arbitration must be denied.

### Conclusion

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The plaintiff has the right under §§ 409(a) and 502(a)(2) to recover for the Plan as a whole. That right is not waivable. Section 17.10(g), which purports to waive that right, is therefore invalid. Under section 17.10(h), section 17.10(g) is inseverable from the Arbitration

Procedure. Therefore, voiding section 17.10(g) voids the entire Arbitration Procedure. Accordingly, the motion to compel arbitration is **denied.** The Clerk is directed to close Docket Nos. 59, 67, and 69.

**SO ORDERED.**

**All Citations**

Slip Copy, 2021 WL 5087898

---

**End of Document**   © 2021 Thomson Reuters. No claim to original U.S. Government Works.