IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>NEIL M. BROZEN,   ROBERT PETERSON, JR., VASILIA PETERSON, MIKE PAXTON, NICK BOURAS, STERLING INVESTMENT PARTNERS III, L.P., NICOLE PETERSON 2012 IRREVOCABLE TRUST, and BROOKE PETERSON 2012 IRREVOCABLE TRUST,<br><br>            Defendants. | Case No. 3:20-cv-01358-E |

**PLAINTIFFS' EIGHTH NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER SUPPORT OF THEIR OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION**

Plaintiffs Jason Coleman and Jessica Casey ("Plaintiffs"), on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan (the "Plan"), file this eighth notice of supplemental authority related to *Defendants' Motion to Compel Individual Arbitration* (ECF No. 66).

Plaintiffs briefed their opposition to the pending motion to compel arbitration on July 13, 2020 (ECF No. 70), and later filed seven notices of supplemental authority. (ECF Nos. 74, 78, 83, 89, 93, 97, 112).

On February 9, 2023, the Tenth Circuit Court of Appeals entered an opinion in *Harrison v. Envision Management Holding, Inc. Board of Directors*, 2023 U.S. App. LEXIS 3144, 2023 WL 1830446, No. 22-1098 (10th Cir. Feb. 9, 2023). *See* Exhibit 1. *Harrison* addressed ERISA

1

claims and an arbitration clause materially identical to those at issue in this case. In affirming the district court's denial of the motion to compel arbitration, the Tenth Circuit held that "the arbitration provisions of the Plan Document effectively prevent Harrison from vindicating many of the statutory remedies that he seeks in his complaint under ERISA § 502(a)(2)." 2023 WL 1830446, at *7.  This included not only plan-wide equitable relief, but also an order to "restore all the losses resulting from the fiduciary breaches and to disgorge all profits made through use of assets of the ESOP." *Id.* at *8.  Because Mr. Harrison was entitled to seek these remedies "pursuant to § 1132(a)(2)," *id.* at *11, but the arbitration clause "foreclose[d] any such plan-wide relief," *id.* at *12, the clause was invalid.

      The Tenth Circuit's reasoning applies with equal force here.  This Court should accordingly deny *Defendants' Motion to Compel Individual Arbitration*.

Dated: February 13, 2023

Respectfully submitted,

By: */s/ Thomas R. Ajamie*
Thomas R. Ajamie
Texas Bar No. 00952400
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
**AJAMIE LLP**
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX  77002
Tel: (713) 860-1600
Fax: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

J. Douglas Uloth
Texas Bar No. 20273700
Of Counsel
**AJAMIE LLP**
5080 Spectrum Drive, Suite 1000 East
Addison, TX  75001-4648
Tel: (469) 791-0411
Fax: (888) 780-5946
douguloth@ulothlaw.com

Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
James Kauffman (*pro hac vice*)
Alexandra Langley Serber (*pro hac vice*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson St., NW, Suite 540
Washington, DC  20007
Tel: (202) 463-2101
Fax: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
jkauffman@baileyglasser.com
aserber@baileyglasser.com

*Attorneys for Plaintiffs Jason Coleman & Jessica Casey*

**CERTIFICATE OF SERVICE**

     I certify that on February 13, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                     */s/ Thomas R. Ajamie*
                                                       Thomas R. Ajamie