# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEIL M. BROZEN, ROBERT PETERSON, JR., VASILIA PETERSON, MIKE PAXTON, NICK BOURAS, STERLING INVESTMENT PARTNERS III, L.P., NICOLE PETERSON 2012 IRREVOCABLE TRUST, and BROOKE PETERSON 2012 IRREVOCABLE TRUST,<br><br>Defendants. | Case No. 3:20-cv-01358-E |

**PLAINTIFFS' NINTH NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER SUPPORT OF THEIR OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION**

Plaintiffs Jason Coleman and Jessica Casey ("Plaintiffs"), on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan (the "Plan"), file this ninth notice of supplemental authority related to *Defendants' Motion to Compel Individual Arbitration* (ECF No. 66). Plaintiffs briefed their opposition to the pending motion to compel arbitration on July 13, 2020 (ECF No. 70), and later filed seven notices of supplemental authority. (ECF Nos. 74, 78, 83, 89, 93, 97, 112). On February 13, 2023, Plaintiffs filed a *Motion for Leave to File Plaintiffs' Eighth Notice of Supplemental Authority* (ECF No. 120), which is pending.

On January 25, 2023, the federal magistrate judge entered a report and recommendation in *Burnett v. Prudent Fiduciary Servs. LLC*, No. 22-270, 2023 WL 387586 (D. Del. Jan. 25, 2023). *See* Exhibit 1. That ESOP case involved ERISA claims and an arbitration clause

1

materially identical to the arbitration clause at issue in this case. The magistrate recommended that the defendants' motion to compel individual arbitration be denied because "the elimination of [the plaintiffs'] right to seek plan-wide monetary relief is an impermissible prospective waiver of their right to the statutory remedy provided by [29 U.S.C.] §§ 1109(a) and 1132(a)(2)." *Id.* at *6. In so holding, the magistrate relied on the district court opinions in *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, 593 F. Supp. 3d 1078 (D. Colo. 2022), *aff'd*, 59 F.4th 1090 (10th Cir. 2023), and *Cedeno v. Argent Tr. Co.*, No. 20-9987, 2021 WL 5087898 (S.D.N.Y. Nov. 2, 2021).[1] 2023 WL 387586, at *6-8. *Burnett* rejects the misreading of *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008), as stated in *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir. 2019), and which Defendants advance here, for the same reasons Plaintiffs have argued and the Tenth Circuit in *Harrison* and district court in *Cedeno* held. 2023 WL 387586, at *7 & n.7.

On March 8, 2023, the federal district judge in the *Burnett* case adopted the magistrate judge's report and recommendation in full. *See* Exhibit 2, *Burnett v. Prudent Fiduciary Servs. LLC*, No. 22-270, 2023 WL 2401707 (D. Del. March 8, 2023). In doing so, the district judge noted that the recommendation was prescient. "Within a few weeks of its issuance, the Tenth Circuit . . . thoroughly analyzed the same issues and came to the same conclusion [that] the Magistrate Judge did." 2023 WL 2401707, at *1 (citing *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, 59 F.4th 1090 (10th Cir. 2023)).[2] And because the district judge found *Harrison* persuasive, he denied the motion to compel arbitration.

---

[1] The district court's opinion in *Cedeno* is the subject of *Plaintiffs' Sixth Notice of Supplemental Authority* (ECF No. 97). The U.S. Department of Labor's amicus brief on the Second Circuit appeal in *Cedeno* is the subject of *Plaintiffs' Seventh Notice of Supplemental Authority* (ECF No. 112).

[2] The Tenth Circuit's opinion in *Harrison* is the subject of *Plaintiffs' Eighth Notice of Supplemental Authority* (ECF No. 120-1).

2

The reasoning in the two *Burnett* decisions applies with equal force here. This Court should accordingly deny *Defendants' Motion to Compel Individual Arbitration*.

Dated: March 31, 2023

Respectfully submitted,

By: */s/ Thomas R. Ajamie*
Thomas R. Ajamie
Texas Bar No. 00952400
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
**AJAMIE LLP**
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX  77002
Tel: (713) 860-1600
Fax: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

J. Douglas Uloth
Texas Bar No. 20273700
Of Counsel
**AJAMIE LLP**
5080 Spectrum Drive, Suite 1000 East
Addison, TX  75001-4648
Tel: (469) 791-0411
Fax: (888) 780-5946
douguloth@ulothlaw.com

Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
James Kauffman (*pro hac vice*)
Alexandra Langley Serber (*pro hac vice*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson St., NW, Suite 540
Washington, DC  20007
Tel: (202) 463-2101
Fax: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
jkauffman@baileyglasser.com
aserber@baileyglasser.com

*Attorneys for Plaintiffs Jason Coleman & Jessica Casey*

## CERTIFICATE OF SERVICE

I certify that on March 31, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                */s/ Thomas R. Ajamie*
                                                  Thomas R. Ajamie