# Exhibit 2

2023 WL 2401707
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.

David BURNETT, et al., Plaintiffs,
v.
PRUDENT FIDUCIARY SERVICE, LLC, et al., Defendants.

Civil Action No. 22-270-RGA
|
Signed March 8, 2023

**Attorneys and Law Firms**

Carmella P. Keener, Cooch and Taylor, P.A., Wilmington, DE, Brandon T. McDonough, Pro Hac Vice, St. Paul, MN, Caroline E. Bressman, Pro Hac Vice, Jacob T. Schutz, Pro Hac Vice, Paul J. Lukas, Pro Hac Vice, Brock J. Specht, Pro Hac Vice, Eleanor E. Frisch, Pro Hac Vice, Minneapolis, MN, Daniel R. Sutter, Pro Hac Vice, Michelle C. Yau, Pro Hac Vice, Washington, DC, Peter K. Stris, Pro Hac Vice, Victor O'Connell, Pro Hac Vice, Rachana A. Pathak, Pro Hac Vice, Los Angeles, CA, John Stokes, Pro Hac Vice, for Plaintiff David Burnett.

Carmella P. Keener, Cooch and Taylor, P.A., Wilmington, DE, Eleanor E. Frisch, Pro Hac Vice, Minneapolis, MN, for Plaintiff David Nelson.

Aidan T. Hamilton, Joseph Benedict Cicero, Mark L. Desgrosseilliers, Chipman Brown Cicero & Cole, LLP, Wilmington, DE, Lars C. Golumbic, Pro Hac Vice, Sean C. Abouchedid, Pro Hac Vice, for Defendants Prudent Fiduciary Services LLC, Miguel Paredes.

Christine Dealy Haynes, Jennifer C. Bebko Jauffret, Richards, Layton & Finger, PA, Wilmington, DE, Jeffrey S. Russell, Pro Hac Vice, Robert M. Lewis, Jr., Pro Hac Vice, for Defendants James K. Neff, Carmit P. Neff, Carmit P. Neff Revocable Trust, James K. Neff Revocable Trust, WGA Trust.

**MEMORANDUM ORDER**

Richard G. Andrews, United States District Judge

*1 Defendants filed a motion to compel arbitration. (D.I. 24). The motion was fully briefed. (D.I. 25, 27, 29). I referred it to a magistrate judge. (D.I. 32). The Magistrate Judge held oral argument. (D.I. 36). The Magistrate Judge issued a thorough Report and Recommendation, recommending I deny the motion. (D.I. 53). Defendants filed objections, to which Plaintiffs responded. (D.I. 56, 58). I review the Magistrate Judge's recommendation *de novo.*

The legal question presented is whether the "effective vindication" exception to an ERISA Plan's agreement to arbitrate renders the agreement's arbitration provision invalid as applied to the sort of lawsuit Plaintiffs have brought here. The Magistrate Judge's Report and Recommendation is persuasive on this point. It was also prescient. Within a few weeks of its issuance, the Tenth Circuit, on a complaint alleging the same theories as in the instant case,[1] and with essentially the same arbitration agreement, thoroughly analyzed the same issues and came to the same conclusion at the Magistrate Judge did. *See Harrison v. Envision Mgmt. Holding, Inc. Bd. of Directors*, 59 F.4th 1090 (10th Cir. 2023). *Harrison* is persuasive.

[1] Plaintiffs' counsel in *Harrison* are also Plaintiffs' counsel in this case.

Thus, the Objections (D.I. 56) are OVERRULED. The Report and Recommendation (D.I. 53) is ADOPTED IN FULL. The motion to compel arbitration (D.I. 24) is DENIED.

IT IS SO ORDERED this 8th day of March 2023.

**All Citations**

Slip Copy, 2023 WL 2401707

**Burnett v. Prudent Fiduciary Service, LLC, Slip Copy (2023)**
2023 WL 2401707

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.