IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NEIL M. BROZEN, *et al.*,<br><br>*Defendants*. | Civil Action No. 3:20-cv-01358-E |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' EIGHTH AND NINTH NOTICES OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION**

Plaintiffs have filed two more Notices of Supplemental Authority [ECF No. 124 and 125] ("Notice") advising the Court of additional out-of-circuit court decisions that allegedly support their previously made argument that the Plan's arbitration provision is void as a prospective waiver of ERISA statutory rights and remedies. These out-of-circuit decision deviate substantially from well-established law and should not impact the Court's ruling on Defendants' Motion to Compel Individual Arbitration [ECF No. 66].

In their Eighth Notice of Supplemental Authority, Plaintiffs assert that the Tenth Circuit Court of Appeal's decision in *Harrison v. Envision Management Holding, Inc. Board of Directors,* No. 22-1098, 2023 WL 1830446 (10th Cir. Feb. 9, 2023), supports their argument that the Plan's arbitration provision is void as a prospective waiver of ERISA statutory rights and remedies because it precludes Plaintiffs from representing the interests of **absent** Plan participants.

1

Plaintiffs' reliance on the *Harrison* decision is misplaced as the *Harrison* decision (1) rests on a fundamental misunderstanding of the Supreme Court's decision in *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008); (2) fails to consider the Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana,* 142 S. Ct. 1906 (2022); and (3) contradicts Fifth Circuit case law requiring a participant to satisfy the requirements of Rule 23 before being permitted to represent the interests of absent Plan participants.

In *Harrison*, the Tenth Circuit concluded that ERISA § 409, when coupled with its interpretation of *LaRue* and *Smith*, provides a plan participant with the ERISA-conferred right to a plan-wide remedy. *See* 2023 WL 1830446 at *11. Based on this premise, the Tenth Circuit concluded that the class action waiver contained in the plan's arbitration provision foreclosed the plaintiff from vindicating the statutory causes of action listed in his complaint, including an order enjoining all Defendants from further violating their fiduciary duties, an order removing the trustee, and an order appointing a new independent fiduciary to manage the Envision ESOP. *Id.* at *11-12.

*Harrison* runs afoul of *LaRue.* As Defendants have previously explained, *LaRue* makes clear that ERISA § 502(a)(2) claims are not "inherently representative" in the context of a defined contribution plan because a plaintiff can achieve relief, including injunctive and equitable relief, based on the plan assets held in his or her individual plan account. 552 U.S. at 256 (holding that an individual plaintiff may seek relief under ERISA § 502(a)(2) for fiduciary breaches that impair the value of plan assets solely in a participant's individual account). *LaRue* therefore instructs that a participant in a defined contribution plan has an ERISA-recognized interest in his or her own individual plan account under ERISA § 502(a)(2) - not in the accounts of the "entire plan." *Id*. Under *LaRue*, relief, including injunctive relief, is available on an individual basis. The fact that

any individual relief obtained, including injunctive relief, may incidentally impact other participants is irrelevant. As such, an arbitration provision limiting participants to individual relief does not impinge on a participant's rights under ERISA § 502(a)(2). *Harrison's* finding to the contrary is simply wrong.

Importantly, the recent Supreme Court decisions in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), and *Thole v. U.S. Bank N.A.,* 140 S. Ct. 1615 (2020) reject the reasoning that underpins the decision in *Harrison.*

In *Viking River*, the Supreme Court considered whether an arbitration provision requiring individual arbitration of claims under the California Private Attorneys General Act ("PAGA") was enforceable. The provision at issue prohibited bringing in arbitration "any dispute as a class, collective, or representative PAGA action." 142 S. Ct. at 1916. Interpreting the PAGA, the Court observed that there were two ways in which a PAGA claim was considered "representative"—(1) when "the employee plaintiff sues as an 'agent or proxy' of the State," and (2) when the plaintiff's claims "are predicated on code violations sustained by other employees" (which the Court described as a form of "claim joinder"). *See id*. at 1914, 1916. The Court held that the arbitration provision—specifically, its prohibition on bringing a "representative" PAGA claim in arbitration—was unenforceable with respect to the first form of PAGA claim, but the provision ***was enforceable*** with respect to the second, "claim joinder" form of PAGA claim. *See id.* at 1922-1924.

Any attempt to analogize a claim under ERISA § 502(a)(2) to the first form of "representative" PAGA action, by arguing that an individual participant is suing as an "agent or proxy" of his or her benefit plan, necessarily fails because an ERISA claim is not one in which "a

single agent litigates on behalf of a single principal." *See* 142 S. Ct. at 1922.[1] Instead, *Viking River* supports Defendants' view of a participant's rights under ERISA § 502(a)(2), because § 502(a)(2) claims should be analogized to the second form of "representative" action under PAGA—*i.e.*, as a form of "claim joinder" that would "allow a party to unite multiple claims against an opposing party in a single action." 142 S. Ct. at 1915. The Court held that by purporting to create an unwaivable mechanism for this sort of "claim joinder," the PAGA conflicted with the FAA. *Id.* at 1923. In other words, the Court held that an arbitration provision that prohibited one PAGA plaintiff from joining together the claims of absent claimants was enforceable.

A representative claim under ERISA § 502(a)(2) is similarly a form of "claim joinder," as demonstrated by several cases. In *Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006), the Second Circuit dismissed a 502(a)(2) claim brought by a plaintiff seeking plan-wide relief on behalf of all participants in a defined contribution plan, because the plaintiff failed to satisfy requirements similar to those in Rule 23 (governing class actions). *See id.* at 259 (the "representative nature of

---

[1] The Supreme Court's decision in *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), which the *Harrison* case also fails to discuss, makes this clear. At issue in *Thole* was whether two participants in an ERISA defined benefit pension plan had Article III standing to bring a suit under ERISA § 502(a)(2) for alleged breach of fiduciary duty. Among other things, the plaintiffs argued they did not need to show individual injury for purposes of Article III standing because under Section 502(a)(2) they are bringing suit as "representatives of the plan itself" (like Plaintiffs suggest they may do here). *Thole*, 140 S. Ct. at 1620. The Court rejected the plaintiffs' argument, explaining that "in order to claim 'the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving' them 'a sufficiently concrete interest in the outcome of the issue in dispute,'" and "[t]he plaintiffs themselves do not have a concrete stake in this suit." *Id.* Plaintiffs' reliance on *Harrison* to argue that they have an unfettered statutory right to sue on behalf of the entire Plan under ERISA § 502(a)(2) for monetary and other benefits on behalf of **absent** Plan participants accounts cannot coexist with *Thole*. If Plaintiffs were properly deemed to be suing as the "agent or proxy" of the Plan under ERISA § 502(a)(2), then the Supreme Court in *Thole* would have held that the *Thole* plaintiffs did ***not*** need to establish their own injury for purposes of Article III standing and injury to their plan would "suffice[]." But the Supreme Court reached the ***opposite*** conclusion in *Thole*. In doing so, the Court held that the plaintiffs were required to demonstrate their own injury for Article III standing, because a participant's claim under Section 502(a)(2) is ***not*** similar to an "agency or proxy" type of "representative" action.

the section 502(a)(2) right of action implies that plan participants must employ procedures to protect effectively the interests they purport to represent") (emphasis added).

Other courts, including those in the Fifth Circuit, have enforced similar requirements before allowing a participant to proceed on behalf of absent plan participants. *See, e.g., Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007) (vacating class certification order of ERISA § 502(a)(2) claims on behalf of the plan due to participant's inability to satisfy the requirements of Rule 23); *Oren-Bousquet v. LaSalle Bank, N.A.*, No. SA-07-CA-802-H, 2009 WL 10699636, at *1 (W.D. Tex. Feb. 2, 2009) (refusing to allow plaintiff to proceed on behalf of absent plan participants due to failure to satisfy Rule 23); *see also Fish v. Greatbanc Tr. Co.*, 667 F. Supp. 2d 949, 951 (N.D. Ill. 2009) ("to permit the action to go forward without the type of protections provided by [Rule 23 or Rule 23.1] or their equivalent would be overly myopic").

These courts have required procedural steps be taken by plaintiffs seeking to bring ERISA § 502(a)(2) claims on behalf of an entire plan because they are attempting to join together absent participants' claims. If ERISA § 502(a)(2) plaintiffs were actually proceeding in the shoes of "the plan," rather than on behalf of all other participants in the plan, these steps would not be necessary. Indeed, Plaintiffs' own Complaint implicitly concedes this very point because they ask the Court to certify a class of Plan participants under Rule 23 of the Federal Rules of Civil Procedure. *See* Am. Compl. [ECF No. 33] at ¶¶ 153-159.

For all these reasons, the *Harrison* decision should not be given any credence as the Court considers the merits of Defendants' Motion to Compel Individual Arbitration.

Plaintiffs' reliance on *Burnett v. Prudent Fiduciary Servs. LLC*, No. 22-270, 2023 WL 2401707 (D. Del. March 8, 2023) to support their Ninth Notice of Supplemental Authority is equally misplaced as the *Burnett* Court relied on *Harrison* to support its determination. As

explained in detail above, *Harrison* should have no bearing here given that (1) it rests on a fundamental misunderstanding of the Supreme Court's decision in *LaRue*; (2) fails to consider the Supreme Court's decision in *Viking River*; and (3) contradicts Fifth Circuit case law requiring a participant to satisfy the requirements of Rule 23 before being permitted to represent the interests in absent Plan participants.

Dated: May 18, 2023                    Respectfully submitted,

By: /s/ Todd D. Wozniak
Micah R. Prude
Texas Bar No. 24051216
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751
Email: Micah.Prude@hklaw.com

Todd D. Wozniak (admitted *pro hac vice*)
todd.wozniak@hklaw.com
**HOLLAND & KNIGHT, LLP**
Regions Plaza
1180 West Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470

*ATTORNEYS FOR DEFENDANTS ROBERT PETERSON, JR., VASILIA PETERSON, MIKE PAXTON, NICK BOURAS, STERLING INVESTMENT PARTNERS III, L.P., NICOLE PETERSON 2012 IRREVOCABLE TRUST, AND BROOKE PETERSON 2012 IRREVOCABLE TRUST*

By: */s/ Nicole Figueroa (with permission)*
Nicole Figueroa
Texas Bar No. 24069716
**MCDERMOTT WILL & EMERY LLP**
2501 N. Harwood St., Ste 1900
Dallas, Texas 75201
Tel: (214) 295-8062
nfigueroa@mwe.com

J. Christian Nemeth (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street
Chicago, Illinois 60606
Tel: (312) 984-3292
jcnemeth@mwe.com

Peter B. Allport (admitted *pro hac vice*)
**LEVIN SCHREDER & CAREY, Ltd.**
120 North LaSalle Street, Floor 38
Chicago, Illinois 60602
Tel: (312) 332-6300
pallport@lsclaw.com

*ATTORNEYS FOR DEFENDANT NEIL M. BROZEN*

## CERTIFICATE OF SERVICE

    This certifies that on this 18 day of May, 2023, a true and correct copy of the foregoing has been served on all counsel of record through the Court's CM/ECF system.

                                        /s/ Micah R. Prude
                                        Micah R. Prude