# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEIL M. BROZEN,   ROBERT PETERSON, JR., VASILIA PETERSON, MIKE PAXTON, NICK BOURAS, STERLING INVESTMENT PARTNERS III, L.P., NICOLE PETERSON 2012 IRREVOCABLE TRUST, and BROOKE PETERSON 2012 IRREVOCABLE TRUST,<br><br>Defendants. | Case No. 3:20-cv-01358-E |

## **PLAINTIFFS' TENTH NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of *Plaintiffs' Opposition to Defendants' Motion to Compel Individual Arbitration* (ECF No. 70), Plaintiffs respectfully submit for the Court's review the United States Court of Appeals for the Third Circuit's recent decision in *Henry v. Wilmington Trust NA*, No. 21–2801, 2023 WL 4281813 (3d Cir. June 30, 2023), attached hereto as Exhibit 1.

*Henry* addressed ERISA claims and an arbitration clause materially identical to those at issue in this case. The Third Circuit held that the clause "is unenforceable because it requires [plaintiff] to waive statutory remedies." *Id.* at *3. This included "'recovery of <u>all</u> plan losses'" caused by the defendants' breach. *Id.* at *4 (citation omitted) (emphasis in original). "[T]he clause of [29 U.S.C.] § 1109(a) [ERISA § 409(a)] … authorizes a plan member to seek restitution of plan losses from a fiduciary." *Id.* The Third Circuit therefore expressly held that

1

ERISA "does not limit restitution to the plaintiff's losses," but rather permits an individual plaintiff to recover "all plan losses" at issue. *Id.* (emphasis in original).

The Third Circuit's reasoning applies with equal force here, and is consistent with recent precedent in this Circuit and others holding the statutory remedy in an individual participant's ERISA fiduciary suit is relief to the plan as a whole.[1] This Court should accordingly deny *Defendants' Motion to Compel Individual Arbitration* (ECF No. 66).

| | |
|---|---|
| Dated: July 6, 2023 | Respectfully submitted, |
| | By: */s/ Thomas R. Ajamie* |
| | Thomas R. Ajamie |
| | Texas Bar No. 00952400 |
| | John S. "Jack" Edwards, Jr. |
| | Texas Bar No. 24040851 |
| | **AJAMIE LLP** |
| | Pennzoil Place - South Tower |
| | 711 Louisiana, Suite 2150 |
| | Houston, TX  77002 |
| | Tel: (713) 860-1600 |
| | Fax: (713) 860-1699 |
| | tajamie@ajamie.com |
| | jedwards@ajamie.com |
| | |
| | J. Douglas Uloth |
| | Texas Bar No. 20273700 |
| | Of Counsel |
| | **AJAMIE LLP** |
| | 5080 Spectrum Drive, Suite 1000 East |
| | Addison, TX  75001-4648 |
| | Tel: (469) 791-0411 |
| | Fax: (888) 780-5946 |
| | douguloth@ulothlaw.com |

---

[1] *See*, *e.g.*, *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, 59 F.4th 1090, 1101, 1106-07, 1111 (10th Cir. 2023) (holding ESOP arbitration clause would impermissibly prevent plaintiff from effectively vindicating ERISA remedies; "§§ 1132(a)(2) and 1109 allow claimants to obtain certain forms of plan-wide relief. Indeed, the Supreme Court has made clear that § 1132(a) does not provide a remedy for individual injuries distinct from plan injuries."); *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 627 & n.7 (5th Cir. 2021) (where district court denied class certification but "permitted Plaintiffs to proceed as representatives of the Plan pursuant to … § 1132," Fifth Circuit explained: "A § 1132(a)(2) plaintiff acts in a representative capacity on behalf of the plan as a whole, because § 1109 is designed to protect the entire plan.") (cleaned up).

>Gregory Y. Porter (*pro hac vice*)
>Ryan T. Jenny (*pro hac vice*)
>James Kauffman (*pro hac vice*)
>Alexandra Langley Serber (*pro hac vice*)
>**BAILEY & GLASSER LLP**
>1055 Thomas Jefferson St., NW, Suite 540
>Washington, DC  20007
>Tel: (202) 463-2101
>Fax: (202) 463-2103
>gporter@baileyglasser.com
>rjenny@baileyglasser.com
>jkauffman@baileyglasser.com
>aserber@baileyglasser.com
>
>*Attorneys for Plaintiffs Jason Coleman & Jessica Casey*

## CERTIFICATE OF SERVICE

I certify that on July 6, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

>*/s/ Thomas R. Ajamie*
>  Thomas R. Ajamie