# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>NEIL M. BROZEN, ROBERT PETERSON, JR., VASILIA PETERSON, MIKE PAXTON, NICK BOURAS, STERLING INVESTMENT PARTNERS III, L.P., NICOLE PETERSON 2012 IRREVOCABLE TRUST, and BROOKE PETERSON 2012 IRREVOCABLE TRUST,<br><br>**Defendants.** | Case No. 3:20-CV-01358-E |

### DECLARATION OF GREGORY Y. PORTER

I, Gregory Y. Porter, declare as follows:

1. I am a member in good standing of the Bar of the Commonwealth of Virginia and the Bar of the District of Columbia. I am admitted to practice before this Court *pro hac vice*, and a partner at Bailey & Glasser, LLP (Bailey & Glasser), which is counsel for Plaintiffs in this matter.

2. All the facts stated herein are true and correct within my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

3. I am more than 18 years of age, am capable of making this declaration, and have personal knowledge of the following.

4. I make this declaration in support of Plaintiffs' Unopposed Motion and Incorporated Memorandum of Law for Preliminary Approval of Settlement and Certification of

Settlement Class.

5. I have been actively involved in this lawsuit from the beginning of the investigation to the present.

6. Bailey & Glasser attorneys have been actively involved in all stages of this lawsuit, including but not limited to investigating and preparing the Complaint and Amended Complaint, meeting and conferring with defense counsel regarding informal discovery and case management, reviewing document productions discussed below, successfully defending against Defendants' motion to compel arbitration, engaging an expert in private company purchase and sale transaction who prepared preliminary analyses regarding the terms and process of the ESOP Transaction and advised Plaintiffs' Counsel during settlement negotiations, participating in a three day mediation process, participating in extensive briefing, and representing Plaintiffs at hearings and case conferences.

7. I have been working on ERISA class actions since 1998. I have served as lead or co-lead counsel for plaintiffs in many important ERISA cases, as described below.

8. I have direct experience in lawsuits under ERISA challenging Employee Stock Ownership Plan (ESOP) transactions. *See Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($29.7 million trial judgment); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) (reversing trial court ruling on motion to dismiss in an ESOP class action; lawsuit settled for $2.3 million); *Jessop v. Larsen*, No. 14-cv-00916 (D. Utah) ($19.8 million settlement secured for ESOP plan participants in 2017); *Swain v. Wilmington Trust, N.A.*, No. 17-071-RGA-MPT (D. Del.) ($5 million settlement); *Casey v. Reliance Trust Co.*, 18-cv-00424-ALM-CMC (E.D. Tex.) ($6.25 million settlement for ESOP plan participants); *Choate v. Wilmington Trust, N.A.*, 17-cv-250-RGA (D. Del.) ($19.5 million settlement); *Blackwell v. Bankers Trust Co. of South Dakot*a,

No. 18-cv-141-KHJ-FKB (S.D. Miss.) ($5 million settlement); *Fink v. Wilmington Trust, N.A.*, No. 19-cv-1193-CFC (D. Del.) ($5.5 million settlement); *Godfrey v. GreatBanc Trust Co.*, 18-cv-7918 (N.D. Ill.) ($16.5 million settlement); and *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.) ($13.36 million settlement). In December of 2016, I led a team of lawyers in an ERISA case that resulted in a $30 million judgment. *Brundle*, 241 F. Supp. 3d 610. The Fourth Circuit affirmed the judgment in all respects. *See Brundle v. Wilmington Trust, N.A.*, 919 F.3d 763 (4th Cir. 2019). I argued the appeal for Plaintiffs-Appellees. Bailey & Glasser currently represents plaintiffs in several other ESOP lawsuits. A summary of Bailey & Glasser's ERISA practice experience, biographies of the Bailey Glasser's ERISA practice group, and certain of its employees is attached as Exhibit 1.

9. I have been recognized by Chambers and Partners as being in the top band, "Band 1" for ERISA Litigation: Mainly Plaintiffs. Including myself, only six attorneys achieved that distinction, the highest available. Chambers rankings are based on factors including technical legal ability, professional conduct, client service, diligence and commitment.

10. I have direct experience in lawsuits under ERISA involving complex financial products and services, and fiduciary decision making about investments, including the following: *Diebold v. Northern Trust*, No. 09-1934 (N.D. Ill.) ($34 million cash settlement in 2015); *Anderson v. Principal Life Ins. Co.*, No. 15-0119 (S.D. Iowa) ($3 million cash and $8.5 million in prospective relief in 2015); *Glass Dimensions, Inc. v. State Street Bank &Trust Co.*, No. 10-10588 (D. Mass.) ($10 million cash settlement in 2014); *In re CMS Energy ERISA Litig.*, No. 02-CV-72834 (E.D. Mich.) ($28 million recovered); *Sherrill v. Federal-Mogul Corp. Retirement Programs Committee*, No. 04-CV-72949 (E.D. Mich.) ($14 million recovered *Bilewicz v. FMR LLC*, No. 13-10636 (D. Mass.) ($12 million cash and substantial prospective relief in 2014); *Figas v. Wells Fargo*, No. 08-

04546 (D. Minn.) ($17.5 million settlement in 2011). All of the cases listed above were about retirement plan fiduciaries making imprudent investment decisions. The *Northern Trust* and *Glass Dimensions* cases involved complex securities lending transactions involving hundreds of retirement plans. In those cases, I was the chief architect of the complaints, led the expert discovery for the plaintiffs, and successfully argued several key motions. The *Principal, Wells Fargo* and *FMR* cases involved very similar allegations, namely that conflicted fiduciaries selected proprietary investment offerings for employee benefit plans to benefit the employer, not the employees. I developed the key concepts, supervised the investigation and preparation of the complaints, directed the experts and consultants, and drafted the key motions filings.

11.    I also have represented defendants in complex ERISA cases. I was part of the defense trial team in an ERISA class action against Prudential Life Insurance Company, which resulted in a verdict for the defendants. *See Dupree v. The Prudential Ins. Co. of Am.*, 2007 WL 2263892 (S.D. Fla. Aug. 7, 2007). In addition, I represented defendants in several of the earliest cases involving imprudent investments in employer stock, including *Koch v. Dwyer*, No. 98-5519 (S.D.N.Y.); *Tittle v. Enron*, No. 01-3913 (S.D. Tex.); and *Rankin v. Rots*, No. 02-CV-71045 (E.D. Mich.).

12.    Ryan T. Jenny is a partner at Bailey & Glasser who joined the firm in 2015 after more than fifteen years representing ERISA defendants while at large corporate firms in the District of Columbia and New York. Mr. Jenny has represented clients in many fiduciary duty actions involving employee benefit plan investments in employer stock, such as *Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($29.7 million trial judgment); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) (reversing trial court ruling on motion to dismiss in an ESOP class action; lawsuit settled for $2.3 million); *Swain v. Wilmington Trust, N.A.*,

No. 17-071-RGA-MPT (D. Del.) ($5 million settlement); *Casey v. Reliance Trust Co.*, 18-cv-00424-ALM-CMC (E.D. Tex.) ($6.25 million settlement for ESOP plan participants); *Choate v. Wilmington Trust, N.A.*, 17-cv-250-RGA (D. Del.) ($19.5 million settlement); *Blackwell v. Bankers Trust Co. of South Dakot*a, No. 18-cv-141-KHJ-FKB (S.D. Miss.) ($5 million settlement); *Fink v. Wilmington Trust, N.A.*, No. 19-cv-1193-CFC (D. Del.) ($5.5 million settlement); *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.) ($13.36 million settlement); *Godfrey v. GreatBanc Trust Co.*, 18-cv-7918 (N.D. Ill.) ($16.5 million settlement); *Crowley v. Corning, Inc.*, 02- CV-6172 (W.D.N.Y.); *Holtzscher v. Dynegy, Inc.*, No. H-05-3293 (S.D. Tex.); *Crocker v. KV Pharm. Co.*, No. 09-cv-198 (E.D. Mo.); *In re BP p.l.c. ERISA Litig.*, MDL No. 10-md-2185 (S.D. Tex.); and *Knight v. Lavine*, 12- CV-611 (E.D. Va.), as well as in actions involving various other ERISA fee, funding and fiduciary issues, such as *Alexander- Jones v. Wal-Mart Stores, Inc.*, No. C 10-03005 (N.D. Cal.); *In re Honda of Am. Mfg.*, No. 08- cv-1059 (S.D. Ohio); and *Sara Lee Corp. v. American Bakers Ass'n Ret. Plan*, No. 106CV00819 (D.D.C.). Mr. Jenny is a member of the firm's ERISA team and works on all of our ESOP cases.

13. Patrick Muench is a partner with Bailey & Glasser LLP who has specialized in complex litigation since 2009. Mr. Muench has served as counsel on ERISA cases involving breach of fiduciary claims, including *Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($29.7 million trial judgment); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) (reversing trial court ruling on motion to dismiss in an ESOP class action; lawsuit settled for $2.3 million); *Jessop v. Larsen*, No. 14-cv-00916 (D. Utah) ($19.8 million settlement secured for ESOP plan participants in 2017); *Swain v. Wilmington Trust, N.A.*, No. 17-071-RGA-MPT (D. Del.) ($5 million settlement); *Casey v. Reliance Trust Co.*, 18-cv-00424-ALM-CMC (E.D. Tex.) ($6.25 million settlement for ESOP plan participants); *Choate v. Wilmington Trust, N.A.*, 17-cv-

250-RGA (D. Del.) ($19.5 million settlement); *Blackwell v. Bankers Trust Co. of South Dakota*, No. 18-cv-141-KHJ-FKB (S.D. Miss.) ($5 million settlement; *Fink v. Wilmington Trust, N.A.*, No. 19-cv-1193-CFC (D. Del.) ($5.5 million settlement); *Godfrey v. GreatBanc Trust Co.*, 18-cv-7918 (N.D. Ill.) ($16.5 million settlement); and *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.) ($13.36 million settlement). Mr. Muench is a member of the firm's ERISA team and works on all of our ESOP cases.

14. Plaintiffs' Counsel believes that the Settlement between the parties is fair and reasonable and in the best interests of the Settlement Class. Plaintiffs' Counsel's reasons for this belief are set forth in the Motion for Preliminary Approval.

15. Before commencing settlement negotiations, Plaintiffs' Counsel conducted an extensive investigation and the litigation was sufficiently advanced, such that counsel had sufficient information about the nature and extent of the challenged practices, and the merits of the legal claims and factual allegations. Plaintiffs' Counsel completed substantial document discovery through an informal process that involved Defendants and the DOL. After the District Court denied Defendants' Motion to Compel, and while Defendants' appeal of that decision was pending in the Fifth Circuit, the Parties to the Class Action and Secretary's Action (as defined in the Settlement Agreement) began discussing settlement. As part of that process, Plaintiffs requested, and Defendants agreed to produce, categories of documents to inform and evaluate a potential resolution. Plaintiffs received and reviewed, inter alia: presentations prepared by RVNB's advisors that were provided to RVNB and the Trustee; RVNB's Board of Directors meeting minutes; discussions among the Trustee and its advisors related to the ESOP Transaction including the terms, valuation, and negotiation; transaction documents containing the terms of the ESOP Transaction; opinion letters provided by the Trustee's advisors; valuation reports prepared by the

Trustee's financial advisors; diligence reports prepared by the Trustee's legal advisor; handwritten notes taken by the Trustee during the ESOP Transaction process; and minutes from the Trustee's meetings related to the ESOP Transaction. Thus, the parties are very knowledgeable about the facts, legal issues, and strengths and weaknesses of their respective cases.

16. The Parties conducted extensive arm's-length negotiations, with the assistance of Maxine Aaronson from July 9 to July 11, 2024, an experienced mediator with over 30 years of experience including expertise in ERISA and other employee benefit disputes. The Parties drafted and submitted comprehensive mediation statements to Mediator Aaronson that focused all sides on the key issues. Counsel for the Parties attended a three-day mediation in Dallas, Texas, from July 9 to July 11, 2024. The attendees vigorously engaged in the mediation process, during which all attendees' counsel made presentations to the entire group and individually to Mediator Aaronson. After much deliberation, discussion, and compromise, the Parties to the Class Action and Secretary's Action agreed to resolve the disputes according to the terms laid out in the Settlement Agreement.

17. According to the Plan's Form 5500 for 2017, at the beginning of 2016, the Plan had approximately 1,436 participants.

18. Proposed Class Representatives Jason Colemen and Jessica Casey have been actively engaged in the litigation, and they have provided documents to counsel used to draft the Complaints. They have regularly conferred with counsel on the progress of the case. They have no conflicts with the proposed class. They assert claims on the Plan's behalf and request no individual relief.

19. Bailey & Glasser LLP has represented several other plaintiffs in lawsuits against institutional ESOP trustees in the past, and therefore are very familiar with their work-product and

record-keeping. This was helpful in analyzing potential recoveries. Likewise, Defendants' counsel is also very experienced in ESOP litigation and therefore counsel on both sides were familiar with the key issues and categories of documents necessary to evaluate Plaintiffs' claims and the defenses.

20. Attached hereto are the following exhibits: **Exhibit 1** is a true and correct copy of the Proposed Settlement Agreement and exhibits thereto: the proposed Class Notice (1-A), the proposed order granting preliminary approval (1-B), the proposed order granting final approval (1-C); the proposed rollover form (1-D); the proposed CAFA Notice (1-E); and the proposed consent judgment in the Secretary's Action (1-F); **Exhibit 2** is a true and correct copy of the proposed Settlement Administrator's, Simpluris, summary of experience; **Exhibit 3** is a true and correct copy of the Form 5500 for RVNB Holdings, Inc. ESOP for 2017; **Exhibit 4** is a summary of Bailey & Glasser's experience and relevant team biographies; and **Exhibit 5** is the proposed plan of allocation.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed at Washington D.C. this 7th day of January 2025.

_____
GREGORY Y. PORTER