# Exhibit 1

## GLOBAL SETTLEMENT AGREEMENT

This GLOBAL SETTLEMENT AGREEMENT ("Settlement Agreement") is entered into by and between the Named Plaintiffs in this Action, for themselves and on behalf of the Settlement Class and the Plan, the Secretary, and Defendants. Capitalized terms used and not otherwise defined herein shall have the meanings set forth in Article I below.

## RECITALS

WHEREAS, on September 27, 2019, Jason Coleman and Jessica Casey, on behalf of a purported class of participants and beneficiaries in the Plan, filed a complaint, which was amended on April 3, 2020, alleging that Defendants Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Mike Paxton, Nick Bouras, Sterling Investment Partners III, L.P., Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust ("Class Action Defendants") violated ERISA in connection with the redemption of stock held by the RVNB Holdings, Inc. Employee Stock Ownership Plan following the termination of the Plan on June 29, 2017 and subsequent sale of RVNB's assets;

WHEREAS, the Class Action Defendants filed answers to Plaintiffs' Complaint on May 4, 2020 denying any wrongdoing or liability and asserting certain affirmative defenses;

WHEREAS, on October 29, 2021, the Secretary filed a complaint alleging that Defendants Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Paul Generale, Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust (the "Secretary's Action Defendants") violated ERISA in connection with the redemption of stock held by the Plan following the termination of the Plan on June 29, 2017 and subsequent sale of RVNB's assets;

WHEREAS, the Secretary's Action Defendants filed answers to the Secretary's Complaint on February 14, 2022 denying any wrongdoing or liability and asserting certain affirmative defenses;

WHEREAS, Plaintiffs' Counsel and Counsel for the Secretary have conducted extensive discovery regarding the facts and claims in the Class Action and the Secretary's Action, including culling and reviewing relevant documents from voluminous produced documents, and legal research concerning their claims;

WHEREAS, Plaintiffs' Counsel, Counsel for the Secretary, and Defense Counsel conducted arm's-length negotiations concerning a possible compromise and settlement of the Class Action and the Secretary's Action, including a three day in-person mediation with Mediator Maxine Aaronson;

WHEREAS, as a result of their factual investigation and legal research concerning their claims, Plaintiffs' Counsel have concluded that the terms of this Settlement are fair, reasonable, and adequate to Named Plaintiffs, the Settlement Class, and the Plan, and in their best interests, and have agreed to settle the Class Action on the terms set forth herein after considering: (i) the benefits that Named Plaintiffs and members of the Settlement Class will receive from the Settlement; (ii) the risks, difficulties, and delays involved with complex litigation such as this, including prosecution through trial and appeals; (iii) the specific risks inherent in complex actions under ERISA, including problems of proof and the variety of defenses potentially available to Defendants; and (iv) the desirability of permitting the Settlement to be consummated as provided herein, and Counsel for the Secretary has likewise agreed to settle the Secretary's Action on the terms set forth herein and in the Consent Judgment in the Secretary's Action;

WHEREAS, Defendants, notwithstanding their denial of each and every one of the material allegations in Plaintiffs' Complaint and their position that they acted at all times reasonably, prudently, and loyally with respect to the Plan, the participants and beneficiaries of the Plan, and the Settlement Class; have decided to enter into this Settlement Agreement with the Named Plaintiffs to avoid the further expense, inconvenience, and burden of protracted litigation, the distraction and diversion of their time and resources, and the risks and expenses inherent in any complex litigation; and have likewise agreed to settle the Secretary's Action on the terms set forth herein and in the Consent Judgment in the Secretary's Action;

WHEREAS, the Parties desire promptly and fully to resolve and settle with finality all of the Released Claims against Defendants asserted by the Named Plaintiffs and the Secretary for themselves and on behalf of the Settlement Class and the Plan on the terms set forth herein and subject to the approval of the Court;

WHEREAS, the Plan was terminated in 2017; the assets held in the accompanying trust were partially paid out and distributed in 2017; and the remaining assets in the accompanying trust were paid out and distributed in 2019;

NOW, THEREFORE, it is agreed by the Parties, without any admission or concession of liability or the validity of any allegation in Plaintiffs' Complaint and/or the Secretary's Complaint whatsoever, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, that the Class Action, Secretary's Action and the Released Claims be settled, compromised, and dismissed on the merits and with prejudice as to Defendants, on the following terms and conditions, all subject to the approval of the Court:

## I.    DEFINITIONS

As used in this Settlement Agreement and the Exhibits thereto, capitalized terms and phrases, unless otherwise defined, have the meanings provided below:

1.1.    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Class Notice to the Class Members; (b) all expenses related to taxes (including taxes and tax expenses noted in Section 4.2); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation; and (d) all fees and expenses of the Settlement Administrator; Excluded from Administrative Expenses are the Parties' respective legal fees and litigation expenses. Administrative Expenses shall be approved by the Court and paid or reimbursed from the Qualified Settlement Fund.

1.2.    "Alternate Payee" means a person other than a Participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to the benefit of a Participant.

1.3.    "Agreement Execution Date" shall mean the date on which the last required signature is affixed to this Settlement Agreement and this Settlement Agreement becomes fully executed, as provided in Section 11.15 below.

1.4.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided and expenses advanced and carried by Plaintiffs' Counsel. The amount of attorneys' fees and litigation costs and expenses that Plaintiffs' Counsel will seek shall not exceed fifteen percent (15%) of the Gross Settlement Amount and shall be deducted from the Gross Settlement Amount and paid from the Qualified Settlement Fund.

1.5.    "Beneficiary" means a person who is entitled, based on the designation of a Participant or by the terms of the Plan, to receive a benefit under the Plan that is derivative of a Participant's benefit under the Plan, other than an Alternate Payee.

1.6.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.7.    "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, substantially in the form set forth in Exhibit E hereto.

1.8.    "Class Action" shall mean the class action captioned *Jason Coleman and Jessica Casey, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated v. Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Mike Paxton, Nick Bouras, Sterling Investment Partners III, L.P., Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust*, Case No. 3:20-cv-01358-E, pending in the United States District Court for the Northern District of Texas, Dallas Division.

1.9.    "Class Notice" shall mean notice of the Settlement to the Settlement Class in a form and substance substantially similar to Exhibit A hereto, to be provided pursuant to the

Preliminary Approval Order in the manner and form approved by the Court and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

1.10.    "Class Settlement Amount" shall have the meaning set forth in Section 7.2.3.

1.11.    "Company" shall mean RVNB Holdings, Inc., a Delaware corporation, each of its direct or indirect subsidiaries and affiliates, each of its predecessors and Successors-In-Interest, and all of its present and former owners, officers, directors, employees, agents, fiduciaries, and representatives.

1.12.    "Court" shall mean the United States District Court for the Northern District of Texas, Dallas Division.

1.13.    "Defendants" shall mean Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Mike Paxton, Paul Generale, Nick Bouras, Sterling Investment Partners III, L.P., Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust.

1.14.    "Defendants' Counsel" or "Defense Counsel" shall mean counsel for Defendants: Holland & Knight LLP, McDermott Will & Emery, LLP, and Levin Schreder & Carey, Ltd..

1.15.    "Effective Date of Settlement" shall mean the first date on which both the Final Order in the Class Action and the Consent Judgement in the Secretary's Action have become Final.

1.16.    "ERISA" shall mean the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*., as amended, including all regulations promulgated thereunder.

1.17.    "Fairness Hearing" shall have the meaning set forth in Section 2.1.6.

1.18.    "Final" shall mean, with respect to any judicial ruling, judgment, or order, that the ruling, judgment, or order remains in effect and that the period for any appeals, petitions, motions for reconsideration, rehearing, or certiorari, or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand. Notwithstanding any other provision hereof, the Final Order shall be deemed Final without regard to whether: (i) the Court has entered an order regarding the Plan of Allocation or the award of attorneys' fees and expenses; (ii) any order referred to in (i) above has become Final; or (iii) any order referred to in (i) is reversed or modified on appeal.

1.19.    "Final Order" shall mean a final judgment and order of dismissal which is to be entered by the Court finally approving the terms of this Settlement Agreement and dismissing the Class Action with prejudice, substantially in the form of Exhibit C hereto.

1.20.    "Financial Institution" shall have the meaning set forth in Section 7.1.1.

1.21.  "Gross Settlement Amount" shall have the meaning set forth in Section 7.2.

1.22.  "Named Plaintiffs" or "Class Representatives" shall mean Jason Coleman and Jessica Casey and their respective Successors-In-Interest.

1.23.  "Net Settlement Amount" shall mean the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs; (b) all Administrative Expenses; and (c) any Case Contribution Awards pursuant to Section 10.3.

1.24.  "Non-Rollover-Electing Settlement Class Member" means a Settlement Class Member who does not submit a Rollover Form or whose Rollover Form is rejected by the Settlement Administrator.

1.25.  "Parties" shall mean the Named Plaintiffs, Defendants, and the Secretary.

1.26.  "Person" shall mean an individual, partnership, corporation, limited liability company, governmental entity, or any other form of legal entity or organization, and all of their Successors-In-Interest.

1.27.  "Plaintiffs' Complaint" shall mean the First Amended Complaint filed in the Class Action on April 3, 2020.

1.28.  "Plaintiffs' Counsel" shall mean Bailey & Glasser LLP and Ajamie LLP.

1.29.  "Plan" shall mean RVNB Holdings, Inc. Employee Stock Ownership Plan and any trust created under such Plan.

1.30.  "Plan of Allocation" shall mean the Plan of Allocation approved by the Court as contemplated by Section 2.1.5 and described in Section 8.2.

1.31.  "Preliminary Approval Order" shall mean the order preliminarily approving the Settlement substantially in the form attached as Exhibit B hereto.

1.32.  "Preliminary Approval Motion" shall have the meaning set forth in Section 2.1.1.

1.33.  "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Articles 4 & 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.34.  "Released Claims" shall have the meaning set forth in Section 3.1.

1.35.  "Released Parties" shall mean (a) Defendants and all of their Successors-In-Interest; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' attorneys, agents, directors, officers, general partners, limited partners, employees, affiliates, equity holders spouses, heirs, trusts, trustees, executors, administrators, assigns, or Representatives; (d) Brooke and Nicole Peterson; (e) the Nicole Peterson 2012 Irrevocable Trust and the Brooke Peterson 2012 Irrevocable Trust; (f) any affiliates or affiliated companies of any

Defendant that could have been named as a defendant in the Class Action or the Secretary's Action; (g) anyone that the Named Plaintiffs or the Secretary could have asserted was a fiduciary as to the Plan; and (h) anyone that the Named Plaintiffs or the Secretary could have asserted was a "party in interest" as to the Plan.

1.36. "Releasing Parties" shall mean (a) Named Plaintiffs (both in their individual capacity and as class representatives); (b) the Plan; (c) the Secretary; (d) the Settlement Class (including each and every member of the Settlement Class); and (e) all of the foregoing's respective Representatives, Successors-In-Interest and beneficiaries.

1.37. "Releases" shall mean the releases set forth in Article 3.

1.38. "Representatives" shall mean attorneys, administrators, agents, assigns, directors, executors, heirs, officers, trustees, and employees, predecessors and Successors-In-Interest.

1.39. "Rollover Form" shall mean the form substantially similar to Exhibit D that the Settlement Administrator will send with the Class Notice.

1.40. "Rollover-Electing Settlement Class Member" means a Settlement Class Member whose Rollover Form is accepted by the Settlement Administrator.

1.41. "Secretary" shall mean the Acting Secretary of Labor, Julie Su, and all of her Representatives and any successors substituted pursuant to Fed. R. Civ. P. 25(d).

1.42. "Secretary's Action" shall mean the enforcement action captioned *Julie A. Su, Acting Secretary, United States Department of Labor v. Robert Peterson,., Vasilia Peterson, Paul Generale, Neil Brozen, Nicole Peterson 2012 Irrevocable Trust, Brooke Peterson 2012 Irrevocable Trust*, and the *RVNB Holdings, Inc. Employee Stock Ownership Plan*, Case No. 3:22-cv-01869-BW, pending in the United States District Court for the Northern District of Texas, Dallas Division.

1.43. "Secretary's Complaint" shall mean the Complaint filed by the Secretary on October 29, 2021.

1.44. "Settlement" shall mean the settlement to be consummated under this Settlement Agreement pursuant to the Final Order and Consent Judgment.

1.45. "Settlement Administrator" shall mean Simpluris, an independent contractor to be retained by Plaintiffs' Counsel and approved by the Court for purposes of sending the Class Notices to the Settlement Class and establishing the settlement website and telephone support line. As Settlement Administrator, Simpluris is appointed the "administrator" of the Qualified Settlement Fund under Treas. Reg. § 1.468B-2(k)(3)(ii) and, consistent with Treas. Reg. § 1.468B-2(l)(2) and under the terms of this Settlement Agreement, is responsible for all tax withholding and reporting for the Qualified Settlement Fund and its distributions, including determining whether tax-qualified roll-over distributions may be offered to the Settlement Class Members, and administering the Settlement and Plan of Allocation.

1.46.   "Settlement Agreement" shall mean this Global Settlement Agreement and all of its exhibits, including any properly adopted and agreed modifications and amendments.

1.47.   "Settlement Class" shall mean all vested Participants in the RVNB Holdings, Inc. Employee Stock Ownership Plan as of June 29, 2017, the date of the termination of the Plan, or their Beneficiaries or Alternate Payees. With the exception of Nick Bouras, all Defendants are excluded from the Settlement Class and Defendants' Successors-In-Interest. Nick Bouras, or his Beneficiaries or Alternate Payees, shall be a member of the Settlement Class.

1.48.   "Settlement Class Members" or "Class Members" shall mean all individuals in the Settlement Class, including the Named Plaintiffs.

1.49.   "Successor-In-Interest" shall mean: a Person's estate, legal representatives, heirs, successors or assigns.

## II.    CONDITIONS TO THE EFFECTIVENESS OF THE SETTLEMENT

The Parties will use reasonable, good faith, best efforts to cause each of the conditions to the Settlement to occur within the times indicated.

2.1.    Condition #1: Court Approval. The Settlement shall have been approved by the Court in the Class Action in accordance with the following steps:

2.1.1   Motion for Preliminary Approval of Settlement and of Notices. The Named Plaintiffs will file a motion ("Preliminary Approval Motion") with the Court for entry of the Preliminary Approval Order. Named Plaintiffs shall give Defendants at least five (5) days to review the Preliminary Approval Motion before filing. Defendants may, but shall not be required to, submit papers in connection with the Preliminary Approval Motion.

2.1.2   Settlement Class. The Named Plaintiffs and Class Action Defendants agree to certification of the Settlement Class for settlement purposes only, and the Class Action Defendants agree not to challenge certification of the Settlement Class for settlement purposes. Named Plaintiffs and the Class Action Defendants further agree that, if the Settlement does not become Final, then no Settlement Class will be deemed to have been certified by, or as a result of, this Settlement Agreement, and the Class Action and the claims asserted therein will revert to their status as of the day immediately before the Agreement Execution Date. In such event, the Class Action Defendants will not be deemed to have consented to the certification of any class, and the agreements and stipulations in this Settlement Agreement and its exhibits concerning class certification shall not be used in any way to support any class definition, any class period, any class certification, or for any other purpose, and the Class Action Defendants will retain all rights to oppose class certification.

2.1.3    <u>Preliminary Approval Order; Issuance of Class Notice</u>. The Court shall issue the Preliminary Approval Order, substantially in the form of Exhibit B hereto. Subject to the requirements of the Preliminary Approval Order, Named Plaintiffs shall cause the Class Notice, substantially in the form of Exhibit A hereto, to be disseminated to the Settlement Class and shall post the Class Notice on a website for the Settlement Class. The Named Plaintiffs and Class Action Defendants will seek to set the Fairness Hearing for a date at least ninety (90) days after the mailing of the Class Notice to the Settlement Class and the date of mailing of CAFA Notices.

2.1.3.1 <u>Settlement Administrator</u>. Plaintiffs' Counsel shall provide, or cause to be provided, the names, last known addresses, and number of shares allocated to the Plan account of each member of the Settlement Class to the Settlement Administrator to the extent available with reasonable effort in electronic format, or such other format as the Settlement Administrator may reasonably request, at least twenty-one (21) days prior to the deadline for mailing notice. The reasonable costs associated with the Class Notices shall be paid from the Qualified Settlement Fund.

2.1.3.1.1    Named Plaintiffs and Defendants shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for any readily accessible data that they have from obtained from discovery, the settlement process, or through other reasonable efforts that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

2.1.3.1.2    The Settlement Administrator must agree to be bound by the Consent Protective Order entered in the Secretary's Action and any further non-disclosure or security protocol required by the Parties.

2.1.3.1.3    The Settlement Administrator shall use the data acquired in discovery, the settlement process, or through other reasonable efforts including from the Plan's former Recordkeeper, solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

2.1.3.1.4    At the request of any of the Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.1.3.1.5    The Settlement Administrator may communicate with the Plan's former recordkeeper, with prior notice to Plaintiffs' Counsel and Defense Counsel, if the Settlement Administrator believes that such communication may help to explain, verify, or supplement the information regarding the Class. Any reasonable expense incurred as a result of such communication, including legal fees, shall be deemed to be an Administrative Expense, and Plaintiffs' Counsel shall request payment or reimbursement of any such expense from the Qualified Settlement Fund. This does not include attorneys' fees and litigation costs and expenses, which are addressed in Sections 1.4 and 10.1. Defendants shall not be obligated to make any payment related to Plan records inquiries in connection with the Settlement.

2.1.4    <u>Other Notices</u>. Defendants shall prepare and provide the CAFA Notices required by CAFA, as specified by 28 U.S.C. § 1715, and in the form attached as Exhibit E, within ten (10) days of Named Plaintiffs filing the Preliminary Approval Motion with the Court. Defendants shall give Plaintiffs' Counsel the opportunity to review the notices at least three (3) days before service.

2.1.5    <u>Motion for Final Approval of Settlement</u>. Named Plaintiffs will file a motion seeking final approval of the Settlement (the "<u>Final Approval Motion</u>") with the Court no later than forty five (45) days before the Fairness Hearing date set by the Court in the Preliminary Approval Order. Plaintiffs' Counsel shall give Defendants' Counsel at least five (5) days to review and suggest changes to the Final Approval Motion before filing. Defendants may, but shall not be required to, submit papers in connection with the Final Approval Motion.

2.1.6    <u>The Fairness Hearing</u>. The Court will conduct a hearing at which it will consider whether the Settlement should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure ("<u>Fairness Hearing</u>"). At or after the Fairness Hearing, the Court will determine: (i) whether to enter the Final Order approving the Settlement and dismissing the Class Action; (ii) whether the distribution of the Net Settlement Fund as provided in Section 8.2 and as provided in the Plan of Allocation should be approved; (iii) what attorneys' fees and expenses should be granted to Plaintiffs' Counsel; and (iv) what case contribution award(s) should be granted to the Named Plaintiffs as contemplated by Article X of this Settlement Agreement. The Named Plaintiffs and Class Action Defendants agree to support entry of the Final Order as contemplated by clause (i) of this Section. The Class Action Defendants will not take any position, and are not required to take any position, with respect to the matters described in clauses (ii) or (iii) of this Section, nor will the Class Action Defendants enter into any agreement that restricts the application or disposition of the Settlement Fund. The Named Plaintiffs and Class Action Defendants covenant and agree that they will take all

reasonable steps and reasonably cooperate with one another in obtaining the Final Order as contemplated hereby at the Fairness Hearing.

2.1.7   <u>No Additional Actions</u>. Prior to the Fairness Hearing, no other party will have filed a separate class action or action on behalf of the Plan that asserts any of the Released Claims against any of the Released Parties.

2.2.   <u>Condition #2: Entry of the Consent Judgment in the Secretary's Action.</u> The Consent Judgment shall have been approved by the Court in the Secretary's Action substantially in the form of (meaning no material changes to) the form attached as Exhibit F.

2.3.   <u>Condition #3: Funding of Settlement Amount</u>. The Class Settlement Amount shall have been deposited into the Qualified Settlement Fund Account in accordance with Sections 7.1 and 7.2

2.4.   <u>Condition #4: Finality of Final Order</u>. The Final Order in the Class Action has become Final.

2.5.   <u>Condition #5: Dismissal of Claims in the Class Action and Secretary's Action</u>. Upon the entry of the Final Order, the Class Action and all claims asserted therein shall be dismissed with prejudice. Upon the entry of the Consent Judgment, the Secretary's Action and all claims asserted therein shall be dismissed with prejudice.

### III.   RELEASES

3.1.   <u>Released Claims</u>. Subject to Section 3.6 below, and effective upon the entry of the Final Order and Consent Judgment and payment by Defendants (or their insurers) of the Class Settlement Amount and the Penalty specified in Paragraphs III.A and III.C of the Consent Judgment, each and all of the Releasing Parties hereby fully, finally, and forever releases, relinquishes, and discharges, to the fullest extent permitted by law, each and all Released Parties from and against, and shall forever be enjoined from prosecution of the Released Parties for any and all Released Claims (as defined in this Section 3.1). The Release in this Section 3.1 is in addition to the effect of the Final Order and Consent Judgment entered in accordance with this Settlement Agreement. For purposes of this Settlement Agreement, "<u>Released Claims</u>" means any and all present or past claims, demands, damages, losses, offsets, obligations, liabilities, warranties, costs, fees, fines, penalties, expenses, rights of action, suits, and causes of action of every kind and nature whatsoever, whether under federal, state, local, or foreign law, whether based on contract, statute, regulation, ordinance, the common law, or another legal or equitable theory of recovery, whether known or unknown, suspected or unsuspected, existing or claimed at, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in law or in equity, that any of the Releasing Parties has against the Released Parties that:

(i)     pertain to the termination of the Plan;

(ii)    arise out of, relate to, or are based on the allegations, facts, matters, claims, causes of action, occurrences, or omissions before, up to, and including the

11

Agreement Execution Date and that are set forth in the Plaintiffs' Complaint or the Secretary's Complaint, including but not limited to:

(a)     breach of duties or obligations (including fiduciary duties and obligations) under ERISA to the Plan, to Named Plaintiffs, to the Settlement Class, or to the other participants in and beneficiaries of the Plan;

(b)     providing misleading information to Plan participants or beneficiaries;

(c)     failure to appoint, remove and/or adequately monitor the Plan's fiduciaries;

(d)     violation of ERISA duties related to the sale or redemption of Company stock by the Plan;

(e)     breach of ERISA duties in connection with the failure to avoid or resolve conflicts of interest in connection with the Company or the Plan;

(f)     participation in a breach of fiduciary duty or transaction prohibited by ERISA relating to the Company or the Plan; or

(g)     claims for injunctive or equitable relief relating to alleged violations of ERISA;

(iii)     would be barred by principles of *res judicata* had the claims asserted in the Class Action or the Secretary's Action been fully litigated and resulted in a final judgment or order; or

(iv)     pertain to any conduct related to the direction to calculate, the calculation of, and/or the method or manner of allocation or distribution of the Settlement Fund to the Plan or any participant in or beneficiary of the Plan pursuant to the Plan of Allocation.

3.2.    <u>Releases of Named Plaintiffs and Plaintiffs' Counsel</u>. Subject to Section 3.6 below, the Class Action Defendants (on behalf of themselves and each of their respective Released Parties) hereby agree and shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, Named Plaintiffs and Plaintiffs' Counsel from any and all present or past claims and causes of action associated with the claims and causes of action pled in the Plaintiffs' Complaint filed in the Class Action.

3.3.    <u>Releases of Secretary and Secretary's Counsel</u>. Subject to Section 3.6 below, the Secretary's Action Defendants (on behalf of themselves and each of their respective Released Parties) hereby agree and shall be deemed to have, and by operation of the

Consent Judgment Order shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution by the Secretary and the Secretary's Counsel from any and all present or past claims and causes of action pled in the Secretary's Complaint filed in the Secretary's Action, and the Secretary's Action Defendants waive any costs, expenses or attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

3.4.   <u>Mutual Release of Defendants</u>.   Subject to Section 3.6, Defendants (on behalf of themselves and each of their respective Released Parties) hereby agree and shall be deemed to have, and by operation of the Final Order and Consent Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of any and all present or past claims and causes of action pled, or that could have been pled, in the Class Action or Secretary's Action. Excluded from this release are any claims under agreements that exist between RVNB and Sterling Investment Partners III, L.P. and/or Paul Generale to be reimbursed for attorneys' fees and expenses in connection with respect to the Class Action or the Secretary's Action.

3.5.   <u>Scope of Releases</u>.   The Released Parties and the Releasing Parties intend and agree that the releases granted in this Article III shall be effective as a bar to any and all Released Claims. The Released Parties and the Releasing Parties hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory or other jurisdiction. Section 1542 reads in pertinent part:

A general release does not extend to claims that the creditor or releasing party does not or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

The Released Parties and the Releasing Parties each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that no Released Party or Releasing Party, would enter into this Settlement Agreement unless it included a broad release of the Releasing Party's claims. The Released Parties and the Releasing Parties expressly agree that all release provisions in this Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions. The Releasing Parties assume for themselves, the risk of his, her, or its, respective subsequent discovery or understanding of any matter, fact, or law, that, if now known or understood, would in any respect have affected his, her, or its entry in this Settlement Agreement.

3.6.   <u>Claims Not Released</u>. The releases set forth in this Article III (the "<u>Releases</u>") are not intended to include the release of any rights or duties arising out of this Settlement Agreement, including the express representations, warranties, and covenants in this Settlement Agreement; provided, however, that the Parties and their respective counsel shall have no responsibility or liability whatsoever with respect to the method and manner

of allocation of the Settlement Fund, and Defendants and Defendants' Counsel shall have no liability whatsoever with respect to the distribution of the Class Settlement Amount.

## IV.    COVENANTS

4.1.    <u>Covenants Not to Sue</u>.

    4.1.1    Named Plaintiffs covenant and agree on their own behalf, and on behalf of the Settlement Class and on behalf of the Plan: (i) not to commence or assert against any Released Party any action or claim released herein as a Released Claim, or any claim or action based on or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims or actions against any of the respective Released Parties.

    4.1.2    The Secretary covenants and agrees (i) not to commence or assert against any Released Party any action or claim released herein as a Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims or actions against any of the respective Released Parties.

    4.1.3    Defendants covenant and agree: (i) not to commence or assert against any Released Party any action or claim released herein as a Released Claim, or any claim or action based on or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims or actions against any of the respective Released Parties. Excluded from this release are any claims under agreements that exist between RVNB and Sterling Investment Partners III, L.P and/or Paul Generale to be reimbursed for attorneys' fees and expenses in connection with respect to the Class Action or the Secretary's Action.

4.2.    <u>Taxation of Settlement Fund</u>. Named Plaintiffs and the Secretary acknowledge on their own behalf, and on behalf of the Settlement Class and on behalf of the Plan, that the Released Parties have no responsibility for any taxes due on funds once deposited in the Qualified Settlement Fund Account or that Plaintiffs' Counsel receive from the Class Settlement Amount, should any be awarded pursuant to Article X hereof. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the Qualified Settlement Fund.

## V.    REPRESENTATIONS AND WARRANTIES

5.1.    <u>Named Plaintiffs' Representations and Warranties</u>.

    5.1.1    Named Plaintiffs represent and warrant that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Party and further covenant that they will not assign or otherwise transfer any interest in any Released Claims.

    5.1.2    Pursuant to Articles III and IV, Named Plaintiffs represent and warrant that they shall have no surviving claim or cause of action against any of the Released Parties

with respect to the Released Claims except as may relate to enforcement of the terms of this Settlement, if, as, and when approved by the Court.

5.2.    Secretary's Representations and Warranties.

5.2.1    The Secretary represents and warrants that it has not assigned or otherwise transferred any interest in any Released Claims against any Released Party and further covenants that it will not assign or otherwise transfer any interest in any Released Claims.

5.2.2    Pursuant to Articles III and IV, the Secretary represents and warrants that it shall have no surviving claim or cause of action against any of the Released Parties with respect to the Released Claims except as may relate to enforcement of the terms of this Settlement, if, as, and when approved by the Court.

5.3.    Parties' Representations and Warranties. The Parties each represent and warrant:

5.3.1    That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their respective counsel, with the assistance and recommendation of the Mediator, Maxine Aaronson, that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights, obligations, and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representation, statement, or omission pertaining to any of the foregoing matters by any party or by any Person representing any party to this Settlement Agreement. With respect to the Settlement, each of the Parties assumes the risk of mistake as to facts and/or law.

5.3.2    That they have read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of such Party. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary or appropriate.

5.3.3    Each individual executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

5.3.4    Defendant Neil Brozen is contributing, or causing to be contributed, seven million dollars ($7,000,000) towards the settlement and the other Defendants, collectively,

15

are contributing, or causing to be contributed, seven million dollars ($7,000,000) towards the settlement. Defendant Neil Brozen and the other Defendants shall have each satisfied his, her, or its obligations under this Settlement Agreement by making his, her, or its respective $7,000,000 contribution and will not be liable, or in breach of this Settlement Agreement, in the event of a breach by another Defendant.

## VI.    USE AND EFFECT OF SETTLEMENT AGREEMENT

The Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding of fiduciary status under ERISA, any wrongdoing by Defendants under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority, or give rise to any inference of fiduciary status under ERISA or wrongdoing or admission of wrongdoing or liability under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority in this proceeding. This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual, and are not admissions of any damages or losses.  Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except: (i) in an action or proceeding arising under this Settlement Agreement, arising out of or relating to the Preliminary Approval Order or the Final Order, or arising out of or relating to the entry of the Consent Judgment; or (ii) in an action or proceeding where one or more of the Releases provided pursuant to this Settlement Agreement may serve as a bar to prosecution of the action or proceeding or as a bar to recovery.

## VII.   THE SETTLEMENT FUND AND DELIVERIES
## INTO THE SETTLEMENT FUND

7.1.  The Settlement

The Parties have agreed to resolve all matters in controversy between them in the Class Action and the Secretary's Action for the sum total of $14,000,000, inclusive of a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l). Responsibility for payment of the $14,000,000 shall be as follows: (a) Defendant Neil Brozen shall pay, or cause to be paid, the sum total of $7,000,000; and (b) the other Defendants shall cumulatively pay, or cause to be paid, the sum total of $7,000,000.

7.2.  The Settlement Fund

7.2.1  No later than ten (10) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall cause to be established an account for the safekeeping of the Settlement payments (the "Settlement Fund Account"), which shall be an interest-bearing account and considered a common fund created as a result of the Class Action. The Settlement Fund Account shall be governed by this Settlement Agreement and orders of the Court. The Parties agree that the escrow account is intended to be, and will be, an interest-bearing Settlement Fund

Account within the meaning of U.S. Department of Treasury Regulation § 1.468B-1 (26 C.F.R. § 1.468B-1).

7.2.2   The Settlement Fund Account shall be governed by this Settlement Agreement. Plaintiffs' Counsel shall provide to Defendants' Counsel: (i) written notification of the date of establishment of the Qualified Settlement Fund t; (ii) written notification of the following information regarding the Qualified Settlement Fund: bank name, bank address, ABA number, account number, account name, and IRS Form W-9 and taxpayer identification number; and (iii) any additional information needed for Defendants to cause the Class Settlement Amount, defined in Section 7.2.3, to be deposited into the Qualified Settlement Fund. Plaintiffs' Counsel shall direct the Settlement Administrator to make distributions by wire transfer or check from the Qualified Settlement Fund only in strict accordance with the Settlement Agreement and Court Orders. No other disbursements may be authorized by Plaintiffs' Counsel.

7.2.3   Within forty five (45) days of the entry of the Preliminary Approval Order, Defendants shall cause One Hundred and Fifty Thousand Dollars ($150,000) to be deposited into the Qualified Settlement Fund for purposes of payment of Administrative Expenses as defined in Section 8.1. However, if Plaintiffs' Counsel has not provided Defense Counsel with the notifications and information required in Section 7.2.2(i)-(iii) within twenty (20) days of the entry of the Preliminary Approval Order, then the deadline for Defendants to cause the $150,000 to be deposited into the Qualified Settlement Fund Account shall be extended to ten (10) calendar days after the date on which Plaintiffs' Counsel provides the notifications and information required in Section 7.2.2(i)-(iii). Thirty (30) calendar days after the Effective Date of Settlement, Defendants or their insurers shall cause an additional Twelve Million, Five Hundred Seventy Seven Thousand, Two Hundred Seventy Two Dollars and Seventy Three Cents ($12,577,272.73) to be deposited into the Qualified Settlement Fund Account. The two payments described in this Section 7.2.3 collectively comprise the "Class Settlement Amount." Payment of the Class Settlement Amount shall be allocated as follows: (a) Defendant Neil Brozen shall pay, or cause to be paid, one-half (50%) of the Class Settlement Amount; and (b) the other Defendants shall cumulatively pay, or cause to be paid, one-half (50%) of the Class Settlement Amount.

7.2.4   The Class Settlement Amount, together with interest earned thereon, shall constitute the "Gross Settlement Amount." Under no circumstances shall Defendants or their insurers be responsible for any payments, costs, or fees whatsoever under the Settlement beyond the obligations to cause the amount set forth in Section 7.2.3 to be deposited in the Qualified Settlement Fund as provided in this Article VII and the payment of the ERISA Penalty as provided in Section 7.3.

7.2.5   The Qualified Settlement Fund shall be structured and managed by Plaintiffs' Counsel to qualify as a Qualified Settlement Fund under Section 468B of the

17

Internal Revenue Code and provide reports to Plaintiffs' Counsel for tax purposes. It is intended that the Qualified Settlement Fund be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified plans. The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment. All taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be the responsibility of Plaintiffs and the Settlement Class and shall be paid out of the Qualified Settlement Fund. The Class Settlement Amount will go into the Qualified Settlement Fund. Each of Plaintiffs' Counsel shall have signature authority over the Qualified Settlement Fund Account. Plaintiffs' Counsel shall direct the Settlement Administrator to pay from Qualified Settlement Fund the costs and expenses of the Qualified Settlement Fund charged to the Qualified Settlement Fund in accordance with Section 8.1. Plaintiffs' Counsel may instruct the Settlement Administrator to reserve any portion of the Qualified Settlement Fund for the purpose of satisfying future or contingent expenses or obligations, including expenses of Qualified Settlement Fund administration or any disbursement provided under the terms of this Settlement Agreement. Defendants take no position, directly or indirectly, with respect to such matters. The Parties acknowledge and agree that Defendants shall have no authority, control, or liability in connection with the design, management, administration, investment, maintenance, or control of the Qualified Settlement Fund, or any distribution therefrom, or for any expenses the Qualified Settlement Fund may incur, or for any taxes that may be payable by the Qualified Settlement Fund or any distribution therefrom.

7.3.    ERISA Penalty. Upon full payment of the Class Settlement Amount, the Secretary's Action Defendants shall be assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l) ("Penalty"). For purposes of calculating the Penalty, the Secretary and Defendants agree the "applicable recovery amount" is $12,727,272.73. The Secretary has agreed to accept a total of $1,272,727.27, which is a Penalty equal to 10% of the Class Settlement Amount. The Secretary's Action Defendants waive their right to a separate notice of assessment of the penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), and the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Defendants also waive their right to request a waiver of the ERISA § 502(l) Penalty pursuant to ERISA § 502(l)(3) and 29 C.F.R. § 2570.85. Payment of the Penalty shall be allocated as follows: (a) Defendant Neil Brozen shall pay, or cause to be paid, one-half (50%) of the Penalty; and (b) the other Defendants in the Secretary's Action shall cumulatively pay, or cause to be paid, one-half (50%) of the Penalty. The Secretary's Action Defendants shall remit the Penalty to the Secretary online at https://www.pay.gov/public/form/start/1063197296, referencing EBSA Case No. 63-026526.

7.4.    Sole Monetary Contribution. The Class Settlement Amount and Penalty shall be the full and sole monetary contribution made by the Released Parties in connection with this Settlement Agreement. The Class Settlement Amount covers any claims for expenses and attorneys' fees by Named Plaintiffs, on their behalf or on behalf of the Settlement Class, the Secretary, as well as any expenses of the Class Notice and Settlement

administration. Except as otherwise specified in this Settlement Agreement, the Parties shall bear their own expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary court orders and approvals with respect to the same.

7.5.   <u>Receipt of Class Settlement Amount</u>. Within 30 days after full payment of the Class Settlement Amount, the Settlement Administrator shall provide to Plaintiffs' Counsel and Counsel for the Secretary a statement for the Qualified Settlement Fund showing receipt of the Class Settlement Amount.

## VIII.   PAYMENTS FROM THE SETTLEMENT FUND

8.1.   <u>Administration Expenses</u>. Plaintiffs' Counsel may direct the Settlement Administrator in writing, without notice to Defendants or further order of the Court, to disburse from the Qualified Settlement Fund: (i) the amount required for payment of any taxes owed by the Qualified Settlement Fund, and (ii) amounts for the reasonable expenses of administering the Qualified Settlement Fund, including (a) reasonable expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the Qualified Settlement Fund; (b) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the Qualified Settlement Fund; (c) fees charged and expenses incurred by the Escrow Agent associated with the administration of the Qualified Settlement Fund; and (d) reasonable costs incurred by the Settlement Administrator in preparing and mailing notice and any supplemental notice to the Settlement Class. This does not include attorneys' fees and litigation costs and expenses, which are governed by Sections 1.4 and 10.1.

8.2.   <u>Disbursements from the Settlement Fund</u>.

8.2.1   Following the Effective Date of Settlement, Plaintiffs' Counsel may direct the Settlement Administrator in writing, without notice to Defendants or further order of the Court, to disburse money from the Qualified Settlement Fund as provided in Section 10.2 and 10.3 and pursuant to the Plan of Allocation as provided below in this Section 8.2 and approved by the Court.

8.2.2   <u>Plan of Allocation</u>. For each Settlement Class Member identified by the Settlement Administrator, the Settlement Administrator shall calculate a Settlement Credit Amount. Each Settlement Class Member's Settlement Credit Amount shall be equal to the Net Settlement Amount multiplied by the percentage of Company stock held in the Class Member's Plan account as of June 29, 2017.[1]

---

[1]   For illustrative purposes, if it is assumed that (i) the Net Settlement Amount equals $10 million, (ii) the total shares of stock allocated to Participants' Plan accounts on June 29, 2017 equals 52,000 shares; and (iii) Class Member A Plan account held 100 shares, then Class Member A's Settlement Credit Amount equals $19,230. This is because Class Member A's percentage of the stock allocated to Plan Participants' Accounts equals 0.1923% (100/52,000=0.001923), and the Net Settlement Amount multiplied by 0.1923% equals $19,230

In accordance with the procedures set forth in this Article, as approved or modified by the Court, the Settlement Administrator will distribute to each Class Member their Settlement Credit Amount. Any Settlement Credit Amounts distributed but not claimed shall revert to the Qualified Settlement Fund and be re-distributed *pro rata* to Settlement Class Members who claimed their Settlement Credit Amounts.

8.2.3    The Plan of Allocation shall be prepared by Plaintiffs' Counsel and submitted to the Court for preliminary and final approval in connection with the preliminary and final approval motions contemplated by the Settlement Agreement, and shall provide for the allocation of the Qualified Settlement Fund net of the disbursements discussed herein ("Net Settlement Fund"). If the Court rejects this Plan of Allocation, Plaintiffs' Counsel shall provide their revised plan of allocation for review and comment by Defendants' Counsel and Counsel for the Secretary before submission to the Court.

8.2.4    Defendants shall have no responsibility for structuring the content of the Plan of Allocation, but will have the right to review it for feasibility and cost of implementation before presentation to the Court. Costs of implementing the Plan of Allocation, including the costs of calculating the disbursements of the Net Settlement Fund to the members of the Settlement Class, the costs of distributing such Net Settlement Fund, and all the Settlement Administrator's fees shall be paid from the Qualified Settlement Fund. Confirmation of the allocation of the Net Settlement Fund to the members of the Settlement Class shall be performed by the Settlement Administrator, whose costs and fees shall be paid from the Qualified Settlement Fund.

8.2.5    Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall take no position for or against the Plan of Allocation. Plaintiffs, Plaintiffs' Counsel, the Secretary, Counsel for the Secretary, Defendants, and Defendants' Counsel shall have no responsibility or liability for or in connection with the calculations and distributions of the Net Settlement Fund to the members of the Settlement Class. In the event of an error by the Settlement Administrator in the calculations or distributions of the Net Settlement Fund to the members of the Settlement Class, the Settlement Administrator shall correct the error within a reasonable amount of time.

8.2.6    The aggregate of all Settlement Credit Amounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that aggregate monetary payment pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such *pro rata* changes as are necessary to ensure that the aggregate monetary payment pursuant to the Plan of Allocation does not exceed the Net Settlement Amount.

---

($10,000,000*0.001923=$19,230).

8.3    Final List of Class Members. Prior to the disbursement of the Net Settlement Amount to the Class Members, the Settlement Administrator shall provide to Defense Counsel, Counsel for the Secretary and Plaintiffs' Counsel a final list of Class Members to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only persons on the list shall be eligible to receive any recovery from this Settlement.

8.4.    Initial Distribution of Settlement Credit Amounts to Class Members.

8.4.1.    For each Rollover-Electing Class Member, no later than twenty (20) business days following the Settlement Effective Date, the Settlement Administrator shall attempt to effect a rollover of the Class Member's Settlement Credit Amount from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by each Rollover-Electing Class Member in their Rollover Form, if the conditions for such rollover are satisfied and adequate paperwork necessary to transfer such Settlement Credit Amount by rollover has been provided.

8.4.2.    If the Settlement Administrator is unable to effectuate the rollover instructions of any Rollover-Electing Class Member as provided in their Rollover Form due to inadequate information supplied by the Class Member or failure by the custodian of the individual retirement account or other eligible employer plan designated by the Class Member to claim the Class Member's Settlement Credit Amount within thirty (30) days of its issuance from the Qualified Settlement Fund, the Class Member will be treated as a Non-Rollover-Electing Class Member.

8.4.3.    Non-Rollover-Electing Class Members. For each Non-Rollover-Electing Class Member, no later than twenty (20) business days following the Settlement Effective Date, or as soon as practicable if the Class Member becomes a Non-Rollover-Electing Class Member, the Settlement Administrator shall distribute the Class Member's Settlement Credit Amount from the Qualified Settlement Fund by calculating and withholding any taxes required to be withheld and mailing a check for the remainder of the Settlement Credit Amount to the Settlement Class Member.

8.4.4.    Before mailing any check to a Settlement Class Member, the Settlement Administrator shall (a) determine whether the Settlement Class Member has provided an updated mailing address to Class Counsel or the Settlement Administrator and (b) use commercially reasonable efforts to attempt to verify the Settlement Class Member's mailing address and search for any new address information. Each check shall be sent to the mailing address determined, in the judgment of the Settlement Administrator, most likely to reach the Settlement Class Member.

8.4.5.    For each check issued, other than any permitted rollover, the Settlement Administrator shall (1) calculate and withhold any applicable taxes required to be withheld associated with the payments allocable to the Class Member; (2) report such payments and remit such tax withholdings to the Internal Revenue Service and

applicable state and local revenue agents; and (3) issue appropriate tax forms to the Class Member.

8.5.  Expiration of Checks and Disbursement of Unclaimed Settlement Credit Amounts.

8.5.1.  For Non-Rollover-Electing Class Members, the Settlement Administrator may issue up to three checks to attempt to distribute their Settlement Credit Amount to them. The first round of checks issued pursuant to this Plan of Allocation shall expire sixty (60) calendar days after their issue date. For Class Members who fail to cash checks issued in this first round before the expiration date of the check, the Settlement Administrator will endeavor to locate an alternative current address. If an alternative address is identified, a second round of checks will be issued to Settlement Class Members who failed to cash checks issued in the first round and for whom an alternative address is identified. These checks will expire ninety (90) calendar days after their issue date. Additionally, starting thirty (30) days after a check has been mailed to a Settlement Class Member but not cashed and continuing until all second round checks have expired, the Settlement Administrator may stop payment on the check (if necessary) and re-issue the check to the Settlement Class Member if (a) the Settlement Class Member contacts the Settlement Administrator and reports that the check was lost or not received and (b) provides or confirms to the Settlement Administrator the mailing address to which the Settlement Class Member would like the check to be re-issued. Any check re-issued at the request of a Class member pursuant to this Section shall expire sixty (60) calendar days after its issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

8.5.2.  After all efforts permitted by Section 8.5.1 to distribute each Settlement Credit Amount to the Class Member for whom it was calculated have been exhausted, all Settlement Credit Amounts that reverted to the Qualified Settlement Fund shall be re-distributed pro rata to the Class Members who received their Settlement Credit Amounts in the same manner that such Class Members received the Settlement Credit Amount initially allocated to them.

8.6.  Responsibility for Taxes.

8.6.1.  The Parties acknowledge that any payments to Settlement Class Members may be subject to applicable tax laws. Defense Counsel, Defendants, the Named Plaintiffs, Plaintiffs' Counsel, the Secretary, and the Counsel for the Secretary will not provide tax advice to the Class Members and will make no representations regarding the tax consequences of any of the Settlement payments described in this Settlement Agreement. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law and the terms of this Settlement Agreement in respect of all payments or distributions made under the Settlement Agreement.

8.6.2.  The Settlement Administrator is the "administrator" of the Qualified Settlement Fund under Treas. Reg. § 1.468B-2(k)(3)(ii) and the terms of this Settlement Agreement. Consistent with Treas. Reg. § 1.468B-2(l)(2), and under the terms of this Settlement Agreement, the Settlement Administrator shall have sole responsibility for tax withholding and reporting for the Qualified Settlement Fund and its distributions, and the fulfillment of plan administrative functions related to the distributions, including determining whether the distributions to the Settlement Class Members qualify as eligible rollover distributions within the meaning of Code Section 402 and implementing regulations and, if so, for compliance with same, including responsibility for any notices that may be required for such distributions.

8.6.3.  Each Settlement Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state and local taxes resulting from or attributable to the payment received by such person. Each Settlement Class Member shall hold Defendants, Defense Counsel, Released Parties, Plaintiffs' Counsel, the Secretary, the Counsel for the Secretary, and the Settlement Administrator harmless from (a) any tax liability, including without limitation penalties and interest, related in any way to payments or credits under the Settlement Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit) related to such tax liability.

8.7.  The Released Parties shall have no responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Qualified Settlement Fund or otherwise; (b) the management, investment, or distribution of the Qualified Settlement Fund; (c) the Plan of Allocation as approved by the Court; (d) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting or payments to or tax withholding from payments made to Class Members from the Qualified Settlement Fund, or the filing of any returns. Further, the Released Parties shall have no responsibility for or liability whatsoever with respect to any act, omission, or determination of the Settlement Administrator in connection with the administration of the Qualified Settlement Fund, including the offering of a tax-qualified rollover to Class Members, or otherwise.

8.8.  Report of Settlement Payments. Within 30 days after the latest expiration date of any checks issued to Class Members, the Settlement Administrator shall prepare and provide to Defense Counsel, Counsel for the Secretary, and Plaintiffs' Counsel a report listing (i) each person who received a settlement payment; (ii) the form of the settlement payment (i.e., rollover or check); (iii) the gross amount of the settlement payment; (iv) the net amount of the settlement payment after any tax withholdings; (v) the date of issuance of the settlement payment; and (vi) the date the settlement payment cleared, if applicable.

## IX. TERMINATION OF THE SETTLEMENT AGREEMENT

9.1.   Termination. Prior to entry of the Final Order and the entry of the Consent Judgment, automatic termination of this Settlement Agreement will occur under the following circumstances:

9.1.1   If the Court, in either the Class Action or the Secretary's Action, declines to approve the Settlement, then this Settlement Agreement shall automatically terminate thirty (30) days after such order becomes Final.

9.1.2   If (i) the Court, in either the Class Action or the Secretary's Action, enters an order modifying the economic terms of this Settlement Agreement or materially modifying any term of the Final Order or Consent Judgment, and (ii) within twenty (20) days after the date of any such ruling or within twenty (20) days after the date of the Court's order following a motion for reconsideration of any such ruling, whichever is later, the Party detrimentally affected by the modification(s) declines to waive its objections to the modifications and the Parties otherwise are not able to reach an agreement in light of the modifications, then this Settlement Agreement shall automatically terminate on the twentieth (20th) day after issuance of the order referenced in this Section 9.1.2.

9.1.3   If any or all of the conditions of Article II of this Settlement Agreement are not satisfied in accordance with their terms and substantially in accordance with the timetable set forth in that Article, then this Settlement Agreement shall be terminable by any Party (unless the Party seeking termination caused the failure) thirty (30) days after the applicable deadline set forth in Article II has passed; provided, however, that the Party or Parties that caused the conditions of Article II to not be satisfied shall first be given reasonable notice in writing and an opportunity to cure the deficiency. Notwithstanding anything in this Section 9.1, the Settlement Agreement is not subject to termination solely as a result of a decision or order of the Court concerning an award of attorneys' fees or expenses to Plaintiffs' Counsel.

9.2.   Consequences of Termination of the Settlement Agreement. If the Settlement Agreement is terminated for any reason specified in Section 9.1, the following shall occur:

9.2.1   The Settlement Agreement and the Settlement shall be deemed void and of no further force and effect, with the Parties reserving all rights and returning to their respective positions on the day immediately before the Agreement Execution Date. Notwithstanding the foregoing, the following provisions of this Settlement Agreement shall remain in effect and shall survive the termination of the Settlement Agreement: Article V (Representations and Warranties); Article VI (No Admission of Liability); this Article IX (Termination of the Settlement Agreement); and Article XI (Miscellaneous Provisions).

9.2.2   The Class Action and Secretary's Action shall, for all purposes with respect to the Parties, revert to their respective status as of the day immediately before the Agreement Execution Date.

9.2.3   After payment of any Administration Expenses as defined in paragraph 8.1, any funds remaining in the Qualified Settlement Fund will be returned to Defendants. Plaintiffs, Plaintiffs' Counsel, the Settlement Class, the Secretary, and Counsel for the Secretary shall in no event be liable for payment of such Administration Expenses.

## X.    ATTORNEYS' FEES AND EXPENSES

10.1.   <u>Application for Attorneys' Fees and Expenses</u>. Plaintiffs' Counsel may apply to the Court for an award to Plaintiffs' Counsel of attorneys' fees and for reimbursement of litigation expenses and costs associated with the Class Action in a total amount not to exceed fifteen percent (15%) of the Class Settlement Amount, to be paid from the Class Settlement Amount of the Qualified Settlement Fund. Plaintiffs' Counsel's attorneys' fees may include attorneys' fees and litigation costs and expenses incurred in securing all necessary Court orders and approvals with respect to the Settlement Agreement.

10.2.   <u>Disbursement of Attorneys' Fees and Expenses</u>.

10.2.1   Following the Effective Date of Settlement and Court approval of Plaintiffs' Counsel's motion for attorneys' fees and expenses, Plaintiffs' Counsel may instruct the Escrow Agent in writing to disburse payment of attorneys' fees and expenses from the Class Settlement Amount of the Qualified Settlement Fund immediately.

10.2.2   If, at the time of any disbursement from the Class Settlement Amount of the Qualified Settlement Fund pursuant to Article VIII, there shall be a pending application for attorneys' fees or expenses, there shall be reserved in the Class Settlement Amount of the Qualified Settlement Fund an amount equal to the amount of the pending application, until such time as the Court shall rule upon such application and such ruling shall become Final.

10.3.   <u>Case Contribution Awards</u>. Following the Effective Date of Settlement and upon Court approval, Plaintiffs' Counsel may instruct the Escrow Agent in writing to disburse payment of case contribution awards to each Named Plaintiff in an amount not to exceed $20,000 to be paid from the Class Settlement Amount of the Qualified Settlement Fund.

## XI.    MISCELLANEOUS PROVISIONS

11.1.   <u>Governing Law</u>. This Settlement Agreement shall be governed by the laws of the State of Texas without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

11.2.   <u>Return of Materials</u>. Each Party that received material designated "confidential" from an opposing Party or third party in the course of litigating the Class Action or the Secretary's Action shall, within sixty (60) days after the Effective Date of Settlement, comply with its obligations under Paragraph 16 of the Consent Protective Order entered in the Secretary's Action (ECF No. 28).

11.3.   <u>Retention of Privilege</u>. Nothing in this Settlement Agreement, or the negotiations relating to it, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

11.4.   <u>Severability</u>. The material provisions of this Settlement Agreement are not severable.

11.5.   <u>Amendment</u>. Before entry of the Final Order and Consent Judgment, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties. Following entry of the Final Order and Consent Judgment, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties and approved by the Court.

11.6.   <u>Waiver</u>. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

11.7.   <u>Construction</u>. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.8.   <u>Principles of Interpretation</u>. The following principles of interpretation apply to this Settlement Agreement.

11.8.1   <u>Headings</u>. The headings of this Settlement Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

11.8.2   <u>Singular and Plural</u>. Definitions apply to the singular and plural forms of each term defined.

11.8.3   <u>Gender</u>. Definitions apply to the masculine, feminine, and neuter genders of each terns defined.

11.8.4   <u>Terms of Inclusion</u>. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation." The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a sentence or clause all subject matter

that might otherwise be construed to be outside of its scope. The terms "herein," "hereof," and the like shall be deemed to refer to this Settlement Agreement as a whole.

11.9.   Further Assurances. Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that he, she, or it will, in good faith, execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

11.10.   Survival. All representations, warranties, and covenants set forth in this Settlement Agreement (including Articles IV, V, and VI hereof) shall be deemed continuing and shall survive the Effective Date of Settlement.

11.11.   Notices. Any notice, demand, or other communication under this Settlement Agreement (other than the Class Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, electronic mail or delivered by reputable express overnight courier:

IF TO NAMED PLAINTIFFS:

Gregory Porter
Bailey & Glasser, LLP
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
GPorter@baileyglasser.com

IF TO THE SECRETARY OF LABOR:

Tina D. Davila
Alyssa C. George
Christine D. Han
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
Davila.Tina.D@dol.gov
George.Alyssa.C@dol.gov
Han.Christine.D@dol.gov


Allyson D. Gault
U.S. Department of Labor
Office of the Solicitor

525 South Griffin Street, Suite 501
Dallas, TX 75202-5020
Gault.Allyson.D@dol.gov


IF TO THE DEFENDANTS:

Todd D. Wozniak
Lindsey R. Camp
**HOLLAND & KNIGHT, LLP**
1180 West Peachtree Street NW
Atlanta, Georgia 30309
todd.wozniak@hklaw.com
lindsey.camp@hklaw.com


J. Christian Nemeth
**MCDERMOTT WILL & EMERY LLP**
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
jcnemeth@mwe.com


Peter B. Allport
**LEVIN SCHREDER & CAREY, Ltd.**
120 North LaSalle Street, Floor 38
Chicago, Illinois 60602
pallport@lsclaw.com

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

11.12.  <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement among the Parties relating to the Settlement. It specifically supersedes any settlement terms or settlement agreement relating to Named Plaintiffs, the Secretary and Defendants that were previously agreed orally or in writing by any of the Parties, including the Parties' term sheet.

11.13.  <u>Counterparts</u>. This Settlement Agreement may be executed by exchange of faxed or electronically transmitted (.pdf) executed signature pages, and any signature transmitted by facsimile or .pdf for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.14.  <u>Binding Effect</u>. This Settlement Agreement binds and inures to the benefit of the Parties hereto, their respective assigns, heirs, administrators, executors, Successors-In-Interest, and Representatives.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

FOR NAMED PLAINTIFF JASON COLEMAN

Dated: December 20, 2024

By: _____

FOR NAMED PLAINTIFF JESSICA CASEY

Dated: December 20, 2024

By: _____

FOR THE SECRETARY OF LABOR

Dated: _____, 2024

By: _____

Title: _____

FOR DEFENDANT NEIL BROZEN

Dated: _____, 2024

By: _____

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

FOR NAMED PLAINTIFF JASON COLEMAN

Dated: _____, 2024

By:    _____

FOR NAMED PLAINTIFF JESSICA CASEY

Dated: _____, 2024

By:    _____

FOR THE SECRETARY OF LABOR

Dated: December 20, 2024

By:    DEBORAH PERRY  Digitally signed by DEBORAH PERRY
       Date: 2024.12.20 09:20:09 -06'00'

Title:    __Regional Director_____

FOR DEFENDANT NEIL BROZEN

Dated: _____, 2024

By:    _____

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

FOR NAMED PLAINTIFF JASON COLEMAN

Dated: _____, 2024

By: _____

FOR NAMED PLAINTIFF JESSICA CASEY

Dated: _____, 2024

By: _____

FOR THE SECRETARY OF LABOR

Dated: _____, 2024

By: _____

Title: _____

FOR DEFENDANT NEIL BROZEN

Dated: _12 - 21_, 2024

By: _____

29

FOR DEFENDANT STERLING
INVESTMENT PARTNERS III, L.P.

BY: STERLING INVESTMENT PARTNERS
 MANAGEMENT III, LLC, ITS GENERAL PARTNER

Dated: <u>December 26</u>, 2024

By: _____

Title: <u>Authorized Signatory</u>

FOR DEFENDANT BROOKE
PETERSON 2012 IRREVOCABLE TRUST

Dated: _____, 2024

By: _____

Title: _____

FOR DEFENDANT NICOLE
PETERSON 2012 IRREVOCABLE TRUST

Dated: _____, 2024

By: _____

Title: _____

FOR DEFENDANT STERLING
INVESTMENT PARTNERS III, L.P.

Dated: _____, 2024

By: _____

Title: _____


FOR DEFENDANT BROOKE
PETERSON 2012 IRREVOCABLE TRUST

Dated: _12-31_, 2024

By: _____

Title: _TRUSTEE BROOKE PETERSON_
2012 IRREVOCABLE TRUST


FOR DEFENDANT NICOLE
PETERSON 2012 IRREVOCABLE TRUST

Dated: _12-31_, 2024

By: _____

Title: _TRUSTEE - Nicole Peterson_
2012 IRREVOCABLE TRUST

31

FOR DEFENDANT ROBERT PETERSON, JR.

Dated: _____, 2024

By: _____

FOR DEFENDANT VASILIA PETERSON

Dated: _____, 2024

By: _____

FOR DEFENDANT PAUL GENERALE

Dated: _____, 2024

By: _____

FOR DEFENDANT NICK BOURAS

Dated: *Dec. 19*, 2024

By: *Nick Bouras*

FOR DEFENDANT MIKE PAXTON

Dated: *Jan. 8, 2025*, ~~2024~~

By: *[signature]*

Title: *POA for Michael Paxton*

FOR DEFENDANT ROBERT PETERSON, JR.

Dated: 12/19, 2024

By: _____

FOR DEFENDANT VASILIA PETERSON

Dated: 12/20, 2024

By: _____

FOR DEFENDANT PAUL GENERALE

Dated: _____, 2024

By: _____

FOR DEFENDANT NICK BOURAS

Dated: Dec. 19, 2024

By: _____

FOR DEFENDANT MIKE PAXTON

Dated: _____, 2024

By: _____

Title: _____

30



FOR DEFENDANT ROBERT PETERSON, JR.

Dated: _____, 2024

By: _____

FOR DEFENDANT VASILIA PETERSON

Dated: _____, 2024

By: _____

FOR DEFENDANT PAUL GENERALE

Dated: December 20 , 2024

By: _____

FOR DEFENDANT NICK BOURAS

Dated: _____, 2024

By: _____

FOR DEFENDANT MIKE PAXTON

Dated: _____, 2024

By: _____

Title: _____

**EXHIBITS TO THE SETTLEMENT AGREEMENT**

Exhibit A    Class Notice

Exhibit B    Preliminary Approval Order

Exhibit C    Final Order

Exhibit D    Rollover Form

Exhibit E    CAFA Notice

Exhibit F    Consent Judgment

EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT
*in*
# RVNB ESOP LITIGATION
*Coleman, et al. v. Brozen, et al.,* Case No. 3:20-cv-01358-E (N.D. Tex.)

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**
**This is a notice of a proposed class action settlement in the above-referenced lawsuit.**
**If you are a member of the Class, the settlement will affect your legal rights.**
**This is <u>not</u> a solicitation from a lawyer.**
**You have <u>not</u> been sued.**

- A Settlement has been reached in a class action lawsuit concerning the RVNB Holdings, Inc. Employee Stock Ownership Plan (the "Plan"). The class action lawsuit involves whether the Plan, which was established in 2012, was administered in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), including whether the stock held by the Plan was redeemed at fair market value following the termination of the Plan on June 29, 2017. ERISA is the federal law that regulates and sets minimum standards for the administration of most retirement plans in the private sector, including the Plan. The United States Secretary of Labor (the "Secretary") filed a related lawsuit, which is also being settled as part of this Settlement.

- The defendants in the class action are Defendants Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Mike Paxton, Nick Bouras, Sterling Investment Partners III, L.P., Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust. The defendants in the Secretary's action are Robert Peterson, Vasilia Peterson, Paul Generale, Neil Brozen, Nicole Peterson 2012 Irrevocable Trust, Brooke Peterson 2012 Irrevocable Trust, and the RVNB Holdings, Inc. Employee Stock Ownership Plan. Collectively, the defendants in both actions are the "Defendants." Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $12,727,272.73 Qualified Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them  in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://<u>www.pacer.gov</u>.

- The Settlement Class (whose members are "Settlement Class Members") includes all vested Participants in the Plan as of June 29, 2017, or their Beneficiaries or Alternate Payee.   All Defendants, other than Nick Bouras, are excluded from the Settlement Class.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither RVNB Holdings, Inc. ("RVNB") nor any current or former employees, attorneys, or representatives of RVNB may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement in this Class Action and the Consent Judgment in the related Secretary's Action, and those final approvals are upheld in the event of any appeal.

  - A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Ada Brown, United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003, in Courtroom 1310, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, the requested Case Contribution Awards to the Named Plaintiffs, and Administrative Expenses. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlementwebsite.com].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Case Contribution Awards, and/or Administrative Expenses, must be filed with the Clerk of Court and served in writing on Class Counsel and Defense counsel, as identified in Item 11 below.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **PAYMENT OPTION ONE:** ROLLOVER TO AN INDIVIDUAL RETIREMENT ACCOUNT OR QUALIFIED EMPLOYER PLAN | This lawsuit concerns a retirement plan. You have the option of receiving your share of the Settlement in the form of a direct rollover to an individual retirement account or qualified employer plan. To do this, you must submit the enclosed Rollover Form on or before [date of Fairness Hearing]. A Rollover Form may also be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. Rollovers will be effectuated only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br><br>Payments distributed in the form of a rollover will not be subject to automatic withholding for taxes.<br><br>For additional information, see Item 6 below. |

| | |
|---|---|
| **PAYMENT OPTION TWO:**<br>**CHECK MAILED DIRECTLY TO YOU** | If you do nothing in response to this Notice, the Settlement Administrator will attempt to mail your share of the Settlement directly to you by check. Checks will be distributed only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br><br>Payments made directly by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator.<br><br>For additional information, see Item 6 below. |
| **YOU CAN OBJECT**<br>**(NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Case Contribution Awards, and/or Administrative Expenses, you must file and postmark your objection and any supporting documents with the Clerk of the Court, and mail copies to Class Counsel and Defense Counsel (as identified in Item 11, below), at least 30 calendar days before the Fairness Hearing. Please note that you will not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |
| **YOU CAN ATTEND A**<br>**HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and Defense counsel (as identified in Item 11 below) with notice of your intent to appear postmarked at least 14 calendar days before the Fairness Hearing. Please note that you will not be permitted to speak at the Fairness Hearing if you do not comply with the requirements for making an objection. |

## The Class Action

The case is called *Coleman, et al. v. Brozen, et al.*, Case No. 3:20-cv-01358-E (N.D. Tex.) (the "Class Action" or "lawsuit"). It has been pending since September 27, 2019. The Court supervising the case is the United States District Court for the Northern District of Texas. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives—Jason Coleman and Jessica Casey—were participants in the Plan. Defendants are Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Mike Paxton, Nick Bouras, Sterling Investment Partners III, L.P., Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust. The claims in the lawsuit are described below in Item 2 below, and additional information about them, including a copy of the operative First Amended Complaint, is available at [www.settlementwebsite.com].

## The Settlement

Following negotiations facilitated by a mediator with Class Counsel, Counsel for the Secretary, Defendants, and Defense Counsel, a Settlement has been reached. If the Settlement is approved, a Qualified Settlement Fund of $12,727,272.73 will be established to resolve the

claims against Defendants in the Class Action and Secretary's Action as part of the Settlement. The "Net Settlement Amount" is $12,727,272.73 plus any interest earned by the Qualified Settlement Fund minus all Court-approved: (a) Attorneys' Fees and Costs; (b) Administrative Expenses; and (c) Case Contribution Awards. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below in Item 5.

### Statement of Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards Sought in the Class Action

Class Counsel has devoted hundreds of hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, and negotiating the Settlement. During that time, they also have advanced significant costs, including expert fees and travel costs, necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case and the litigation costs advanced. The amount of fees and costs that Class Counsel will request will not exceed fifteen percent (15%) of the Class Settlement Amount ($1,909,090.90, which is 15% of $12,727,272.73). In addition, Class Counsel will seek to recover Administrative Expenses associated with the Settlement, and request Case Contribution Awards of up to $20,000 for each of the two Class Representatives. Any Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses awarded by the Court will be paid or reimbursed from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003.

| 1. Why Did I Receive This Settlement Notice? |
|---|

The Court caused this Notice to be sent to you because our records indicate that you may be a Settlement Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

| 2. What Is the Class Action About? |
|---|

In the Class Action, the Class Representatives claim that the Defendants improperly administered the Plan and, following the termination of the Plan, caused the stock held by the Plan to be redeemed at a price that was below fair market value. Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries.

### 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, the Secretary, Defendants, and their respective counsel. These negotiations were facilitated by an experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Global Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

### 4. What Does the Settlement Provide?

Under the Settlement, Defendants or their insurers will pay $12,727,272.73 into a Qualified Settlement Fund to resolve the claims of the Settlement Class against Defendants. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses) will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court (as explained further in Item 5, below). Class Members who are entitled to a distribution will receive their distribution as a rollover to a qualified retirement account or by check.

All Settlement Class Members and anyone claiming through them will fully release the Defendants and the Released Parties from certain Released Claims, as defined in the Settlement Agreement. The Released Parties include each Defendant and certain related parties as outlined in the Settlement Agreement. The Released Claims include any claims against any of the Released Parties with respect to the Plan that were asserted in the Class Action against Defendants, in the case against certain Defendants brought by the Secretary, or which could have been asserted against Defendants in connection with the Plan.

This is *only* a summary of the Released Claims, and is not a binding description. The governing releases are found within Article 7 of the Settlement Agreement, which is available at [www.settlementwebsite.com].

The Defendants in the Secretary's Action will also pay to the Secretary a penalty of $1,272,727.27, which is equal to 10% of the Class Settlement Amount, in connection with settling the claims brought by the Secretary in the Secretary's Action.

### 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records provided by the Plan's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must be a "Settlement Class Member" as described on page 1 of this Notice.

There are _____ Settlement Class Members according to preliminary review of Plan records. Pursuant to the proposed Plan of Allocation, the Net Settlement Amount will be divided *pro rata* among Settlement Class Members. Each Settlement Class Member will have the opportunity to receive a share of the Net Settlement Amount (defined in the Settlement Agreement as their "Settlement Credit Amount") based on the amount of the stock allocated to their Plan accounts relative to other Class Members as of June 29, 2017, the date of the Plan's termination. The Settlement Agreement (in Article 5) provides the following illustrative example of the proposed Plan of Allocation:

> For illustrative purposes, if it is assumed that (i) the Net Settlement Amount equals $10 million, (ii) the total shares of stock allocated to Participants' Plan accounts equals 52,000 shares; and (iii) Class Member A's Plan account held 100 shares, then Class Member A's Settlement Credit Amount equals $19,230. This is because Class Member A's percentage of the stock allocated to Plan Participants' Accounts equals 0.1923% (100/52,000=0.001923), and the Net Settlement Amount multiplied by 0.1923% equals $19,230 ($10,000,000*0.001923=$19,230).

A more complete description regarding the details of the Plan of Allocation can be found in the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 6.   How Can I Receive My Distribution?

A Rollover Form is enclosed with this Notice and explains the steps necessary to receive your share of the Settlement via direct rollover to an individual retirement account or qualified employer plan. You may also obtain the Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. Rollover Forms should be submitted prior to the date set forth above for the Fairness Hearing. Settlement payments distributed via direct rollover will not be subject to automatic withholdings. Further information regarding rollovers can be found at the end of this notice on page 10.

All other settlement payments will be mailed in the form of a check. You do not need to do anything to receive a check. However, because checks will be sent by mail, it is important to notify the Settlement Administrator ([telephone number] or via the contact form at [www.settlementwebsite.com]) of any changes to your mailing address. You may also notify Class Counsel (identified in Item 11, below) of any changes to your mailing address.

Payments made directly to Class Members by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator. Any tax withheld by the Settlement Administrator may not constitute all tax that you may owe in connection with your settlement payment. You will be responsible for determining and paying any tax that is due but was not automatically withheld in connection with your settlement payment.

If you submit a Rollover Form but your requested rollover is not effectuated for any reason (for example, because your Rollover Form was submitted too late, the information that you provided was not sufficient, or the financial institution that you designated did not accept the rollover), the Settlement Administrator will attempt to mail you a check. Such checks will be subject to automatic tax withholding and reporting, as determined by the Settlement Administrator, and all other terms of the Settlement Agreement that apply to payments by check.

| 7.    When Will I Receive My Distribution? |
|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement in this Action and the Consent Judgment in the Secretary's Action and any approvals becoming final and no longer subject to any appeals in any court. An appeal of the final approval orders may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately four months of the Court's Final Approval Order in this Action and the Consent Judgment in the Secretary's Action, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

| 8.    Can I Exclude Myself from The Settlement? |
|---|

No. The Class has been certified for Settlement purposes under Federal Rule of Civil Procedure 23(b). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may file an objection with the Clerk of the Court and write to Class Counsel and Defense Counsel about why you object to the Settlement, as discussed below.

| 9.    Do I Have a Lawyer in The Case? |
|---|

The Court has appointed the law firms of Bailey & Glasser LLP and Ajamie LLP as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 10. How Will the Lawyers Be Paid? |
|---|

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses, prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees and advanced litigation costs to not more than fifteen percent (15%) of the Class Settlement Amount. In addition, Class Counsel will seek to recover administrative expenses associated with the Settlement as well as a Case Contribution Award for the two Class Representatives. The Court will determine the amount of fees, costs, case contribution award, and administrative expenses that will be awarded, if any. All papers filed in this Class Action, including Class Counsel's motion for Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses, will be available for review on the Settlement Website [www.settlementwebsite.com] and via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

| 11. How Do I Tell the Court If I Don't Like the Settlement? |
|---|

If you are a Settlement Class Member, you can object to the Settlement by mailing to Class Counsel and to Defense Counsel at the addresses below a written objection explaining why you object and enclosing any supporting documents. Your written objection must: (1) clearly identify the case name and number: *Coleman, et al. v. Brozen, et al.*, Case No. 3:20-cv-01358-E; (2) include your

full name, current address, and telephone number; (3) describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and Defense Counsel and postmarked no later than 30 calendar days prior to Fairness Hearing to be considered. Class Counsel and Defense Counsel will have an opportunity to respond to your objection. You also must file your objection with the Court by mailing or hand delivering it to the Clerk of Court of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003. There is also a web portal for filing documents on the Court's website, https://www.flmd.uscourts.gov/electronic-document-submission-web-portal.

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Gregory Porter<br>**Bailey & Glasser, LLP**<br>1055 Thomas Jefferson Street, NW<br>Suite 540<br>Washington, DC 20007 | Todd D. Wozniak<br>Lindsey R. Camp<br>**HOLLAND & KNIGHT, LLP**<br>1180 West Peachtree Street NW<br>Suite 1800<br>Atlanta, Georgia 30309<br><br>J. Christian Nemeth<br>**MCDERMOTT WILL & EMERY LLP**<br>333 SE 2nd Avenue, Suite 4500,<br>Miami, FL 33131-2184<br><br>Peter B. Allport<br>**LEVIN SCHREDER & CAREY, Ltd.**<br>120 North LaSalle Street, Floor 38<br>Chicago, Illinois 60602 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003, in Courtroom 1310. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Case Contribution Award, and Administrative Expenses. If there are objections, the Court will consider them then. You do not have to appear at the Fairness Hearing in order to have your objection considered by the Court. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlememtwebsite.com].

**13. Do I Have to Attend the Fairness Hearing?**

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.

**14. May I Speak at The Fairness Hearing?**

Yes. If you wish to attend and speak at the Fairness Hearing, you must file an intent of notice to participate with the Clerk of the Court and mail to Class Counsel and Defense Counsel (as identified in Item 11, above) a notice of intent to appear postmarked at least 14 calendar days before the Fairness Hearing. In order to speak at the Fairness Hearing, you must also comply with the requirements for making an objection (described above in Item 11, above) if you wish to object to the Settlement.

**15. What Happens If I Do Nothing at All?**

If you are a "Settlement Class Member" as described on page 1, and you do nothing, the Settlement Administrator will attempt to mail your *pro rata* share of the Net Settlement Amount directly to you via check, if the Settlement is finally approved.

**16. How Do I Get More Information?**

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003. Please note that neither RVNB nor any current or former employees, attorneys, or representatives of RVNB may advise you regarding the Settlement or how you should proceed.

## <u>YOUR ROLLOVER OPTIONS</u>

The Settlement Administrator has determined that the payment you are receiving from the Qualified Settlement Fund ("Fund") is eligible to be rolled over to an Individual Retirement Account ("IRA") or an employer plan. This Q&A is intended to help you decide whether to do such a rollover. This notice describes the rollover rules that apply to payments from the Fund.

## <u>GENERAL INFORMATION ABOUT ROLLOVERS</u>

**How can a rollover affect my taxes?** You will be taxed on a payment from the Fund if you do not roll it over. If you are under age 59½ and do not do a rollover, you will also have to pay a 10% additional income tax on early distributions (generally, distributions made before age 59½), unless an exception applies. However, if you do a rollover, you will not have to pay tax until you receive payments later and the 10% additional income tax will not apply if those payments are made after you are age 59½ (or if an exception to the 10% additional income tax applies).

**What types of retirement accounts and plans may accept my rollover?** You may roll over the payment to either an IRA (an individual retirement account or individual retirement annuity) or an employer plan (a 401(k), section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. The rules of the IRA or employer plan that holds the rollover will determine your investment options, fees, and rights to payment from the IRA or employer plan (for example, IRAs are not subject to spousal consent rules, and IRAs may not provide loans). Further, the amount rolled over will become subject to the tax rules that apply to the IRA or employer plan.

**How do I do a rollover?** There are two ways to do a rollover. You can do either a direct rollover or a 60-day rollover.

**If you do a direct rollover,** the Fund will make the payment directly to your IRA or an employer plan. You should contact the IRA sponsor or the administrator of the employer plan for information on how to do a direct rollover. The information they give you can then be used to complete the settlement administration form. You generally need to have an account opened (even if it is not funded) for an institution to process your rollover.

**If you do not do a direct rollover,** you may still do a rollover by making a deposit into an IRA or eligible employer plan that will accept it. Generally, you will have 60 days after you receive the payment to make the deposit. If you do not do a direct rollover, the Fund is required to withhold 20% of the payment for federal income taxes (up to the amount of cash and property received other than employer stock). This means that, in order to roll over the entire payment in a 60-day rollover, you must use other funds to make up for the 20% withheld. If you do not roll over the entire amount of the payment, the portion not rolled over will be taxed and will be subject to the 10% additional income tax on early distributions if you are under age 59½ (unless an exception applies).

10

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | § § § § § § | |
| | § | |
| *Plaintiffs*, | § | Civil Action No. 3:20-cv-01358-E |
| | § | |
| v. | § | |
| | § | |
| NEIL M. BROZEN, *et al.*, | § | |
| | § | |
| *Defendants*. | | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs Jason Coleman and Jessica Casey, individually and as Class Representatives ("Plaintiffs" or "Class Representatives"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminary approving the settlement of this Action and for certification of a settlement class, in accordance with the Global Settlement Agreement dated December �__, 2024 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this Action and the related Secretary's Action. The Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, **GRANTS** the motion and **ORDERS** as follows:

1.    Plaintiffs, on behalf of themselves and all members of the Settlement Class, the Secretary, and Defendants have negotiated a potential settlement to this Action and the related

Secretary's Action to avoid the expense, uncertainty, and burden of protracted litigation, and to resolve the Released Claims against Defendants and the other Released Parties.

2.      Unless otherwise indicated, this Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue in this Court is proper.

4.      Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following substantial discovery in this Action and the related Secretary's Action; (3) the form and method of notice of the Settlement and of the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Fifth Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

5.      Pursuant to Federal Rule of Civil Procedure 23(b), the Court certifies, for settlement purposes only, the following Settlement Class:

> All vested Participants in the Plan as of June 29, 2017, the date of the Plan's termination, or their Beneficiaries or Alternate Payee. With the exception of Nick Bouras, all Defendants are excluded from the Settlement Class and Defendants' Successors-In-Interest. Nick Bouras, or his Beneficiaries or Alternate Payees, shall be a member of the Settlement Class.

6.     Named Plaintiffs Jason Coleman and Jessica Casey are appointed as the Class Representatives, and Bailey & Glasser LLP and Ajamie LLP are appointed as Class Counsel for the Settlement Class.

7.     The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable and adequate as it proposes each Class Member's distribution to be equal to the Net Settlement Amount multiplied by the percentage of the stock allocated to each Class Member's Plan account as of June 29, 2017, the date of the Plan's termination.

8.     The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes reasonable and appropriate notice under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form, if permitted; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the claims being released by the Settlement Class; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement Class Members' right to appear at the Fairness Hearing.

9.     Pursuant to the Settlement Agreement, Simpluris is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10.     The Court approves the establishment of the Qualified Settlement Fund. Simpluris shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Qualified Settlement Fund, including for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

11.     No later than thirty (30) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Settlement Notice (in substantially the same form as is attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based upon the data available from the Plan's former Recordkeeper, provided in discovery, obtained through the settlement discussions or Settlement Class Members, or otherwise obtained through reasonable efforts. The Settlement Administrator shall use commercially reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan.

12.     In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a settlement website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

13.     On [date] at [time] [no sooner than 120 days after the entry of this Order], or at such other date and time later set by Court Order,[1] in Courtroom 1310 of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Case Contribution

---

[1]     Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

Awards, and Administrative Expenses. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

14. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least thirty (30) calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate fourteen (14) calendar days before the Final Fairness Hearing. A notice of intent to participate shall be timely filed if it is post-marked to the Clerk of the Court, Class Counsel, and Defense Counsel within fourteen (14) calendar days before the Final Fairness Hearing.

15. Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Fairness Hearing.

16. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

17. Any application for Attorneys' Fees and Costs, Case Contribution Awards, Administrative Expenses, shall be filed no later than forty five (45) calendar days prior to the deadline for objections.

18. No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement.

19. Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan.

20. The Court approves the CAFA Notice in the form attached as Exhibit E to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

21. This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.


It is so ORDERED this ___ day of _____, 2025.


_____
Honorable Ada Brown
United States District Judge


6

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | § § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 3:20-cv-01358-E |
| v. | § § | |
| NEIL M. BROZEN, *et al*., | § § | |
| *Defendants*. | § | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). Plaintiffs' Counsel also has submitted to the Court their Motion for an Order Awarding Attorneys' Fees and Costs and Expenses to Plaintiffs' Counsel and Case Contribution Awards to the Class Representatives ("Plaintiffs' Counsel Fees and Costs Motion"). After review of the Unopposed Motion for Final Approval of Settlement and the attachments thereto, the Court **GRANTS** the motions and **ORDERS** as follows:[1]

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement filed with the Court.

1

1.      The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all Parties to this Action, including all members of the Settlement Class.

2.      The Court certifies, for Settlement purposes only, the following Settlement Class:

All vested Participants in the Plan as of June 29, 2017, the date of the Plan's termination, or their Beneficiaries or Alternate Payee. With the exception of Nick Bouras, all Defendants are excluded from the Settlement Class and Defendants' Successors-In-Interest. Nick Bouras, or his Beneficiaries or Alternate Payees, shall be a member of the Settlement Class.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

3.      Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves of the Settlement of the Released Claims covered by this Settlement Agreement and finds the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members.

4.      The Court hereby orders that the Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

5.      The Court hereby finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided.

6.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Simpluris, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, __% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

2

7.      The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.      The Settlement resulted from arms-length negotiations between Class Counsel, counsel for the Secretary, and counsel for the Defendants.

B.      The settlement negotiations were conducted by experienced and competent counsel and was overseen by a neutral and experienced mediator;

C.      The Settlement was negotiated only after Class Counsel and counsel for the Secretary received substantial discovery from Defendants;

D.      The Parties were well positioned to evaluate the value of the Class Action;

E.      If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of protracted litigation;

F.      The Class Settlement Amount provided for in the Settlement ($12,727,272.73) is fair, reasonable, and adequate. The Class Settlement Amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

G.      The Class Representatives have actively and independently participated in the Class Action;

H.      The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

I.      Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

3

J.      There were _____ objections to the Settlement. _____ of those objections were timely. The Court has considered all of them, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate. Accordingly, the Court overrules them with prejudice.

8.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

9.      Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $_____ and costs and expenses of $_____, which together shall not total more than 15% of the Class Settlement Amount. The Court has considered this application for fees and expenses separately and independently from this Judgment and the Court's approval of the Settlement. The Court finds that an award of $_____ in attorneys' fees and $_____ in costs and expenses, which together do not total more than 15% of the Class Settlement Amount, is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Class Settlement Amount.

10.     The Court further finds that Case Contribution Awards for Class Representatives Jason Coleman in the amount of $_____, and Jessica Casey in the amount of $_____, are fair and reasonable, and the Court approves of the Case Contribution Awards in those amounts. The Court directs the Settlement Administrator to disburse these amounts to the Class Representatives as provided in the Settlement Agreement.

11.     This Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan,

are hereby dismissed with prejudice without costs to any of the Parties other than as provided for in the Settlement Agreement.

12.    The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13.    Each Class Member shall release the Released Parties and Class Counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the Class Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and costs.

14.    The release provisions of Article 3 of the Settlement Agreement shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, Case Contribution Awards, and Administrative Expenses, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

15.    The Court finds that all applicable CAFA requirements have been satisfied.

16.    The Plan of Allocation is approved. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation. The Settlement Administrator is further authorized to direct the Escrow Agent to make such distributions from the Qualified Settlement Fund as necessary to implement the Plan of Allocation.

17.    Within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

18.    The Court finds that the transactions to be completed and the releases provided pursuant to the Settlement Agreement (the "Settlement Transactions") are exempt from the prohibited transaction restrictions and sanctions imposed by Section 406 of ERISA, 29 U.S.C. 1106, and Section 4975 of the Internal Revenue Code of 1986 (the "Code"), pursuant to Section 408(a) of ERISA, 29 U.S.C. 1108(a), and Section 4975(c)(2) of the Code, because the Settlement Transactions comply with the exemption granted by the Secretary in PTCE 94-71, 59 FR 51216, October 7, 1994, as corrected, 59 FR 60837, November 28, 1994.  Specifically, the Court finds that:

a.    The Settlement Transactions are authorized, prior to the occurrence of any such transaction, by a settlement agreement resulting from an investigation of an employee benefit plan conducted by the Department under the authority of Section 504(a) of ERISA;

6

    b.   The nature of the Settlement Transactions are specifically described in writing by the terms of the Settlement Agreement;

    c.   The Secretary is a party to the Settlement Agreement;

    d.   The parties who will be engaging in the Settlement Transactions have provided written notice to the affected participants and beneficiaries in a manner that is reasonably calculated to result in the receipt of such notice at least 30 days prior to entry into the Settlement Agreement;

    e.   A copy of the notice and the method of distribution was approved in advance by the area or district office of the Secretary which negotiated the settlement; and

    f.   The notice includes an objective description of the Settlement Transactions, the approximate date on which the Settlement Transactions will occur, the address of the area or district office of the Secretary which negotiated the Settlement Agreement, and a statement apprising participants and beneficiaries of their right to forward their comments to such office.

19.    Upon the Effective Date of this Order under the Settlement Agreement and the Consent Judgment in the related Secretary's Action, all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

20.    The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

It is so ORDERED this ___ day of _____, 2025.

_____
Honorable Ada Brown
United States District Judge

7

**RVNB ESOP Class Action Settlement Administrator**
**[ADDRESS]**
**[www.settlementwebsite.com]**

**ROLLOVER FORM**

CLASS MEMBER NAME
ADDRESS                                                    Claim Number: xxxxx

In order to receive your share of the Settlement by direct rollover to a qualified individual retirement account, Class Members must complete, sign, and mail this form with a postmark on or before [DATE OF FAIRNESS HEARING]. Please review the instructions below carefully. If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

WWW.SETTLEMENTWEBSITE.COM OR CALL [PHONE NUMBER]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PART 1: INSTRUCTIONS FOR COMPLETING ROLLOVER FORM**

1.  If you would like to receive your share of the Settlement by direct rollover to a qualified individual retirement account (commonly called an "IRA") or qualified employer plan (such as a 401(k) plan), please complete this Rollover Form. You should also keep a copy of all pages of your Rollover Form, including the first page with the address label, for your records.

2.  **Mail your completed Rollover Form postmarked on or before** [DATE OF FAIRNESS HEARING] **to the Settlement Administrator at the following address:**

    **RVNB ESOP Class Action Settlement Administrator**
    **P.O. Box [number] [City, State, ZIP]**

    **You also may email a completed, signed copy to [settlement administrator email address]. It is your responsibility to ensure the Settlement Administrator has timely received your Rollover Form.**

3.  Other Reminders:

    •   You must provide your date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

    •   If you desire to do a direct rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.

    •   If you change your address after sending in your Rollover Form, please provide your new address to the Settlement Administrator.

    •   **Timing of Payments to Eligible Settlement Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to an appeal in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within four months of the Court's Final Approval Order.

4.  **Questions?** If you have any questions about this Rollover Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement or your situation. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, [www.settlementwebsite.com].

## PART 2: SETTLEMENT CLASS MEMBER INFORMATION

First Name          Middle    Last Name

Mailing Address

City                                        State    Zip Code

Home Phone                  Work Phone or Cell Phone

Participant's Social Security Number        Participant's Date of Birth

                                            M  M      D  D      Y  Y  Y  Y

Email Address

**[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Settlement Class Member and the Settlement Class Member is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name                                              Middle    Last Name

Mailing Address

City                                                                                    State    Zip Code

Home Phone                              Work Phone or Cell Phone

Participant's Social Security Number              Participant's Date of Birth

Email Address                                          M M      D D      Y Y Y Y

**[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)          ☐ 401(a)/401(k)                                      ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

### Rollover Information:

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                               State     Zip Code

Your Account Number                                  Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS ROLLOVER FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

                                                                    M M      D D      Y Y Y Y

_____
**Class Member Signature**                                          **Date Signed** *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**[Add letterhead]**

**By First Class Mail, Return Receipt Requested**

[INSERT ADDRESS BLOCK]

Re:     *Jason Coleman, et al. v. Neil Brozen, et al.*
        No. 3:20-cv-01358-E (N.D. Tex.)

Dear Attorney General:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant Neil Brozen, through undersigned counsel, writes jointly with the consent of Defendants Robert Peterson, Jr., Vasilia Peterson, Mike Paxton, Nick Bouras, Sterling Investment Partners III, L.P., Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust (collectively "Defendants") to give notice of a proposed settlement in the above-referenced matter.

On [INSERT DATE], Plaintiffs' Counsel filed a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") notifying the United States District Court for the Northern District of Texas of a proposed settlement of the above-captioned matter. The Settlement Agreement contemplates that the Court will certify a class for settlement purposes defined as:

> All vested Participants in the RVNB Holdings, Inc. Employee Stock Ownership Plan as of June 29, 2017, the date of the termination of the Plan, or their Beneficiaries or Alternate Payees. With the exception of Nick Bouras, all Defendants are excluded from the Settlement Class and Defendants' Successors-In-Interest. Nick Bouras, or his Beneficiaries or Alternate Payees, shall be a member of the Settlement Class.

In accordance with 28 U.S.C. § 1715(b), Defendants provide the following documents on the enclosed CD:

1. Plaintiffs' Class Action Complaint;

2. Plaintiffs' Amended Class Action Complaint;

3. The Secretary of Labor's Complaint; and

4. Plaintiffs' Unopposed Motion for Preliminary Approval, along with the supporting materials, which include:
   i.    Declaration of Gregory Porter in Support of Plaintiffs' Motion for Preliminary Approval;
   ii.   Exhibit 1, Class Action Settlement Agreement
   iii.  Exhibit A, Notice of Class Action Settlement;
   iv.   Exhibit B, Proposed Order Preliminarily Approving Class Action Settlement;
   v.    Exhibit C, Proposed Final Approval Order and Final Judgment
   vi.   Exhibit D, Proposed Rollover Form;

       *vii.*    Exhibit E, CAFA Notice template;
      *viii.*   Exhibit F, Proposed Consent Judgment;

Given the nature of the claims in the Class Action, it is not feasible at this time to ascertain the names of all the members of the class who reside in each state.  However, a chart showing the approximate numbers of Class Members residing in each state, based on the address data on file with the Plan, is attached.

      The material terms of the settlement are as follows:

> Defendants agree to cause $12,727,272.73 to be paid into a Qualified Settlement Fund. Class Members are eligible to receive a pro rata share of the amount in the settlement fund remaining after payment of administrative expenses, any attorneys' fees and expenses the Court may award to Plaintiffs' Counsel, and any case contribution award to the two Class Representatives. The amount of each Class Member's payment will be based proportionately on his or her Plan stock account balance as of June 29, 2017, the date of the Plan's termination and will be determined according to a Plan of Allocation set forth in the Settlement Agreement that was submitted by Class Counsel to the District Court Judge as part of the preliminary approval proceedings.

      On [INSERT DATE], United States District Ada Brown granted Plaintiffs' Motion for Preliminary Approval of Settlement.  The Court set the Final Fairness Hearing for [INSERT DATE], at [TIME] C.D.T., Courtroom 1310, United States District Court, 1100 Commerce Street, Dallas, Texas 75242-1003.  There are no other agreements between Class Counsel and Counsel for Defendants relating to the above-referenced action.  There are no final judgments or notices of dismissal in this matter, nor are there written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

      We appreciate your time and attention to this matter.  Please contact me with any questions or concerns.

                              Sincerely yours,

Enclosures

*Jason Coleman, et al. v. Neil Brozen, et al.,*
**No. 3:20-cv-01358-E (N.D. Tex.)**

**Approximate Number of Class Members in Each State or Territory**

| State / Territory | Number of Class Members |
|---|---|
| Alabama | |
| Alaska | |
| Arizona | |
| Arkansas | |
| California | |
| Colorado | |
| Connecticut | |
| Delaware | |
| District of Columbia | |
| Florida | |
| Georgia | |
| Hawaii | |
| Idaho | |
| Illinois | |
| Indiana | |
| Iowa | |
| Kansas | |
| Kentucky | |
| Louisiana | |
| Maine | |
| Maryland | |
| Massachusetts | |
| Michigan | |
| Minnesota | |
| Mississippi | |
| Missouri | |
| Montana | |
| Nebraska | |
| Nevada | |
| New Hampshire | |
| New Jersey | |
| New Mexico | |
| New York | |
| North Carolina | |
| North Dakota | |
| Ohio | |
| Oklahoma | |
| Oregon | |
| Pennsylvania | |
| Rhode Island | |
| South Carolina | |

| | |
|---|---|
| South Dakota | |
| Tennessee | |
| Texas | |
| Utah | |
| Vermont | |
| Virginia | |
| Washington | |
| West Virginia | |
| Wisconsin | |
| Wyoming | |
| Armed Forces/Military | |
| American Samoa | |
| Guam | |
| Puerto Rico | |
| Northern Mariana Islands | |
| U.S. Virgin Islands | |

EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIE A. SU,** | § | |
| **Acting Secretary, United States** | § | |
| **Department of Labor,**[1] | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:22-cv-01869-BW** |
| **ROBERT PETERSON, et al.,** | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## PROPOSED CONSENT ORDER AND JUDGMENT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Paul Generale, Nicole Peterson 2012 Irrevocable Trust, and Brooke Peterson 2012 Irrevocable Trust ("Defendants"), by and through their respective attorneys, have negotiated a Global Settlement Agreement to settle the matters in controversy between them in this Action and the related Class Action and each consents to the entry of this Consent Order and Judgment by the Court in this Action.

This Action was filed against Defendants by the Secretary pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*., as amended. Defendants filed answers and asserted affirmative defenses to the complaint in this Action in which they denied that they were liable for the claims asserted by the Secretary.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Acting Secretary of Labor Julie A. Su is automatically substituted as the party in interest for former Secretary of Labor Martin Walsh.

The Secretary and Defendants have agreed to resolve all matters in controversy between them in this Action and the related Class Action for the sum total of $14,000,000, inclusive of a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l). The Secretary and Defendants have agreed to settle on the terms and conditions hereafter set forth and stipulate and agree to the entry of this Consent Order and Judgment as a full and complete resolution of all of the civil claims, causes of action, and issues arising between them in this Action without adjudication of any issue of fact or law raised in the Secretary's Complaint in this Action.

NOW THEREFORE, in consideration of the mutual covenants set forth in this Consent Order and Judgment and other valuable and sufficient consideration, the Secretary and Defendants have agreed as herein stated. Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:

## I.    JURISDICTION

The Court has jurisdiction over the parties to and subject matter of this action and is empowered to provide the relief herein.

## II.    DEFINITIONS

Unless otherwise indicated, all capitalized terms and phrases have the meanings provided in the Global Settlement Agreement.

## III.    MONETARY RELIEF

A.    If they have not already done so, within 30 days of the Court's entry of this Consent Order and Judgment, Defendants shall pay, or cause their insurers to pay, to the Qualified Settlement Fund $12,727,272.73 ("Class Settlement Amount") to fully settle the claims against Defendants in the Secretary's Complaint in this Action and in the related Class Action in accordance with the terms of the Global Settlement Agreement.

B.      The Class Settlement Amount paid to the Qualified Settlement Fund shall be distributed in accordance with the Plan of Allocation set forth in the Global Settlement Agreement and its exhibits. Defendants' sole responsibility with respect to the Class Settlement Amount shall be to ensure that it is remitted to the Qualified Settlement Fund. Defendants shall have no responsibility for the allocation or use of the Class Settlement Amount to be paid in accordance with this Consent Order and Judgment.

C.      Upon payment of the Class Settlement Amount, Defendants shall be assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l). For purposes of calculating the penalty, the Secretary and Defendants agree the "applicable recovery amount" is $12,727,272.73, which is the Class Settlement Amount described in Paragraph III.A above. The Secretary has agreed to compromise the assessed civil penalty by 50% for a total penalty equal to 10% of the Class Settlement Amount.  Thus, the total penalty under ERISA § 502(l) to be paid by Defendants, or on Defendants' behalf, shall be $1,272,727.27. Defendants waive their right to a separate notice of assessment of the Penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), and the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Defendants also waive their rights to request a waiver of the ERISA § 502(l) Penalty pursuant to ERISA § 502(l)(3) and 29 C.F.R. § 2570.85.

D.      Within 14 days of its payment of the Class Settlement Amount to the Qualified Settlement Fund, Defendants will pay or cause to be paid the Penalty by sending electronic payment using the website: https://www.pay.gov/public/form/start/1063197296. The payment shall reference EBSA Case No. 63-026526.

E.      Within 21 days of payment of the Class Settlement Amount under Paragraph III.A above Defendants shall provide to the Secretary proof of payment of the Class Settlement Amount

3

and the Penalty in the form of wire or other funds transfer confirmations of the payment. Any proof provided under this paragraph will be emailed and sent via first class mail to the following addresses:

Tina D. Davila
Alyssa C. George
Christine D. Han
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
Davila.Tina.D@dol.gov
George.Alyssa.C@dol.gov
Han.Christine.D@dol.gov

Allyson D. Gault
U.S. Department of Labor
Office of the Solicitor
525 South Griffin Street, Suite 501
Dallas, TX 75202-5020
Gault.Allyson.D@dol.gov

The Secretary will notify Defendants' Counsel of her receipt of satisfactory proof.

## IV.    RELEASES

A.      Upon payment by Defendants (or their insurers) of the Class Settlement Amount and the Penalty specified in Paragraphs III.A and III.C and entry of the Final Approval Order, the Secretary and all of her Representatives and any successors substituted pursuant to Federal Rule of Civil Procedure 25(d) do hereby waive, release and forever discharge with prejudice any and all claims, demands, actions, causes of action, liabilities, or fines they may have against Defendants and any of their current and former directors, officers, agents, attorneys, employees, insurers, general partners, limited partners, equity-holders, affiliates, Representatives, assigns, predecessors and Successors-In-Interest that (1) pertain to the termination of the Plan; (2) arise out of, relate to,

4

or are based on the allegations, facts, matters, claims, causes of action, occurrences, or omissions before, up to, and including the Agreement Execution Date and that are set forth in the Secretary's Complaint, including but not limited to (a) breach of duties or obligations (including fiduciary duties and obligations) under ERISA to the Plan, to Named Plaintiffs, to the Settlement Class, or to the other participants in and beneficiaries of the Plan; (b) providing misleading information to Plan participants or beneficiaries; (c) failure to appoint, remove and/or adequately monitor the Plan's fiduciaries; (d) violation of ERISA duties related to the sale or redemption of Company stock by the Plan; (e) breach of ERISA duties in connection with the failure to avoid or resolve conflicts of interest in connection with the Company or the Plan; (f) participation in a breach of fiduciary duty or transaction prohibited by ERISA relating to the Company or the Plan; or (g) claims for injunctive or equitable relief relating to alleged violations of ERISA.

B.    Defendants, and all of their parents, affiliates, successors, and assigns, and any of their current and former directors, officers, agents, servants, employees, insurers, and attorneys of the foregoing, hereby release the Secretary and the Secretary's Counsel from any and all present or past claims and causes of action pled in the Secretary's Complaint filed in the Secretary's Action, and the Secretary's Action Defendants waive any costs, expenses or attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

C.    This Consent Order and Judgment provides full, final, and complete judicial resolution of all claims and causes of action alleged in the Secretary's Complaint in this Action. Nothing in this Consent Order and Judgment shall waive any claims relating to the obligations set forth in this Consent Order and Judgment.

D.    The Secretary and Defendants each represent and warrant that they have not assigned all or part of any claim, demand, debt, or cause of action of any kind or nature released

5

in this Consent Order and Judgment to any other person or third-party prior to executing this Consent Order and Judgment.

      E.     This Consent Order and Judgment shall not constitute an admission or denial of the Secretary's allegations against Defendants in this Action.

## V.     RETENTION OF JURISDICTION

      The Court shall maintain jurisdiction over the parties and subject matter of this Action for purposes of enforcing and interpreting the terms of this Consent Order and Judgment.

## VI.     COSTS AND EXPENSES

      The Secretary and Defendants each shall bear their own costs, expenses, and attorneys' fees in connection with this action or related investigation and this Consent Order and Judgment.

## VI.     ENTRY OF JUDGMENT

      A.     By entering into this Consent Order and Judgment, the Secretary and Defendants represent that they have read this Consent Order and Judgment, been informed by counsel of the effect and purpose of this Consent Order and Judgment and agree to be bound by its terms.

      B.     This Consent Order and Judgment shall not be binding upon any government agency other than the U.S. Department of Labor.

      C.     The Court finds that there is no just reason to delay the entry of this Consent Order and Judgment and expressly directs the entry thereof as a final Order and Judgment.

      IN WITNESS WHEREOF, the Secretary and Defendants through their respective duly authorized representatives have executed this Consent Order and Judgment on the date(s) set forth hereunder and agree on the entry of this Consent Order and Judgment by this Court.

FOR THE SECRETARY:

Tina D. Davila
Alyssa C. George
Christine D. Han
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
Davila.Tina.D@dol.gov
George.Alyssa.C@dol.gov
Han.Christine.D@dol.gov

Allyson D. Gault
U.S. Department of Labor
Office of the Solicitor
525 South Griffin Street, Suite 501
Dallas, TX 75202-5020
Gault.Allyson.D@dol.gov

FOR THE DEFENDANTS:

J. Christian Nemeth
**MCDERMOTT WILL & EMERY LLP**
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Tel: (312) 984-3292
jcnemeth@mwe.com

Peter B. Allport
**LEVIN SCHREDER & CAREY, Ltd.**
120 North LaSalle Street, Floor 38
Chicago, Illinois 60602
Tel: (312) 332-6300
pallport@lsclaw.com

*Counsel for Defendant Neil M. Brozen*

Todd D. Wozniak
Lindsey R. Camp
**HOLLAND & KNIGHT, LLP**
1180 West Peachtree Street NW
Atlanta, Georgia 30309
Tel: (404) 817-8500
todd.wozniak@hklaw.com
lindsey.camp@hklaw.com

*Counsel for Defendants Robert Peterson, Jr.,*
*Vasilia Peterson, Paul Generale,*
*Nicole Peterson 2012 Irrevocable Trust, and*
*Brooke Peterson 2012 Irrevocable Trust*

**IT IS SO ORDERED.**

Dated: _____, 2025          _____
                                            United States District Judge