IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | § § § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 3:20-cv-01358-E |
| v. | § § | |
| NEIL M. BROZEN, *et al*., | § § | |
| *Defendants*. | | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs Jason Coleman and Jessica Casey, individually and as Class Representatives ("Plaintiffs" or "Class Representatives"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminary approving the settlement of this Action and for certification of a settlement class, in accordance with the Global Settlement Agreement dated January 9, 2025, (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this Action and the related Secretary's Action. The Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, **GRANTS** the motion and **ORDERS** as follows:

1.    Plaintiffs, on behalf of themselves and all members of the Settlement Class, the Secretary, and Defendants have negotiated a potential settlement to this Action and the related

Secretary's Action to avoid the expense, uncertainty, and burden of protracted litigation, and to resolve the Released Claims against Defendants and the other Released Parties.

2.      Unless otherwise indicated, this Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue in this Court is proper.

4.      Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following substantial discovery in this Action and the related Secretary's Action; (3) the form and method of notice of the Settlement and of the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Fifth Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

5.      Pursuant to Federal Rule of Civil Procedure 23(b), the Court certifies, for settlement purposes only, the following Settlement Class:

> All vested Participants in the Plan as of June 29, 2017, the date of the Plan's termination, or their Beneficiaries or Alternate Payee. With the exception of Nick Bouras, all Defendants are excluded from the Settlement Class and Defendants' Successors-In-Interest. Nick Bouras, or his Beneficiaries or Alternate Payees, shall be a member of the Settlement Class.

6.        Named Plaintiffs Jason Coleman and Jessica Casey are appointed as the Class Representatives, and Bailey & Glasser LLP and Ajamie LLP are appointed as Class Counsel for the Settlement Class.

7.        The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable and adequate as it proposes each Class Member's distribution to be equal to the Net Settlement Amount multiplied by the percentage of the stock allocated to each Class Member's Plan account as of June 29, 2017, the date of the Plan's termination.

8.        The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes reasonable and appropriate notice under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form, if permitted; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the claims being released by the Settlement Class; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement Class Members' right to appear at the Fairness Hearing.

9.        Pursuant to the Settlement Agreement, Simpluris is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10.     The Court approves the establishment of the Qualified Settlement Fund. Simpluris shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Qualified Settlement Fund, including for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

11.     No later than thirty (30) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Settlement Notice (in substantially the same form as is attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based upon the data available from the Plan's former Recordkeeper, provided in discovery, obtained through the settlement discussions or Settlement Class Members, or otherwise obtained through reasonable efforts. The Settlement Administrator shall use commercially reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan.

12.     In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a settlement website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

13.     No sooner than 120 days after the entry of this Order, or at such other date and time later set by Court Order,[1] in Courtroom 1310 of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Case Contribution

---

[1]     Any change in the date, time, location, or format of the Fairness Hearing shall be posted on the Settlement Website.

Awards, and Administrative Expenses. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

14.     Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least thirty (30) calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate fourteen (14) calendar days before the Final Fairness Hearing. A notice of intent to participate shall be timely filed if it is post-marked to the Clerk of the Court, Class Counsel, and Defense Counsel within fourteen (14) calendar days before the Final Fairness Hearing.

15.     Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Fairness Hearing.

16.     Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

17.     Any application for Attorneys' Fees and Costs, Case Contribution Awards, Administrative Expenses, shall be filed no later than forty five (45) calendar days prior to the deadline for objections.

18.     No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement.

19.     Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan.

20.     The Court approves the CAFA Notice in the form attached as Exhibit E to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

21.     This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

It is so ORDERED this 30th day of January, 2025.

Ada Brown
UNITED STATES DISTRICT JUDGE