# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON COLEMAN and JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>NEIL M. BROZEN, ROBERT PETERSON, JR., VASILIA PETERSON, MIKE PAXTON, NICK BOURAS, STERLING INVESTMENT PARTNERS III, L.P., NICOLE PETERSON 2012 IRREVOCABLE TRUST, and BROOKE PETERSON 2012 IRREVOCABLE TRUST,<br><br>                      Defendants. | Case No. 3:20-CV-01358-E |

**DECLARATION OF GREGORY Y. PORTER**

I, Gregory Y. Porter, declare as follows:

       1.       I am a member in good standing of the Bar of the Commonwealth of Virginia and the Bar of the District of Columbia. I am admitted to practice before this Court *pro hac vice*, and a partner at Bailey & Glasser, LLP (Bailey & Glasser), which is counsel for Plaintiff in this matter.

       2.       All the facts stated herein are true and correct within my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

       3.       I am more than 18 years of age, am capable of making this declaration, and have personal knowledge of the following.

       4.       I make this declaration in support of Plaintiffs' Unopposed Motion and Incorporated Memorandum of Law for Final Approval of Settlement and Certification of

1

Settlement Class.

5. I have been actively involved in this lawsuit from the beginning of the investigation to the present.

6. Bailey & Glasser attorneys have been actively involved in all stages of this lawsuit, including but not limited to investigating and preparing the Complaint and Amended Complaint, meeting and conferring with defense counsel regarding informal discovery and case management reviewing document productions discussed below, successfully defending against Defendants' motion to compel arbitration, engaging an expert in private company purchase and sale transaction who prepared preliminary analyses regarding the terms and process of the ESOP Transaction and advised Plaintiffs' Counsel during settlement negotiations, participating in a three day mediation process, participating in extensive briefing, and representing Plaintiffs at hearings and case conferences.

7. I have been working on ERISA class actions since 1998. I have served as lead or co-lead counsel for plaintiffs in many important ERISA cases, as described below.

8. I have direct experience in lawsuits under ERISA challenging Employee Stock Ownership Plan (ESOP) transactions. *See Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($29.7 million trial judgment); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) (reversing trial court ruling on motion to dismiss in an ESOP class action; lawsuit settled for $2.3 million); *Jessop v. Larsen*, No. 14-cv-00916 (D. Utah) ($19.8 million settlement secured for ESOP plan participants in 2017); *Swain v. Wilmington Trust, N.A.*, No. 17-071-RGA-MPT (D. Del.) ($5 million settlement); *Casey v. Reliance Trust Co.*, 18-cv-00424-ALM-CMC (E.D. Tex.) ($6.25 million settlement for ESOP plan participants); *Choate v. Wilmington Trust, N.A.*, 17-cv-250-RGA (D. Del.) ($19.5 million settlement); *Blackwell v. Bankers Trust Co. of South Dakota*,

No. 18-cv-141-KHJ-FKB (S.D. Miss.) ($5 million settlement); *Fink v. Wilmington Trust, N.A.*, No. 19-cv-1193-CFC (D. Del.) ($5.5 million settlement); *Godfrey v. GreatBanc Trust Co.*, 18-cv-7918 (N.D. Ill.) ($16.5 million settlement); and *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.) ($13.36 million settlement). In December of 2016, I led a team of lawyers in an ERISA case that resulted in a $30 million judgment. *Brundle*, 241 F. Supp. 3d 610. The Fourth Circuit affirmed the judgment in all respects. *See Brundle v. Wilmington Trust, N.A.*, 919 F.3d 763 (4th Cir. 2019). I argued the appeal for Plaintiffs-Appellees. Bailey & Glasser currently represents plaintiffs in several other ESOP lawsuits. A summary of Bailey & Glasser's ERISA practice experience, biographies of the Bailey Glasser's ERISA practice group, and certain of its employees was attached as Exhibit 4 to my previous declaration in support of Plaintiffs' Unopposed Motion and Incorporated Memorandum of Law for Preliminary Approval of Settlement and Certification of Settlement Class, Dkt. 140.

9.   I have been recognized by Chambers and Partners as being in the top band, "Band 1" for ERISA Litigation: Mainly Plaintiffs. Including myself, only six attorneys achieved that distinction, the highest available. Chambers rankings are based on factors including technical legal ability, professional conduct, client service, diligence and commitment.

10.   I have direct experience in lawsuits under ERISA involving complex financial products and services and fiduciary decision making about investments, including, and directly relevant to this case *Diebold v. Northern Trust*, No. 09-1934 (N.D. Ill.) ($34 million cash settlement in 2015); *Anderson v. Principal Life Ins. Co.*, No. 15-0119 (S.D. Iowa) ($3 million cash and $8.5 million in prospective relief in 2015); *Glass Dimensions, Inc. v. State Street Bank &Trust Co.*, No. 10-10588 (D. Mass.) ($10 million cash settlement in 2014); *In re CMS Energy ERISA Litig.*, No. 02-CV-72834 (E.D. Mich.) ($28 million recovered); *Sherrill v. Federal-Mogul*

3

*Corp. Retirement Programs Committee*, No. 04-CV-72949 (E.D. Mich.) ($14 million recovered); *Bilewicz v. FMR LLC*, No. 13-10636 (D. Mass.) ($12 million cash and substantial prospective relief in 2014); *Figas v. Wells Fargo*, No. 08-04546 (D. Minn.) ($17.5 million settlement in 2011). All the cases listed above were about retirement plan fiduciaries making imprudent investment decisions. The *Northern Trust* and *Glass Dimensions* cases involved complex securities lending transactions involving hundreds of retirement plans. In those cases, I was the chief architect of the complaints, led the expert discovery for the plaintiffs, and successfully argued several key motions. The *Principal*, *Wells Fargo* and *FMR* cases involved very similar allegations, namely that conflicted fiduciaries selected investment offerings for employee benefit plans to benefit the employer, not the employees. I developed the key concepts, supervised the investigation and preparation of the complaints, directed the experts and consultants, and drafted the key motions filings.

11. I also have represented defendants in complex ERISA cases. I was part of the defense trial team in an ERISA class action against Prudential Life Insurance Company, which resulted in a verdict for the defendants. *See Dupree v. The Prudential Ins. Co. of Am.*, 2007 WL2263892 (S.D. Fla. Aug. 7, 2007). In addition, I represented defendants in several of the earliest cases involving imprudent investments in employer stock, including *Koch v. Dwyer*, No. 98-5519 (S.D.N.Y.); *Tittle v. Enron*, No. 01-3913 (S.D. Tex.); and *Rankin v. Rots*, No. 02-CV-71045 (E.D. Mich.).

12. Ryan T. Jenny is a partner at Bailey & Glasser who joined the firm in 2015 after more than fifteen years representing ERISA defendants while at large corporate firms in the District of Columbia and New York. Mr. Jenny represented defendants in many fiduciary duty actions involving employee benefit plan investment in employer stock, such as *Brundle v.*

4

*Wilmington Trust Ret. &Int'l Servs. Co.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($30 million recovered for breach of fiduciary duty); *Swain v. Wilmington Trust, N.A.*, No. 17-071-RGA-MPT (D. Del.) (court granted preliminary approval of settlement for ESOP plan participants on Jan. 21, 2020); and *Choate v. Wilmington Trust, N.A.*, 17-cv-00250-RGA (D. Del.) (court granted preliminary approval of settlement for ESOP plan participants on Apr. 17, 2020); *Crowley v. Corning, Inc.*, 02- CV-6172 (W.D.N.Y.); *Holtzscher v. Dynegy, Inc.*, No. H-05-3293 (S.D. Tex.); *Crocker v. KV Pharm. Co.*, No. 09-cv-198 (E.D. Mo.); *In re BP p.l.c. ERISA Litig.*, MDL No. 10-md-2185 (S.D. Tex.); and *Knight v. Lavine*, 12- CV-611 (E.D. Va.), as well as in actions involving various other ERISA fee, funding and fiduciary issues, such as *Alexander-Jones v. Wal-Mart Stores, Inc.*, No. C 10-03005 (N.D. Cal.); *In re Honda of Am. Mfg.*, No. 08- cv-1059 (S.D. Ohio); and *Sara Lee Corp. v. American Bakers Ass'n Ret. Plan*, No. 106CV00819 (D.D.C.). Mr. Jenny is a member of the firm's ERISA team and works on all of our ESOP cases.

13. Patrick Muench is a partner with Bailey & Glasser LLP who has specialized in complex litigation since 2009. Mr. Muench has served as counsel on ERISA cases involving breach of fiduciary claims, including *Brundle v. Wilmington Trust Ret. &Int'l Servs. Co.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($29.7 million trial judgment); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) (reversing trial court ruling on motion to dismiss in an ESOP class action; lawsuit settled for $2.3 million); *Jessop v. Larsen*, No. 14-cv-00916 (D. Utah) ($19.8 million settlement secured for ESOP plan participants in 2017); *Swain v. Wilmington Trust, N.A.*, No. 17-071-RGA-MPT (D. Del.) ($5 million settlement); *Casey v. Reliance Trust Co.*, 18-cv-00424-ALM-CMC (E.D. Tex.) ($6.25 million settlement for ESOP plan participants); *Choate v. Wilmington Trust, N.A.*, 17-cv- 250-RGA (D. Del.) ($19.5 million settlement); *Blackwell v. Bankers Trust Co. of South Dakota*, No. 18-cv-141-KHJ-FKB (S.D. Miss.) ($5 million

settlement); *Fink v. Wilmington Trust, N.A.*, No. 19-cv-1193-CFC (D. Del.) ($5.5 million settlement); *Godfrey v. GreatBanc Trust Co.*, 18-cv-7918 (N.D. Ill.) ($16.5 million settlement); and *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.) ($13.36 million settlement). Mr. Muench is a member of the firm's ERISA team and works on all of our ESOP cases.

14. Plaintiffs' Counsel believe that the Settlement between the Parties is fair and reasonable and in the best interests of the Settlement Class. Plaintiffs' Counsel's reasons for this belief are set forth in the Motion for Preliminary Approval and Motion for Final Approval.

15. Before commencing settlement negotiations, Plaintiffs' Counsel conducted an extensive investigation and the litigation was sufficiently advanced, such that counsel had sufficient information about the nature and extent of the challenged practices, and the merits of the legal claims and factual allegations. Plaintiffs' Counsel completed substantial document discovery through an informal process that involved Defendants and the DOL. After the District Court denied Defendants' Motion to Compel, and while Defendants' appeal of that decision was pending in the Fifth Circuit, the Parties to the Class Action and Secretary's Action (as defined in the Settlement Agreement) began discussing settlement. As part of that process, Plaintiffs requested, and Defendants agreed to produce, categories of documents to inform and evaluate a potential resolution. Plaintiffs received and reviewed, *inter alia*: presentations prepared by RVNB's advisors that were provided to RVNB and the Trustee; RVNB's Board of Directors meeting minutes; discussions among the Trustee and its advisors related to the ESOP Transaction including the terms, valuation, and negotiation; transaction documents containing the terms of the ESOP Transaction; opinion letters provided by the Trustee's advisors; valuation reports prepared by the Trustee's financial advisors; diligence reports prepared by the Trustee's legal advisor; handwritten notes taken by the Trustee during the ESOP Transaction process; and

minutes from the Trustee's meetings related to the ESOP Transaction. Thus, the parties are very knowledgeable about the facts, legal issues, and strengths and weaknesses of their respective cases.

16. The Parties conducted extensive arm's-length negotiations, with the assistance of Maxine Aaronson from July 9 to July 11, 2024, an experienced mediator with over 30 years of experience including expertise in ERISA and other employee benefit disputes. The Parties drafted and submitted comprehensive mediation statements to Mediator Aaronson that focused all sides on the key issues. Counsel for the Parties attended a three-day mediation in Dallas, Texas, from July 9 to July 11, 2024. The attendees vigorously engaged in the mediation process, during which all attendees' counsel made presentations to the entire group and individually to Mediator Aaronson. After much deliberation, discussion, and compromise, the Parties to the Class Action and Secretary's Action agreed to resolve the disputes according to the terms laid out in the Settlement Agreement.

17. In light of the inherent uncertainty, and potential for delay, a settlement of $12,272,727.27—approximately $10,859.45 per participant before fees and other costs are applied—is a good result for the Class and is greater than recoveries in other ERISA cases. If the Court approves all requested fees and awards, the Net Settlement Amount[1] for distribution to Class Members will be approximately $10,301,759.80 (averaging $8,789.90 per Class Member). The number of participants is approximately 1,172, as this was the number of class notices that were sent out by Simpluris.

---

[1] The Net Settlement Amount consists of the Class Settlement Amount, plus accrued interest, minus (a) any Court-approved Attorneys' Fees and Costs; (b) all Administrative Expenses; and (c) any Court-approved Case Contribution Awards.

18. The gross amount recovered per member of the Settlement Class also compares very favorably with other settlements. Here, the gross (before fees and expenses) average class member recovery is approximately $10,859.45. This exceeds the gross average recoveries collected in other ERISA class actions as detailed below.

| Case | Recovery | Class Member Avg. Gross Recovery |
|---|---|---|
| *Bilewicz v. FMR Co.*, Nos. 13-cv-10636 and 14-cv-10035 (D. Mass.) | $12,000,000 | $129.73 |
| *Dennard v. Transamerica Corp.*, No. 15-cv-30 (N.D. Iowa) | $3,800,000 | $148.55 |
| *Figas v. Wells Fargo*, No. 08-cv-4546 (D. Minn.) | $17,500,000 | $75.99 |
| *Gordan v. Mass. Mutual Life Ins.*, No. 13-cv-30184 (D. Mass.) | $30,900,000 | $965.63 |
| *Kanawi v. Bechtel Corp.*, No. 06-cv-5566 (N.D. Cal.) | $18,500,000 | $432.92 |
| *Krueger v. Ameriprise Fin*, No. 11-cv-2781 (D. Minn.) | $27,500,000 | $591.91 |
| *Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-cv-9329 (S.D.N.Y.) | $6,900,000 | $27.34 |
| *Main v. American Airlines, Inc.*, 16-cv-473 (N.D. Tex.) | $22,000,000 | $212.65 |
| *Moreno v. Deutsche Bank Am. Holding Corp.*, No. 15-cv-9936 (S.D.N.Y.) | $14,000,000 | $388.02 |
| *Nolte v. Cigna Corp.*, No. 07-cv-2046 (C.D. Ill.) | $35,000,000 | $172.87 |
| *Richards-Donald v. Teachers Ins. and Annuity Ass'n of Am.*, No. 15-cv-8040 (S.D.N.Y.) | $5,000,000 | $189.09 |
| *Sims v. BB&T Corp.*, No. 15-cv-732 (M.D.N.C.) | $24,000,000 | $330.43 |
| *Urakhchin v. Allianz Asset Mgmt. of Am., LP*, No. 15-cv-1614 (C.D. Cal.) | $12,000,000 | $2,065.40 |
| *Will v. General Dynamics Corp.*, No. 06-cv-698 (S.D. Ill.) | $15,150,000 | $96.62 |

| Case | Recovery | Class Member Avg. Gross Recovery |
|---|---|---|
| *Velazquez v. Massachusetts Fin. Services Co.*, No. 17-cv-11249 (D. Mass) | $6,875,000 | $2,291.67 |
| *Price v. Eaton Vance Corp.*, 18-cv-12098 (D. Mass) | $3,450,000 | $1,326.92 |
| *Pease v. Jackson Nat'l Life Ins. Co.*, No. 17-cv-284 (W.D. Mich.) | $4,500,000 | $392.88 |
| *Schapker v. Waddell & Reed Fin. Inc.*, No. 17-cv-2365 (D. Kan.) | $4,875,000 | $1,064.41 |

19. Class Counsel carefully manages its caseload to ensure that it has the human and financial resources to vigorously prosecute class actions on behalf of its clients. ESOP class actions require substantial investments of time and money. On average, in Class Counsel's experience, ESOP cases require at least $500,000 in expenses to prosecute to summary judgment, almost all for experts. While the instant case was pending, Class Counsel declined representation in several cases, in part due to resource constraints.

20. The Settlement provides for the payment of attorneys' fees, costs and expenses to Class Counsel following application for and Court approval of such an award. The compensation for the services Class Counsel rendered to the Class is wholly contingent. Class Counsel has worked without compensation or reimbursement for their time and out-of-pocket expenses necessary to position this case for settlement. Any fees and reimbursement of expenses will be limited to the amount awarded by the Court.

21. The attorney-client agreements between Class Counsel and Plaintiffs provide that counsel would seek up to one third of any recovery as fees and Class Counsel agreed to work on a contingent basis and advance all costs of this litigation.

22. Plaintiffs and Class Counsel agreed that Class Counsel would receive reimbursement for its costs from the value of a successful settlement or judgment. The Named Plaintiffs entered into a contingency representation agreement with Class Counsel for a fee of up to 33 1/3% of the recovery, plus reimbursement of expenses and costs.

23. The information in this declaration regarding the firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the firm in the ordinary course of business. These reports (and backup documentation where necessary) were reviewed in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment, as detailed below. As a result of this review and the adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as stated in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the Action. I also believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

24. Bailey & Glasser has collectively expended approximately 1,405.5 hours litigating this case since its inception. Together with co-counsel, Class Counsel has expended 1,605.2 hours litigating this case. The total requested fee of $1,909,090.90 represents 15% percent of the Settlement Fund. The total lodestar as of this date for Bailey & Glasser is $877,694.00 and together with co-counsel, Class Counsel's lodestar is $1,019,924.00.

25. The below summary of time and expenses was taken from computer-based timekeeping programs, in which Bailey & Glasser maintained their fees and expense records.

26.     Bailey & Glasser's fee summaries demonstrate the amount of time spent on this litigation and how Class Counsel's lodestar was calculated. Given the market where Class Counsel litigated the case, and the skills and experience required to litigate, Bailey & Glasser is using the following rates in determining the lodestar:

| Name | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Porter, Gregory Y. | Partner | $ 875.38 | 215 | $189,519.00 |
| Jenny, Ryan T. | Partner | $ 746.88 | 644.5 | $455,704.00 |
| Kauffman, James L. | Partner | $ 535.64 | 49.3 | $25,776.00 |
| Muench, Patrick O. | Partner | $ 771.08 | 100.3 | $76,400.00 |
| Babiak, Laura E. | Associate | $ 456.87 | 137.8 | $61,162.00 |
| Serber, Alex L. | Associate | $ 353.19 | 25.9 | $9,510.00 |
| Rios, Manuel R. | Paralegal | $ 250.00 | 86.3 | $21,575.00 |
| Kestner-Clay, Melissa C. | Paralegal | $ 250.00 | 26.9 | $6,725.00 |
| Ramos, Violet R. | Paralegal | $ 251.42 | 50.6 | $12,691.00 |
| Pulliam, Troy M. | Paralegal | $ 250.00 | 44.5 | $11,125.00 |
| Chapman, Melissa S. | Paralegal | $ 271.19 | 10.6 | $2,883.00 |
| Adubofour, Olivia O. | Paralegal | $ 319.71 | 13.8 | $4,624.00 |
| **Grand Total** | | | **1,405.5** | **$877,694.00** |

27.     Before submitting the request for fees, Class Counsel exercised billing judgment. Specifically, we deleted time records for employees with less than 10 hours in the case and deleted multiple time entries that reflected administrative or duplicative tasks.

28.     In my opinion, the time expended and expenses incurred in prosecuting this Action were reasonable and necessary for the diligent litigation and fair resolution of this matter. The lodestar does not include all time for the final approval motion, preparing for and appearing at the final approval hearing, or dealing with post-hearing matters. Nor does it include all time spent on the fee petition.

29.     Class Counsel also anticipates devoting additional time and effort to this case, including continuing to oversee settlement administration.

30. Class Counsel's hourly rates are reasonable and appropriate for a lawsuit of this kind. ERISA class actions are a national practice operating exclusively in federal courts throughout the country. The defendants generally hire national law firms to represent them—in this case McDermott Will & Emery LLP and Holland & Knight LLP.

31. In a recent engagement, *Swain v. Wilmington Trust, N.A., C*.A. No. 17-071-RGA-MPT, D. Del. (June 9, 2020), Doc. Nos. 108, 123, Class Counsel sought and were awarded a 1/3 fee of an ESOP settlement where counsel's hourly rates were comparable to those presented here.

32. Bailey & Glasser incurred $61,876.53 in litigation expenses. All the expenses were necessary and appropriate for the prosecution of this Action, and all are of the type that are customarily incurred in litigation and routinely charged to clients billed by the hour. Specifically, the largest category of expense was for experts. Here, Class Counsel retained and consulted an expert in private company purchase and sale transaction who prepared preliminary analyses regarding the terms and process of the ESOP Transaction and advised Plaintiffs' Counsel during settlement negotiations. The next largest category of expenses was for travel. Travel expenses were necessary as some attorneys working on the case traveled to Texas for hearings and mediation. Expenses were also incurred for maintaining the document database, conducting legal research, retaining mediators, court fees, outside delivery services, and external copying. The litigation expenses do not include meals incurred during travel or internal copying.

| Item | Cost |
|---|---|
| Experts/Consultants | $ 25,883.10 |
| Travel | $ 13,347.32 |
| Arbitrators/Mediators | $ 9,990.00 |
| Discovery Database | $ 9,757.99 |
| Court Fees | $ 1,131.61 |
| Outside Delivery Services | $ 946.38 |
| Legal Research | $ 682.13 |
| External Copying | $ 43.00 |
| Other Expenses | $ 95.00 |
| **Total** | **$ 61,876.53** |

33. Class Counsel's depth of experience with ESOP and ERISA claims and class action litigation allowed Class Counsel to pursue the case and negotiate a settlement that capitalized on the claims' strengths while taking into account the risks of continued litigation.

34. The Named Plaintiffs took steps to protect the interests of the Class and spent time pursuing the claims underlying this matter. The Named Plaintiffs' decision to pursue this case as a class action, and not simply seek individual damages, directly benefited the Class. The Named Plaintiffs provided documents related to their involvement in the ESOP and maintained contact with Class Counsel. Accordingly, Class Counsel requests that the Court approve the requested case contribution award of $20,000 for each of the Named Plaintiffs.

35. To date, no objections have been received. If any objections are received before the objection deadline of June 23, 2025, Class Counsel will address those in a supplemental filing.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed at Chatham, Massachusetts this 6th day of June 2025.

By: /s/ Gregory Y. Porter
GREGORY Y. PORTER